ORIGINAL

# In the United States District Court for the Middle District of Pennsylvania

GREENE/GUILFORD ENVIRONMENTAL ASSOCIATION, a non-profit corporation incorporated under the laws of the Commonwealth of Pennsylvania, CITIZENS FOR PLANNED COMMUNITY GROWTH, an unincorporated association organized under the laws of the Commonwealth of Pennsylvania, PAUL B. AMBROSE, JOHN G. ENDERS, CHARLES F. RAHAUSER, BETSY RAHAUSER, DOUGLAS A. WARNOCK, U.X VAGNERINI, THOMAS W. BUNDY, STEPHEN P. BUCHER, ROGER J. ROBERTSON, JAMES A. STRITE, JR., DAVID A. GUTHRIE

v.

KEN WYKLE, Administrator, Federal Highway Administration, ROBERT GATZ, Federal Highway Administration.

1:CV-01-0910

Civ. No. _____

(Judge _____)

FILED
HARRISBURG, PA

MAY 24 2001

MARY E. D'ANDREA, CLERK
Per _____
        Deputy Clerk

## MOTION *IN LIMINE* FOR PRODUCTION OF THE ADMINISTRATIVE RECORD

AND NOW, come the Plaintiffs in the above captioned case and request the production of the Administrative Record for the S.R. 0081, Section 001 highway project known as "Exit 7" for the following reasons:

1. On May 23, 2001, the above-captioned individual and organizational Plaintiffs filed this action which alleges a variety of violations of the National Environmental Policy Act, the National Historic Preservation Act, the Administrative Procedure Act, and other laws and regulations which govern the highway planning, development, and design processes.

-1-

2. The Administrative Record produced in support of the Defendants' environmental planning documents and other materials and decisions is composed of the following and other additional materials deemed by the Defendants to be part of the highway planning, development, and design process for the proposed exit interchange:

> (a) All technical studies, memorandums, summaries, and other material supporting those technical studies which were used to develop the Environmental Impact Statements (EIS's) and used in support of the issuance of the Record of Decision (ROD) for the project.
>
> (b) All internal communications, including memorandums, notes, electronic mails, and all other information-relaying modes of communication containing information relevant to the project being challenged in this action.
>
> (c) All communications between the Federal Highway Administration and its staff and the Pennsylvania Department of Transportation and its staff containing information relevant to the project being challenged in this action. Those communications shall include all studies, memorandums, notes, and electronic mails used for communication.
>
> (d) All maps, drawings, and other renderings of the project or individual components of the project which is the subject of this action.
>
> (e) All communications between the Federal Highway Administration and third parties relevant to the project which is the subject of this action. This shall include all communications with the offices of former U.S. Representative Bud Shuster, and the offices of all elected officials whose districts include the area in which the proposed interchange, which is the subject of this action, is to be constructed.
>
> (f) All public notices, public comment, and comments from government agencies and other organizations pertaining to the development of the project which is the subject of this action.
>
> (g) All materials which are currently within the files regularly maintained by the Federal Highway Administration on the project which is the subject of this action.
>
> (h) All other materials which are relevant to the planning, development, and engineering of the project which is the subject of this action.

3. The Administrative Record should be produced in a logical and chronological order to enable the Plaintiffs to easily access materials within that Administrative Record.

4. This action alleges, among other allegations, that the Defendants violated federal law by refusing to compile a Supplemental Environmental Impact Statement in response to changing environmental and land use conditions. Many of those changing conditions occurred after the Record of Decision (ROD) for the project was issued. As such, the request for the production of the Administrative Record is to be deemed a continuing request for materials as they become available to the Defendants.

5. If any materials requested as part of the Administrative Record for this project were, but are no longer, in the Defendants' actual or constructive possession, the Defendants are requested to identify the document and state the date and manner of its disposition.

6. The Plaintiffs reserve the right to request limited discovery in this case, to enable the Plaintiffs to further substantiate and further document the Plaintiffs' claims. Such request for further limited discovery may include the use of interrogatories and depositions for individuals involved in the development of the project which is the subject of this action.

THEREFORE, the Plaintiffs respectfully request that the Defendants produce the Administrative Record for the highway project which is the subject of this action.

Respectfully Submitted this 23rd Day of May, 2001,

_____
Thomas Alan Linzey, Esq.
*Member of the U.S. District Court for the Middle District of Pennsylvania*
Community Environmental Legal Defense Fund (CELDF)
2859 Scotland Road
Chambersburg, Pennsylvania 17201
(717) 709-0457
(717) 709-0263 (fax)

## CERTIFICATE OF SERVICE OF PROCESS

I, Stacey Schmader, hereby swear and affirm that I have served the MOTION *IN LIMINE* FOR PRODUCTION OF THE ADMINISTRATIVE RECORD on the Parties identified below by the following method:

**CERTIFIED MAIL/RETURN RECEIPT REQUESTED**

The following individuals were served with the MOTION:

Ken Wykle and Robert Gatz (via Certified Mail)
Federal Highway Administration (FHWA)
228 Walnut Street
Room 558
Harrisburg, Pennsylvania 17101-1720

Attorney General John Ashcroft (via Certified Mail)
United States Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530-0001

Martin Carlson, Esq. (via Certified Mail)
Acting U.S. Attorney for the Middle District of Pennsylvania
Suite 217, Federal Building
228 Walnut Street
Harrisburg, Pennsylvania 17108-1754

I swear and affirm that service of the MOTION was completed with the service of the COMPLAINT.

Signed,

*Stacey L. Schmader*
Stacey L. Schmader
2859 Scotland Road
Chambersburg, Pennsylvania 17201