**ORIGINAL**

**Attorney for the Plaintiff:**
Thomas Alan Linzey, Esq.
Community Environmental Legal Defense Fund (CELDF)
2859 Scotland, Pennsylvania 17201
(717) 709-0457
(717) 709-0263 (fax)

**Attorney for Defendants:**
Anne K. Fiorenza, Esq.
Assistant United States Attorney
Federal Building, P.O. Box 11754
228 Walnut Street
Harrisburg, Pennsylvania 17108-1754
(717) 221-4482

FILED
HARRISBURG
JUL 1 3 2001
MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
Harrisburg Division

| | |
|---|---|
| GREENE/GUILFORD ENVIRONMENTAL ASSOCIATION, a non-profit corporation incorporated under the laws of the Commonwealth of Pennsylvania, CITIZENS FOR PLANNED COMMUNITY GROWTH, an unincorporated association organized under the laws of the Commonwealth of Pennsylvania, PAUL B. AMBROSE, JOHN G. ENDERS, CHARLES F. RAHAUSER, BETSY RAHAUSER, DOUGLAS A. WARNOCK, U.X VAGNERINI, THOMAS W. BUNDY, STEPHEN P. BUCHER, ROGER J. ROBERTSON, JAMES A. STRITE, JR., DAVID A. GUTHRIE<br><br>v.<br><br>KEN WYKLE, Administrator, Federal Highway Administration, ROBERT GATZ, Federal Highway Administration. | Civ. No. 1:CV-01-0910<br><br>(Judge Rambo) |

## JOINT CASE MANAGEMENT PLAN

1.0 Principal Issues

    1.10. A statement summarizing this case by the Plaintiff and Defendants

    *By Plaintiff*: Organizational and individual plaintiffs allege that the Federal Highway Administration (FHWA) violated the National Environmental Policy Act (NEPA), highway planning laws, NEPA regulations and historic preservation laws; and misused federally authorized funds, by continuing to construct the project known as "Exit 7" - an interchange off of Interstate 81 near Chambersburg.

    Specifically, the Plaintiffs allege that the FHWA and its subordinate agency in the NEPA process – PennDOT – (1) predetermined the location of the interchange prior to the completion of environmental studies, (2) ignored the conflict between the construction of the interchange and a local Township's Land Use Plan, (3) failed to prepare a Supplemental Environmental Impact Statement, (4) arbitrarily selected a stunted study area for historic resources, (5) segmented the interchange project to eliminate consideration of the impact of the interchange on local roadways, (6) failed to prepare a Supplemental Environmental Impact Statement following the complete redesign of the interchange, (7) misused federal funding for a demonstration project, and (8) failed to consider reasonable alternatives to the construction of the interchange at the chosen location.

    *By the Defendant FHWA*: In April 1987, Congress enacted Public Law 100-17 which provides, in relevant part, "Chambersburg Pennsylvania - The Secretary shall carry out a highway project which demonstrates how construction of an interchange on a north-south interstate route will provide access to Chambersburg, Pennsylvania, and relieve traffic congestion on an existing interchange on such interstate route." Plaintiffs challenge the federal Highway Administration's (FHWA) approval (and the Pennsylvania Department of Transportation's (PennDot) construction) of the selected alternative, Alternative D Modified, for the Interstate I-81 Interchange project.

    As approved, the southbound ramps to I-81 will be located on the east side of existing Walker Road, and will tie into existing Walker Road near the Green Township-Chambersburg Borough line. The northbound ramps to and from I-81 will be located on the west side of Franklin Farm Lane. The selection process complied with relevant NEPA procedures, with the National Historic Preservation Act and with all other relevant laws and regulations. The selected alternative is a modification of alternative D and was developed in response to comments received on the Final Environmental Impact Statement (FEIS) and to avoid, minimize and mitigate project impacts.

1.20. The principal *factual* issues in dispute are:

1. Whether the Defendants selected the location for the proposed interchange prior to the completion of the environmental studies.

*Plaintiff:* As primarily an administrative record and review case, most of the factual issues will be resolved by the administrative record. However, questions concerning predetermination of the location of the interchange depend upon extra-record testimony, and therefore present a factual issue in dispute.

*Defendants:* The relevant facts are established in and by the administrative record.

1.30. The principal *legal* issues raised by the Plaintiff are:

2. Whether the Defendant illegally predetermined the location of the interchange prior to the completion of mandated environmental studies.
3. Whether the Defendant violated its own regulations and ignored their own Need by ignoring the conflict between the interchange and local land use plans.
4. Whether the Defendant violated NEPA by failing to prepare a Supplemental EIS in response to a ruling by the Pennsylvania Supreme Court that such impacts were greater than those examined in the FEIS.
5. Whether the Defendant violated the National Historic Preservation Act by selecting a stunted area for historic resources to avoid discussion of the impact of the interchange on local historic buildings and land.
6. Whether the Defendant violated NEPA by segmenting the interchange project to eliminate their responsibility to examine the impact of the interchange on local roadways.
7. Whether the Defendant violated NEPA by failing to issue a Supplemental EIS following the complete redesign of the interchange project and significant changes to land use surrounding one of the reasonable alternatives to the project.
8. Whether the Defendant misused federal funds by issuing a Record of Decision to build the interchange at the selected location.
9. Whether the Defendant violated NEPA by failing to examine the range of alternatives created by the amendment of the original congressional authorization for the project.

