## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GREENE/GUILFORD ENVIRONMENTAL :
ASSOCIATION, a non-profit corporation :
incorporated under the laws of the :
Commonwealth of Pennsylvania, CITIZENS :
FOR PLANNED COMMUNITY GROWTH, :
an unincorporated association organized : CIVIL ACTION NO.
under the laws of the Commonwealth of : 1:CV-01-0910
Pennsylvania, PAUL B. AMBROSE, JOHN G. :
ENDERS, CHARLES F. RAHAUSER, BETSY : (Judge Rambo)
RAHAUSER, DOUGLAS A. WARNOCK, U.X. :
VAGNERINI, THOMAS W. BUNDY, :
STEPHEN P. BUCHER, ROGER J. :
ROBERTSON, JAMES A. STRITE, JR., DAVID :
A. GUTHRIE, :
           Plaintiffs :
         :
      v. :

KEN WYKLE, Administrator, Federal :
Highway Administration, ROBERT GATZ, :
Federal Highway Administration. :
          Defendants :

**FILED**
HARRISBURG, PA

AUG 1 5 2001

MARY E. D'ANDREA, CLERK
Por _____
        Deputy Clerk

### ANSWER OF DEFENDANTS WYKLE AND GATZ TO
### PLAINTIFFS' AMENDED COMPLAINT

Defendants Ken Wykle and Robert Gatz, ("federal Defendants")

by and through the undersigned Assistant United States Attorney,

hereby answer the Amended Complaint as follows:

1.    Denied.  Ken Wykle is no longer the Administrator of

the Federal Highway Administration ("FHWA").  Presently, Vincent

F. Schimmoller is the Acting Deputy Administrator, and as such,

1

in the absence of an Administrator, Deputy Administrator and/or Executive Director, Mr. Schimmoller is the Chief Executive Officer of the Federal Highway Administration.

2.    Denied.  In Pennsylvania, James Cheatham exercises authority to approve Final Environmental Impact Statements on behalf of FHWA.

3.    After reasonable investigation federal Defendants are without knowledge or information sufficient to form a belief as to the truth or accuracy of Paragraph 3.  The averments of said paragraph are therefore denied.

4.    After reasonable investigation federal Defendants are without knowledge or information sufficient to form a belief as to the truth or accuracy of Paragraph 4.  The averments of said paragraph are therefore denied.

5.    After reasonable investigation federal Defendants are without knowledge or information sufficient to form a belief as to the truth or accuracy of Paragraph 5.  The averments of said paragraph are therefore denied.

6.    After reasonable investigation federal Defendants are without knowledge or information sufficient to form a belief as to the truth or accuracy of Paragraph 6.  The averments of said paragraph are therefore denied.

2

7.   After reasonable investigation federal Defendants are without knowledge or information sufficient to form a belief as to the truth or accuracy of Paragraph 7.   The averments of said paragraph are therefore denied.

8.   After reasonable investigation federal Defendants are without knowledge or information sufficient to form a belief as to the truth or accuracy of Paragraph 8.   The averments of said paragraph are therefore denied.

9.   After reasonable investigation federal Defendants are without knowledge or information sufficient to form a belief as to the truth or accuracy of Paragraph 9.   The averments of said paragraph are therefore denied.

10.   After reasonable investigation federal Defendants are without knowledge or information sufficient to form a belief as to the truth or accuracy of Paragraph 10.   The averments of said paragraph are therefore denied.

11.   After reasonable investigation federal Defendants are without knowledge or information sufficient to form a belief as to the truth or accuracy of Paragraph 11.   The averments of said paragraph are therefore denied.

12.   After reasonable investigation federal Defendants are without knowledge or information sufficient to form a belief as

to the truth or accuracy of Paragraph 12. The averments of said paragraph are therefore denied.

13. After reasonable investigation federal Defendants are without knowledge or information sufficient to form a belief as to the truth or accuracy of Paragraph 13. The averments of said paragraph are therefore denied.

14. After reasonable investigation federal Defendants are without knowledge or information sufficient to form a belief as to the truth or accuracy of Paragraph 14. The averments of said paragraph are therefore denied.

15. Denied.

15(1). Admitted.

15(2). After reasonable investigation, federal Defendants are without knowledge or information sufficient to form a belief as to the truth or accuracy of Paragraph 15(2). The averments of said paragraph are therefore denied.

15(3). Denied.