1.40. The principal *legal* issues raised by the Defendant are:

1. Whether plaintiffs' amended complaint states a claim upon which relief can be granted.

2. Whether plaintiffs' request for discovery should be denied because this case challenges an agency action and should therefore be decided on the administrative record.

1.50. Identify any unresolved procedural and substantive issues:

1. Whether the Plaintiffs may obtain discovery outside of the Administrative Record to augment their claim that the location for the interchange project was predetermined prior to the completion of environmental studies.
2. Whether PennDOT is an indispensable party to this suit, and whether PennDOT will seek to intervene in the action.
3. Schedule for service of subpoenas to non-parties seeking document production and depositions.
4. Potential filing of Motion for Preliminary Injunction by Plaintiffs to halt physical construction of the highway project.
5. Status of the amended complaint.

1.60. Identify any named parties that have not yet been served.

1.61. All named parties have been served

1.70. Identify any additional parties that plaintiff or defendant intends to join:

1.71. The Plaintiff will not be joining any additional parties.

1.72. The Defendants do not intend to join additional parties.

1.80. Identify any additional claims that plaintiff or defendant intends to add:

1.81. The Plaintiff does not intend to add any claims to the initial Complaint, although the plaintiff reserves the right to do so following the Plaintiffs' review of the administrative record for the interchange project.

1.82. The Defendant. Defendants do not intend to add additional claims at this time.

3.0. Consent to Jurisdiction by a Magistrate Judge

Indicate whether all parties agree, pursuant to 28 U.S.C. section 636(c)(1), to have a magistrate judge preside as the judge of the case with appeal lying to the
United States Court of Appeals for the Third Circuit.

All parties agree to jurisdiction by a magistrate judge of this court:

_____Yes                    ___x____ No

4.0. Disclosures

    4.10. Separately for each party, describe by categories the documents that have been disclosed or produced through formal discovery.

Defendants are in the process of preparing the administrative record. At this time, defendants anticipate producing the record on or before October 15, 2001. It will likely fill 15 or more boxes.

5.0. Motions

Identify any motions whose early resolution would likely have a significant effect either on the scope of discovery or other aspects of the litigation:

| Nature of Motion | Moving Party | Filing Date (or anticipated) |
|---|---|---|
| Motion for Preliminary Injunction | Plaintiffs | |
| Motion for Summary Judgment | Plaintiffs | |

6.0. Discovery

      6.10. Briefly describe any discovery that has been completed or is in progress

By Defendant: Preparation of the Administrative Record

    6.20. Describe any discovery that all parties agree should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it

Plaintiffs propose to subpoena several non-parties to learn the extent of the Defendant's predetermination of the location of the interchange. The subpoenas will seek document production in the first round of discovery, and will seek depositions as necessary and depending upon the information contained within the document production.

Defendants oppose any discovery. This is an administrative record case challenging an agency determination.

8.0. Certification of Settlement Authority (All Parties Shall Complete the Certification)

Thomas Alan Linzey, Esq. (Settlement Authority for the Plaintiffs)
Community Environmental Legal Defense Fund (CELDF)
2859 Scotland Road
Chambersburg, Pennsylvania 17201
Phone: (717) 709-0457
Fax: (717) 709-0263

Martin C. Carlson, United States Attorney
Anne K. Fiorenza, Assistant United States Attorney
Federal Building, P.O. Box 11754
228 Walnut Street
Harrisburg, Pennsylvania 17108-1754
(717) 221-4482

9.0. Scheduling

This case may be appropriate for trial in approximately

_____240 Days from the filing of the action

_____365 Days from the filing of this action

_____Days from the filing of this action

The parties suggest that this matter will not require a trial; as an administrative record case, it can be resolved on summary judgment.

9.1. Suggested Date for filing of Summary Judgment Motions

Plaintiffs propose February 15, 2001 as the suggested date for the filing of a Summary Judgment Motion by the Plaintiffs. That target date assumes that the administrative record is completed and submitted to the Plaintiffs in a timely manner.

Defendants do not expect to produce the administrative record before October 15, 2001.

9.2. Suggested Date for final Pretrial Conference

10.0 Other Matters

Defendants seek permission to file the administrative record with a spiral binding along the left side of the documents. Defendants anticipate that the record will fill approximately 15 boxes.

Plaintiffs do not object to this request.

Defendants seek an extension of time in which to file an Answer to the Complaint to August 15, 2001 due to the extensive fact-based nature of the action.

Plaintiffs do not object to this request.

## 11.0 Identification of Lead Counsel

*Counsel for the Plaintiffs:*
Thomas Alan Linzey, Esq.
Community Environmental Legal Defense Fund (CELDF)
2859 Scotland Road
Chambersburg, Pennsylvania 17201
Phone: (717) 709-0457
Fax: (717) 709-0263

*Counsel for the Defendants:*
Anne K. Fiorenza, Esq.
Assistant United States Attorney
Federal Building, P.O. Box 11754
228 Walnut Street
Harrisburg, Pennsylvania 17108-1754
(717) 221-4482


Dated this 13ᵗʰ Day of July, 2001

_____
Thomas Alan Linzey, Esq.


Dated this _____ Day of July, 2001

_____
Anne K. Fiorenza, Esq.