15(4). Denied as stated. It is admitted that the Greene/Guilford Environmental Association was recognized as a consulting party under Section 106 of the National Historic Preservation Act for the I-81 Interchange project. The remaining averments of this subparagraph are denied.

4

16.  Paragraph 16 contains conclusions of law to which no response is required.  To the extent that paragraph 16 is deemed to contain any allegations of fact, they are denied.

## II. JURISDICTION OF THIS COURT

17.  The averments of Paragraph 17 contain conclusions of law to which no response is required.  To the extent that paragraph 17 is deemed to contain any allegations of fact, they are denied.

18.  The averments of Paragraph 18 contain conclusions of law to which no response is required.  To the extent that paragraph 18 is deemed to contain any allegations of fact, they are denied.

19.  The averments of Paragraph 19 contain conclusions of law to which no response is required.  To the extent that paragraph 19 is deemed to contain any allegations of fact, they are denied.

20.  The averments of Paragraph 20 contain conclusions of law to which no response is required.  To the extent that paragraph 20 is deemed to contain any allegations of fact, they are denied.

21.  Denied.  The first sentence of paragraph 21 contains

5

conclusions of law to which no response is required.  The
remaining averments are denied.  By way of further answer, by
order of this Court dated May 29, 2001, the original complaint
was impounded, and sealed by the Clerk of Court.  The
verifications and exhibits attached to the sealed complaint
cannot be incorporated by reference.

### III. STATEMENT OF THE CLAIM

#### A. Background

22.  Admitted in part and denied in part.  The first two
sentences of paragraph 22 are admitted.  The remainder of
paragraph 22 is denied as stated.  By way of further answer the
Act referenced in this paragraph was enacted by Congress and
signed into law by the President.

23.  Admitted in part and denied in part.  It is admitted
that the Federal Highway Administration ("FHWA") approved the
Draft Environmental Impact Statement ("DEIS") in May of 1994.
The remainder of paragraph 23 is denied.

24.  Admitted in part and denied in part.  It is admitted
that FHWA approved the Final Environmental Impact Statement
("FEIS") in May of 1995.  The remainder of paragraph 24 is
denied.

6

25.  Admitted in part and denied in part.  It is admitted that the quoted language appears in the cited statute.  The remainder of paragraph 25 is denied as stated.  The Act referred to was enacted by Congress and signed by the President.

26.  Denied.

27.  Admitted.

28.  Admitted in part and denied in part.  It is admitted that a complaint was filed in Commonwealth Court.  The remaining averments and inferences drawn therefrom are denied. References to state law, property acquisition requirements and proceedings before the Agricultural Lands Condemnation Approval Board ("ALCAB") are irrelevant in this NEPA action, as a matter of law. FHWA did not participate in the ALCAB proceeding, nor was the ALCAB proceeding a part of FHWA's decision-making process. Moreover, the ALCAB requirements relate solely to state law.

29.  Admitted in part, denied in part.  Admitted that on October 19, 2000, the Pennsylvania Supreme Court affirmed the order issued by the Pennsylvania Commonwealth Court.  The remainder of paragraph 29 is denied.  By way of further answer, federal defendants incorporate herein by reference their response to Paragraph 28.

30.  Admitted.

7

31.  The averments of this paragraph constitute a conclusion of law to which no response is required.  To the extent they are deemed factual, the averments are denied.

## COUNT ONE

32.  Federal Defendants incorporate the responses to paragraphs 1-31 as though fully set forth in response to paragraph 32.

33.  Denied.

34.  Paragraph 34 contains conclusions of law to which no response is required.  To the extent that paragraph 34 is deemed to contain any allegations of fact, they are denied.

35.  Paragraph 35 contains conclusions of law to which no response is required.  To the extent that paragraph 35 is deemed to contain any allegations of fact, they are denied.

36.  Paragraph 36 contains conclusions of law to which no response is required.  To the extent that paragraph 36 is deemed to contain any allegations of fact, they are denied.

37.  Paragraph 37 contains conclusions of law to which no response is required.  To the extent that paragraph 37 is deemed to contain any allegations of fact, they are denied.

38.  Paragraph 38 contains conclusions of law to which no

response is required.  To the extent that paragraph 38 is deemed to contain any allegations of fact, they are denied.

39.  Denied.

40.  Paragraph 40 contains conclusions of law to which no response is required.  To the extent that paragraph 40 is deemed to contain any allegations of fact, they are denied.

41.  Paragraph 41 contains conclusions of law to which no response is required.  To the extent that paragraph 41 is deemed to contain any allegations of fact, they are denied.

42.  Paragraph 42 contains conclusions of law to which no response is required.  To the extent that paragraph 42 is deemed to contain any allegations of fact, they are denied.


**COUNT TWO**

43.  Federal Defendants incorporate the responses to paragraphs 1-42 as though fully set forth in response to paragraph 43.

44.  Denied.

45.  Admitted.  By way of further answer, portions of the on-ramps and off-ramps for the proposed interchange are located in Guilford Township and Chambersburg Borough.  However, for Alternative D Modified, a small portion of relocated Walker Road

9

is located in the Borough of Chambersburg.

46.   Admitted in part, denied in part.   It is admitted that the Comprehensive Plan opposes an interchange at Walker Road. The remaining averments of this paragraph are denied.

47.   Admitted in part, denied in part.   It is admitted that Greene Township has opposed the construction of the interchange at Walker Road.   The remainder of paragraph 47 is denied.

48.   Paragraph 48 contains conclusions of law to which no response is required.   To the extent that paragraph 48 is deemed to contain any allegations of fact, they are denied.

49.   Paragraph 49 contains conclusions of law to which no response is required.   To the extent that paragraph 49 is deemed to contain any allegations of fact, they are denied.

50.   Denied as stated.   The Record of Decision ("ROD") adopted by FHWA for the I-81 Interchange project states that one of the project needs is to "adhere to comprehensive plans of area municipalities".   The ROD does not characterize this as a "primary" need.

51.   Denied.

52.   Denied as stated.   The ROD provides, in relevant part, that "Alternative D Modified [the selected alternative] would provide for existing and proposed development, reduce traffic

10

volumes and congestion at the U.S. Route 30/I-81 interchange, and provide access to Chambersburg." The ROD acknowledges that no alternatives fully meets the project need to adhere to comprehensive plans of all area municipalities. Finally, the ROD concludes that Alternatives D-C and D-Modified best meet the project needs.

53. Paragraph 53 contains conclusions of law to which no response is required. To the extent that paragraph 53 is deemed to contain any allegations of fact, they are denied.

54. Denied. Under NEPA, an alternative does not have to satisfy all of the project needs to be a reasonable alternative. By way of further answer, responses to paragraphs 50 and 51 are incorporated herein by reference.

55. Paragraph 55 contains conclusions of law to which no response is required. To the extent that paragraph 55 is deemed to contain any allegations of fact, they are denied.

## COUNT THREE

56. Federal Defendants incorporate the responses to paragraphs 1-55 as though fully set forth in response to paragraph 56.

57. Denied.

11

58.  Denied as stated.  The DEIS contained a statement that approval from ALCAB would be necessary for condemnation of farmland for the proposed interchange.  By way of further answer, whether or not an ALCAB approval to condemn farmland is required, the DEIS and FEIS identified impacts to farmlands, which is all that is required under NEPA.  The response to paragraph 28 is incorporated herein by reference.

59.  Denied as stated.  The point of access report restated the conclusion contained in the DEIS and did not amount to a legal conclusion or admission.  By way of further answer, the response to paragraph 58 is incorporated herein by reference.

60.  Admitted in part, denied in part.  It is denied that the decision regarding the need for ALCAB approval was "abruptly reversed".  The remainder of the paragraph is admitted.  By way of further answer, the decision that ALCAB approval was not necessary to condemn farmlands was supported by a reasonable interpretation of state law on the existing highway exemption, and was consistent with the existing agency policy, as well as a prior decision by the Department of Agriculture regarding another interchange project which was determined to be exempt from the ALCAB approval requirement.  The response to paragraph 58 is incorporated herein by reference.

12

61.  Admitted.  By way of further answer, the response to
paragraph 58 is incorporated herein by reference.

62.  Denied as stated.  The order of Pennsylvania Supreme
Court is a written document, the contents of which are self-
evident.

63.  Denied.

64.  Denied.

65.  Denied.

66.  Denied.

67.  Admitted.  By way of further answer, FHWA and PennDOT
prepared a re-evaluation of the FEIS in 1999 and a re-evaluation
of the ROD in 2001 which considered the updated agricultural
studies.  The re-evaluations showed that the updated agricultural
and other studies did not present a seriously different picture
of the environmental impact of the proposed project from what was
originally envisioned.  Therefore, the preparation of a
Supplemental Environmental Impact Statement ("SEIS") was not
necessary.

68.  Paragraph 68 contains conclusions of law to which no
response is required.  To the extent that paragraph 68 is deemed
to contain any allegations of fact, they are denied.

69.  Paragraph 69 contains conclusions of law to which no

response is required.  To the extent that paragraph 69 is deemed
to contain any allegations of fact, they are denied.

70.  Denied.


## COUNT FOUR

71.  Federal Defendants incorporate the responses to
paragraphs 1-70 as though fully set forth in response to
paragraph 71.

72.  Denied.

73.  Paragraph 73 contains conclusions of law to which no
response is required.  To the extent that paragraph 73 is deemed
to contain any allegations of fact, they are denied.  By way of
further answer, the proper citation is 23 U.S.C. §138, and not 24
U.S.C. §138.

74.  Paragraph 74 contains conclusions of law to which no
response is required.  To the extent that paragraph 74 is deemed
to contain any allegations of fact, they are denied.

75.  Paragraph 75 contains conclusions of law to which no
response is required.  To the extent that paragraph 75 is deemed
to contain any allegations of fact, they are denied.

76.  Paragraph 76 contains conclusions of law to which no
response is required.  To the extent that paragraph 76 is deemed

14

to contain any allegations of fact, they are denied.

77.  Denied.

78.  Denied in part.  The second sentence of paragraph 78 contains a conclusion of law to which no response is required. The remainder of paragraph 78 is denied.

79.  Paragraph 79 contains conclusions of law to which no response is required.  To the extent that paragraph 79 is deemed to contain any allegations of fact, they are denied.

80.  Admitted in part, denied in part.  The first sentence in paragraph 80 is admitted.  The remainder of paragraph 80 is denied.

81.  Admitted in part, denied in part.  The first sentence in paragraph 81 is admitted.  The remainder of paragraph 81 is denied.

82.  Admitted.

83.  Denied.

84.  Denied.

85.  Denied.

86.  Paragraph 86 contains conclusions of law to which no response is required.  To the extent that paragraph 86 is deemed to contain any allegations of fact, they are denied.

87.  Denied.

88.   Admitted.   By way of further answer, the resolution by Franklin County's historical society was included in an Appendix of the DEIS.   No response was required because the resolution opposed Alternative C, whereas, Alternative D-C was identified as the preferred alternative in the DEIS.

89.   Admitted in part, denied in part.   It is admitted that local historic preservation organizations sent correspondence regarding the Gass House and Franklin County Poor House.   The remainder of paragraph 89 is denied.

90.   Paragraph 90 contains conclusions of law to which no response is required.   To the extent that paragraph 90 is deemed to contain any allegations of fact, they are denied.

91.   Paragraph 91 contains conclusions of law to which no response is required.   To the extent that paragraph 91 is deemed to contain any allegations of fact, they are denied.

92.   Paragraph 92 contains conclusions of law to which no response is required.   To the extent that paragraph 92 is deemed to contain any allegations of fact, they are denied.

93.   Paragraph 93 contains conclusions of law to which no response is required.   To the extent that paragraph 93 is deemed to contain any allegations of fact, they are denied.

## COUNT FIVE

94.  Federal Defendants incorporate the responses to paragraphs 1-93 as though fully set forth in response to paragraph 94.

95.  Denied.

96.  Denied as stated. This form was completed prior to a detailed traffic analysis.

97.  Admitted.  By way of further answer, the Preliminary Alternatives Analysis was based on secondary sources and was completed prior to detailed studies.

98.  Denied.  The August 2, 1993 letter is a written document, the contents of which are self-evident.

99.  Denied.  The September 29, 1994 letter is a written document, the contents of which are self-evident.

100.  Denied.

101.  Admitted in part, denied in part.  It is denied that the selected alternative was newly designed.  The remainder of paragraph 101 is admitted.

102.  Denied.

103.  Denied.

104.  Denied.

105.  Denied.

17

106. Paragraph 106 contains conclusions of law to which no response is required.  To the extent that paragraph 106 is deemed to contain any allegations of fact, they are denied.

107. Paragraph 107 contains conclusions of law to which no response is required.  To the extent that paragraph 107 is deemed to contain any allegations of fact, they are denied.

108. Paragraph 108 contains conclusions of law to which no response is required.  To the extent that paragraph 108 is deemed to contain any allegations of fact, they are denied.

109. Paragraph 109 contains conclusions of law to which no response is required.  To the extent that paragraph 109 is deemed to contain any allegations of fact, they are denied.

110. Paragraph 110 contains conclusions of law to which no response is required.  To the extent that paragraph 110 is deemed to contain any allegations of fact, they are denied.


**COUNT SIX**

111. Federal Defendants incorporate the responses to paragraphs 1-110 as though fully set forth in response to paragraph 111.

112. Denied.

113. Admitted in part, denied in part.  It is denied that

Alternative D Modified is newly designed.  The remainder of paragraph 113 is admitted.

114. Denied.

115. Denied.

116. Admitted in part, denied in part.  It is denied that any additional natural, cultural, or socioeconomic resources are impacted by the removal and construction of the Walker Road overpass bridge.  The remainder of paragraph 116 is admitted.

117. Admitted in part, denied in part.  It is denied that Alternative D Modified is newly designed.  The remainder of paragraph 117 is admitted.  By way of further answer, the other Walker Road alternatives also impacted land from Agricultural Security Areas.

118. Denied.  The second sentence of paragraph 118 is a conclusion of law to which no response is necessary.  The remainder of paragraph 118 is denied.

119. Denied.

120. Denied.

121. Denied.

122. Federal Defendants are without knowledge or information sufficient to form a belief as to the truth or accuracy of paragraph 122 because plaintiffs have failed to identify, with

19

specifically, the intersection referred to in paragraph 122.

123. Paragraph 123 contains conclusions of law to which no response is required. To the extent that paragraph 123 is deemed to contain any allegations of fact, they are denied.

124. Paragraph 124 contains conclusions of law to which no response is required. To the extent that paragraph 124 is deemed to contain any allegations of fact, they are denied.


### COUNT SEVEN

125. Federal Defendants incorporate the responses to paragraphs 1-124 as though fully set forth in response to paragraph 125.

126. Denied.

127. Denied. The legislation, the DEIS, and FEIS defined the primary need.

128. Denied. By way of further answer, the response to paragraph 127 is incorporated herein by reference.

129. Denied.

130. Denied.

131. Denied.

132. The averments of this paragraph constitute a conclusion

of law to which no response is required.  To the extent that the
averments are deemed to be factual, they are denied.

133. Denied.

134. Denied.

135. Admitted.

136. Denied.

137. Denied.  The second sentence of this paragraph is a
conclusion of law to which no response is necessary.  The
remaining averments are denied.


## COUNT EIGHT

138. Federal Defendants incorporate the responses to
paragraphs 1-137 as though fully set forth in response to
paragraph 138.

139. Denied.

140. Paragraph 140 contains conclusions of law to which no
response is required.  To the extent that paragraph 140 is deemed
to contain any allegations of fact, they are denied.  By way of
further answer, the amendment did not change the needs
articulated in the original legislation or the FEIS.

141. Denied.  By way of further answer, the response to
paragraph 140 is incorporated herein by reference.

21

142. Paragraph 142 contains conclusions of law to which no response is required.  To the extent that paragraph 142 is deemed to contain any allegations of fact, they are denied.

143. Paragraph 143 contains conclusions of law to which no response is required.  To the extent that paragraph 143 is deemed to contain any allegations of fact, they are denied.

### First Affirmative Defense

Plaintiffs have failed to plead a cause of action upon which relief can be granted.

### Second Affirmative Defense

There is no jurisdiction over the causes of action alleged in the complaint.

### Third Affirmative Defense

Plaintiffs lack standing.

### Fourth Affirmative Defense

Plaintiffs allege violations of specific federal and state policies (paragraphs 48, 49, 53, 90, and 110 of their Amended Complaint), which are not legally enforceable.  Therefore, these alleged violations should be dismissed.

22

### **Fifth Affirmative Defense**

Plaintiffs allege violations of state law and policies, which are not subject to review by federal court under the Eleventh Amendment of the United States Constitution. Therefore, this Court does not have jurisdiction over the claims made regarding state law and policy violations.

Respectfully Submitted,

MARTIN C. CARLSON
United States Attorney

ANNE K. FIORENZA
Assistant United States Attorney
Federal Building - 2nd Floor
228 Walnut Street
PO Box 11754
Harrisburg, PA 17108-1754

Dated: August 15, 2001

23

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

On this 15th day of August, 2001, she served a copy of the foregoing document by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania to:


Thomas Alan Linzey, Esquire
Community Environmental Legal Defense Fund
2859 Scotland Road
Chambersburg, PA  17201


*Rebecca A Plesic*

REBECCA A. PLESIC
Legal Secretary