13

8/16/01

2 to cw/c

## UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
HARRISBURG

AUG 1 5 2001

MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

GREENE/GUILFORD ENVIRONMENTAL          :
ASSOCIATION, a non-profit              :
Corporation incorporated under the     :
laws of the Commonwealth of            :
Pennsylvania, CITIZENS FOR PLANNED     :
COMMUNITY GROWTH, an unincorporated    :
association organized under the        :
laws of the Commonwealth of            :    CIVIL ACTION NO.
Pennsylvania, PAUL B. AMBROSE,         :      1:CV-01-0910
JOHN G. ENDERS, CHARLES F.             :
RAHAUSER, BETSY RAHAUSER, DOUGLAS      :    (Judge Rambo)
A. WARNOCK, U.X. VAGNERINI, THOMAS     :
W. BUNDY, STEPHEN P. BUCHER,           :
ROGER J. ROBERTSON, JAMES A.           :
STRITE, JR., DAVID A. GUTHRIE,         :
              Plaintiffs,              :
                                       :
                                       :
         v.                            :
                                       :
                                       :
KEN WYKLE, Administrator, Federal      :
Highway Administration, ROBERT         :
GATZ, Federal Highway                  :
Administration,                        :
              Defendants,              :
                                       :
                                       :
         and                           :
                                       :
BRADLEY L. MALLORY, Secretary for      :
The Department of Transportation,      :
Commonwealth of Pennsylvania,          :
              Intervenor               :

## Motion to Intervene as a Defendant
## Under Rule 24

Bradley L. Mallory, the Secretary of Transportation, Commonwealth of Pennsylvania (hereinafter referred to as "Intervenor") moves for leave to intervene as a defendant in this action, in order to assert the defenses set forth in its proposed answer, of which a copy is hereto attached as Exhibit "A", and avers the following:

1.    Intervenor in his official capacity, is head of the Pennsylvania Department of Transportation, an executive agency of the Commonwealth of Pennsylvania which has jurisdiction over all state highways in Pennsylvania; the transportation project at Exit 7, Interstate 81 Interchange, north of Chambersburg, Pennsylvania which is the subject of this action is a project under the jurisdiction of the Intervenor; and Intervenor will be responsible for the maintenance of the project.

2.    Defendants, representatives of FHWA, are federal aid grantors and Intervenor is a federal aid grantee with respect to the project.

3.    FHWA and Intervenor have jointly conducted the studies required by the National Environmental Policy Act (NEPA) and the National Historic Preservation Act (NHPA).

4.    Intervenor and citizens of Pennsylvania will be directly impacted by a decision in this action.

5.    Intervenor is responsible for the payment of a significant portion of the construction costs for the project, for applying for the various permits required for the project, for preparation of the final design plans, for obtaining the right-of-way, and for maintenance of the project.

6.    Intervenor has rights and duties, as defined by Pennsylvania law and by Federal law, which will be affected if the Court grants either of the relief options requested by Plaintiffs.

7.    The interests of Intervenor are more specific than those of the Defendants, therefore, the interests of Intervenor are not adequately represented by an existing party to the claim.

WHEREFORE, Intervenor, Bradley L. Mallory, the Secretary of the Pennsylvania Department of Transportation, respectfully requests this Honorable Court to grant the within Motion to Intervene in favor of Intervenor.

Respectfully Submitted,

*Kenda Jo Gardner*

Kenda Jo M. Gardner
John M. Hrubovcak
Robert J. Shea
Attorneys for Bradley L. Mallory,
Secretary of the Pennsylvania Department of
Transportation

PA Department of Transportation
Office of Chief Counsel
P.O. Box 8212
Harrisburg, PA 17105-8212

Date:    August 15, 2001

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GREENE/GUILFORD ENVIRONMENTAL            :
ASSOCIATION, a non-profit                :
Corporation incorporated under the       :
laws of the Commonwealth of              :
Pennsylvania, CITIZENS FOR PLANNED       :
COMMUNITY GROWTH, an unincorporated      :
association organized under the          :
laws of the Commonwealth of              :   CIVIL ACTION NO.
Pennsylvania, PAUL B. AMBROSE,           :     1:CV-01-0910
JOHN G. ENDERS, CHARLES F.               :
RAHAUSER, BETSY RAHAUSER, DOUGLAS        :   (Judge Rambo)
A. WARNOCK, U.X. VAGNERINI, THOMAS       :
W. BUNDY, STEPHEN P. BUCHER,             :
ROGER J. ROBERTSON, JAMES A.             :
STRITE, JR., DAVID A. GUTHRIE,           :
            Plaintiffs,                   :
                                         :
         v.                              :
                                         :
KEN WYKLE, Administrator, Federal        :
Highway Administration, ROBERT           :
GATZ, Federal Highway                    :
Administration,                          :
            Defendants,                   :
                                         :
         and                             :
                                         :
BRADLEY L. MALLORY, Secretary for        :
The Department of Transportation,        :
Commonwealth of Pennsylvania,            :
            Intervenor                    :

**ANSWER OF BRADLEY L. MALLORY, SECRETARY OF THE PENNSYLVANIA
DEPARTMENT OF TRANSPORTATION
TO PLAINTIFFS' AMENDED COMPLAINT**

COME NOW, Intervenor, Bradley L. Mallory, Secretary of the Pennsylvania Department of Transportation (PennDOT), by and through his attorney, hereby answers the Amended Complaint as follows:

1.    Denied.  Ken Wykle is no longer the Administrator of the Federal Highway Administration ("FHWA").  Presently, Vincent F. Schimmoller is the Acting Deputy Administrator, and as such, in the absence of an Administrator, Deputy Administrator and/or Executive Director, Mr. Schimmoller is the Chief Executive Officer of the Federal Highway Administration.

2.    Denied.  In Pennsylvania, James Cheatham exercises authority to approve a Final Environmental Impact Statement ("FEIS") on behalf of FHWA.

3.    After reasonable investigation, Intervenor is without knowledge or information sufficient to form a belief as to the truth or accuracy of Paragraph 3.  The averments of said paragraph are therefore denied.

2

4.    After reasonable investigation, Intervenor is without knowledge or information sufficient to form a belief as to the truth or accuracy of Paragraph 4.  The averments of said paragraph are therefore denied.

5.    After reasonable investigation, Intervenor is without knowledge or information sufficient to form a belief as to the truth or accuracy of Paragraph 5.  The averments of said paragraph are therefore denied.

6.    After reasonable investigation, Intervenor is without knowledge or information sufficient to form a belief as to the truth or accuracy of Paragraph 6.  The averments of said paragraph are therefore denied.

7.    After reasonable investigation, Intervenor is without knowledge or information sufficient to form a belief as to the truth or accuracy of Paragraph 7.  The averments of said paragraph are therefore denied.

8.    After reasonable investigation, Intervenor is without knowledge or information sufficient to form a belief as to the truth or accuracy of Paragraph 8.  The averments of said paragraph are therefore denied.

9.   After reasonable investigation, Intervenor is without knowledge or information sufficient to form a belief as to the truth or accuracy of Paragraph 9.  The averments of said paragraph are therefore denied.

10.  After reasonable investigation, Intervenor is without knowledge or information sufficient to form a belief as to the truth or accuracy of Paragraph 10.  The averments of said paragraph are therefore denied.

11.  After reasonable investigation, Intervenor is without knowledge or information sufficient to form a belief as to the truth or accuracy of Paragraph 11.  The averments of said paragraph are therefore denied.

12.  After reasonable investigation, Intervenor is without knowledge or information sufficient to form a belief as to the truth or accuracy of Paragraph 12.  The averments of said paragraph are therefore denied.

13.  After reasonable investigation, Intervenor is without knowledge or information sufficient to form a belief as to the truth or accuracy of Paragraph 13.  The averments of said paragraph are therefore denied.

14. After reasonable investigation, Intervenor is without knowledge or information sufficient to form a belief as to the truth or accuracy of Paragraph 15. The averments of said paragraph are therefore denied.

15. The preamble to paragraph 15 is denied.

15(1). Admitted.

15(2). After reasonable investigation, Intervenor is without knowledge or information sufficient to form a belief as to the truth or accuracy of Paragraph 15(2). The averments of said paragraph are therefore denied.

15(3). Denied. Plaintiffs will not be adversely impacted by the I-81 Interchange project.

15(4). Denied. Only the Greene/Guilford Environmental Association was recognized as a consulting party under Section 106 of the National Historic Preservation Act for the I-81 Interchange project.

16. Paragraph 16 contains conclusions of law to which no response is required. To the extent that paragraph 16 is deemed to contain any allegations of fact, they are denied.

## II. JURISDICTION OF THIS COURT

17.  Paragraph 17 contains conclusions of law to which no response is required.  To the extent that paragraph 17 is deemed to contain any allegations of fact, they are denied.

18.  Paragraph 18 contains conclusions of law to which no response is required.  To the extent that paragraph 18 is deemed to contain any allegations of fact, they are denied.

19.  Paragraph 19 contains conclusions of law to which no response is required.  To the extent that paragraph 19 is deemed to contain any allegations of fact, they are denied.

20.  Paragraph 20 contains conclusions of law to which no response is required.  To the extent that paragraph 20 is deemed to contain any allegations of fact, they are denied.

21.  Denied.  The first sentence of paragraph 21 contains conclusions of law to which no response is required.  In response to the second sentence, by order of this Honorable Court, the original complaint was to be impounded by the prothonotary, never to be viewed by the Court again.  Therefore, the verifications and exhibits attached to the impounded complaint cannot be incorporated by reference, because according to the Court they no longer exist.

6

### III. STATEMENT OF THE CLAIM

### A. Background

22.    Admitted in part, denied in part.  The first two sentences of paragraph 22 are admitted.  The remainder of paragraph 22 is denied as stated.  By way of further answer, the Act referred to was enacted by Congress and signed by the President.

23.    Admitted in part, denied in part.  Admitted that FHWA approved the Draft Environmental Impact Statement ("DEIS") in May of 1994.  The remainder of paragraph 23 is denied.  The DEIS identified an interchange at Walker Road as the preferred alternative.

24.    Admitted in part, denied in part.  Admitted that FHWA approved the FEIS in May of 1995.  The remainder of paragraph 24 is denied.  The FEIS identified an interchange at Walker Road as the selected alternative.

25.    Admitted in part, denied in part.  It is admitted that the quoted language appears in the cited statute.  The remainder of paragraph 25 is denied as stated.  The Act referred to was enacted by Congress and signed by the President.

7

26. Denied. Alternative D was modified to avoid taking property from a historic resource which was identified after the circulation of the FEIS. Alternative D Modified is located in the same area as Alternative C. Alternative D Modified is located 1350 feet south of existing Walker Road. The alternative will include the demolition of the existing Walker Road overpass, the northbound ramps to and from I-81 will be located on the west side of Franklin Farm Lane instead of at Walker Road (both of which are local roads), Walker Road will terminate on both sides of I-81, and a new overpass will be constructed at the location of the interchange. The traffic using Franklin Farm Lane will be the same regardless of whether this interchange alternative is built.

27. Admitted.

28. Denied as stated. All references in this case to the state-law, property acquisition requirements and proceedings before the Agricultural Lands Condemnation Approval Board ("ALCAB") are irrelevant and immaterial in a NEPA action, as a matter of law. FHWA did not participate in the ALCAB proceeding, nor was the ALCAB proceeding a part of FHWA's decision-making process. Moreover, the ALCAB requirements relate solely to state law and are not subject to

review by a federal court.   A complaint was filed in Pennsylvania
Commonwealth Court.   The Pennsylvania Supreme Court affirmed the
Order of the Commonwealth Court.   An ALCAB hearing was held.
PennDOT complied with the ALCAB requirements, no state court appeals
were filed for the ALCAB decision that approved the condemnation of
the property, and the property in question was amicably purchased.

29.   Admitted in part, denied in part.   Admitted that on
October 19, 2000, the Pennsylvania Supreme Court affirmed the order
issued by the Pennsylvania Commonwealth Court.   The remainder of
paragraph 29 is denied.   The order issued by the Pennsylvania
Commonwealth Court that stated "PennDOT must obtain ALCAB approval
for all or part of the proposed interchange project before it can
file a declaration of taking involving lands used for productive
agricultural purposes."   By way of further answer, the response to
paragraph 28 is incorporated herein by reference.

30.   Admitted.

31.   Paragraph 20 contains conclusions of law to which no
response is required.   To the extent that paragraph 20 is deemed to
contain any allegations of fact, they are denied. By way of further
answer, ALCAB has jurisdiction over the exercise of the state's
power of eminent domain, only, and has no jurisdiction over the

rights of private property owners to enter into amicable land transfers. In fact, the "farm couple" referred to in paragraph 28 have amicably transferred all of their interests in a parcel of land they owned at the location of the project to PennDOT by settlement and in lieu of condemnation. Moreover, Federal Defendants could have exercised their condemnation jurisdiction over the property under 23 C.F.R. §712.504 without being subject to the state law limitations on the condemnation of productive agricultural land. Regardless, ALCAB unanimously approved the condemnation of farmland for the project by a vote of 6-0.

### COUNT ONE

32. Defendant incorporates the responses to paragraphs 1-31 as though fully set forth in response to paragraph 32.

33. Denied. All claims must be set forth in the Complaint. See Fed R. Civ. Proc. Rule 8(a).

34. Paragraph 34 contains conclusions of law to which no response is required. To the extent that paragraph 34 is deemed to contain any allegations of fact, they are denied.

35. Paragraph 35 contains conclusions of law to which no response is required. To the extent that paragraph 35 is deemed to contain any allegations of fact, they are denied.

10

36.   Paragraph 36 contains conclusions of law to which no response is required.   To the extent that paragraph 36 is deemed to contain any allegations of fact, they are denied.

37.   Paragraph 37 contains conclusions of law to which no response is required.   To the extent that paragraph 37 is deemed to contain any allegations of fact, they are denied.

38.   Paragraph 38 contains conclusions of law to which no response is required.   To the extent that paragraph 38 is deemed to contain any allegations of fact, they are denied.

39.   Denied.

40.   Paragraph 40 contains conclusions of law to which no response is required.   To the extent that paragraph 40 is deemed to contain any allegations of fact, they are denied.

41.   Paragraph 41 contains conclusions of law to which no response is required.   To the extent that paragraph 41 is deemed to contain any allegations of fact, they are denied.

42.   Paragraph 42 contains conclusions of law to which no response is required.   To the extent that paragraph 42 is deemed to contain any allegations of fact, they are denied.

## COUNT TWO

43.  Defendant incorporates the responses to paragraphs 1-42 as though fully set forth in response to paragraph 43.

44.  Denied.  All claims must be set forth in the Complaint. See Fed. R. Civ. Proc. Rule 8(a).

45.  Admitted.  By way of further answer, portions of the interchange's on-ramps and off-ramps are located in Guilford Township and Chambersburg Borough.  A small portion of relocated Walker Road is located in the Borough of Chambersburg.

46.  Admitted in part, denied in part.  Admitted that the Comprehensive Plan opposes an interchange at Walker Road.  Denied that Greene Township's planning process is seeking to preserve agricultural lands and to prevent sprawl within the Township.

47.  Admitted in part, denied in part.  Admitted that Greene Township has opposed the construction of the interchange at Walker Road.  The remainder of paragraph 47 is denied.

48.  Paragraph 48 contains conclusions of law to which no response is required.  To the extent that paragraph 48 is deemed to contain any allegations of fact, they are denied.

12

49.   Paragraph 49 contains conclusions of law to which no response is required.   To the extent that paragraph 49 is deemed to contain any allegations of fact, they are denied.

50.   Denied as stated.   The Record of Decision ("ROD") adopted by FHWA for the I-81 Interchange project states that one of the project needs is to "adhere to comprehensive plans of area municipalities".   Nowhere does the ROD state that this is a "primary" need.

51.   Denied.   Alternative D Modified is in full compliance with every applicable comprehensive land use plan and conflicts only with the transportation component of Greene Township's comprehensive plan.   The area municipalities have conflicting comprehensive plans with regard to the transportation component.   Specifically, Greene Township's transportation component conflicts with transportation component contained in Franklin County's comprehensive plan.

52.   Denied as stated.   With regard to the satisfaction of needs, the ROD states the "Alternative D Modified [the selected alternative] would provide for existing and proposed development, reduce traffic volumes and congestion at the U.S. Route 30/I-81 interchange, and provide access to Chambersburg."   The ROD also

13

acknowledges that none of the alternatives fully meets the project need to adhere to comprehensive plans of all area municipalities.  Finally, the ROD concludes that Alternatives D-C and D-Modified best meet the project needs.

53.  Paragraph 53 contains conclusions of law to which no response is required.  To the extent that paragraph 53 is deemed to contain any allegations of fact, they are denied.

54.  Denied.  Under NEPA, an alternative does not have to satisfy all of the project needs to be a reasonable alternative.  By way of further answer, the response to paragraphs 50 and 51 are incorporated herein by reference.

55.  Paragraph 55 contains conclusions of law to which no response is required.  To the extent that paragraph 55 is deemed to contain any allegations of fact, they are denied.

### COUNT THREE

56.  Defendant incorporates the responses to paragraphs 1-55 as though fully set forth in response to paragraph 56.

57.  Denied.  All claims must be set forth in the Complaint. See Fed. R. Civ. Proc. Rule 8(a).

14

58. Denied as stated. The DEIS contained a statement that approval from ALCAB would be necessary for condemnation of farmland for the proposed interchange. By way of further answer, whether or not an ALCAB approval to condemn farmland is required, the DEIS and FEIS identified impacts to farmlands, which is all that is required under NEPA. The response to paragraph 28 is incorporated herein by reference.

59. Denied as stated. The point of access report restated the conclusion contained in the DEIS and did not amount to a legal conclusion or admission. By way of further answer, the response to paragraph 58 is incorporated herein by reference.

60. Admitted in part, denied in part. Denied that the decision on whether to go to ALCAB was "abruptly reversed". The remainder of the paragraph is admitted. By way of further answer, the decision that ALCAB approval was not necessary to condemn farmlands was supported by a reasonable interpretation of state law on the issue (specifically, the existing highway exemption) and was consistent with the existing agency policy (the Farmland Assessment Handbook). Moreover, PennDOT based its decision on a past decision by the Department of Agriculture regarding another interchange project which was determined to be

15

exempt from seeking ALCAB approval. Finally, the Department of Agriculture's comment letter on the FEIS does not question the decision not to seek ALCAB approval. The response to paragraph 58 is incorporated herein by reference.

61. Admitted. By way of further answer, the response to paragraph 58 is incorporated herein by reference.

62. Denied as stated. The Pennsylvania Supreme Court simply affirmed the order of the Commonwealth Court. The Pennsylvania Supreme Court did not issue an opinion.

63. Denied. The courts simply found that the Whites' farmland qualified as productive agricultural land. Nowhere in any of the cited legal proceedings did any court ever characterize the Whites' farmlands as "high quality farmland".

64. Denied as stated. All build alternatives involved the taking of some productive agricultural lands. For this project, ALCAB approval is required to condemn productive agricultural lands regardless of whether or not they are located in an Agricultural Security Area.

65. Denied. It is specifically denied that the burden of proof in the state law ALCAB proceeding (which relates

exclusively to obtaining authority to exercise property
acquisition condemnation procedures) presents a "heightened
standard" or that the standard used in an ALCAB proceeding has
any legal relevance to NEPA.  NEPA is a procedural statute that
only requires the identification and consideration of impacts to
natural, cultural, and socioeconomic resources in the decision-
making process.  By way of further answer, the response to
paragraph 58 is incorporated herein by reference.

66.  Denied.  By way of further answer, the response to
paragraphs 58, 61-62, and 65 are incorporated herein by
reference.

67.  Admitted.  By way of further answer, FHWA and PennDOT
prepared a re-evaluation of the FEIS in 1999 and a re-evaluation
of the ROD in 2001 which considered the updated agricultural
studies.  The re-evaluations showed that the updated agricultural
and other studies did not present a seriously different picture
of the environmental impact of the proposed project from what was
originally envisioned.  Therefore, the preparation of a
Supplemental Environmental Impact Statement ("SEIS") was not
necessary.

68.  Paragraph 68 contains conclusions of law to which no response is required.  To the extent that paragraph 68 is deemed to contain any allegations of fact, they are denied.  By way of further response, Plaintiffs misrepresent the findings of the Pennsylvania Commonwealth and Supreme Courts.  Neither court found that impacts to productive agricultural lands were greater than represented in the NEPA documentation.

69.  Paragraph 69 contains conclusions of law to which no response is required.  To the extent that paragraph 69 is deemed to contain any allegations of fact, they are denied.  By way of further answer, the response to paragraph 58, 65, and 66 is incorporated herein by reference.

70.  Denied.  PennDOT updated the studies for the project to verify that significant changes have not occurred in the project's study area as evidenced by the 1999 and 2001 re-evaluations.  FHWA reviewed these 1999 and 2001 re-evaluations and concluded that no significant changes have occurred.


**COUNT FOUR**

71.  Defendant incorporates the responses to paragraphs 1-70 as though fully set forth in response to paragraph 71.

72.  Denied.  All claims must be set forth in the Complaint.
See Fed. R. Civ. Proc. Rule 8(a).

73.  Paragraph 73 contains conclusions of law to which no
response is required.  To the extent that paragraph 73 is deemed
to contain any allegations of fact, they are denied.  By way of
further answer, the proper citation is 23 U.S.C. §138, not 24
U.S.C. §138.

74.  Paragraph 74 contains conclusions of law to which no
response is required.  To the extent that paragraph 74 is deemed
to contain any allegations of fact, they are denied.

75.  Paragraph 75 contains conclusions of law to which no
response is required.  To the extent that paragraph 75 is deemed
to contain any allegations of fact, they are denied.

76.  Paragraph 76 contains conclusions of law to which no
response is required.  To the extent that paragraph 76 is deemed
to contain any allegations of fact, they are denied.

77.  Paragraph 77 contains conclusions of law to which no
response is required.  To the extent that paragraph 77 is deemed
to contain any allegations of fact, they are denied.  By way of

further answer, for each interchange alternative historic structures within 300 feet of centerline of the alternative were examined – any property whose property lines ran within this area were considered, which expanded the area beyond 300 feet. Moreover, Defendants also evaluated the potential rural historic landscapes that were located outside the 300 foot area.

78.   Denied in part.   The second sentence of paragraph 78 contains a conclusion of law to which no response is required. The remainder of paragraph 78 is denied.   The results of the traffic and noise studies performed outside the area of potential effect ("APE") confirm the validity of the APE identified for the project.   Traffic will increase on Franklin Farm Lane (which is located outside the APE) with or without the project due to planned and future growth.   Existing I-81 is the dominant noise source along Franklin Farm Lane without the interchange. By way of further answer, the response to paragraph 77 is incorporated herein by reference.

79.   Paragraph 79 contains conclusions of law to which no response is required.   To the extent that paragraph 79 is deemed to contain any allegations of fact, they are denied.   By way of further answer, the response to paragraph 78 is incorporated herein by reference.

80.  Admitted in part, denied in part.  The first sentence in paragraph 80 is admitted.  The remainder of paragraph 80 is denied.  By way of further answer, the response to paragraph 78 is incorporated herein by reference.

81.  Admitted in part, denied in part.  The first sentence in paragraph 81 is admitted.  The remainder of paragraph 81 is denied.  By way of further answer, the response to paragraph 78 is incorporated herein by reference.

82.  Admitted.

83.  Denied.  By way of further answer, the response to paragraph 78 is incorporated herein by reference.

84.  Denied.  By way of further answer, the response to paragraph 78 is incorporated herein by reference.

85.  Denied.  Defendants considered impacts to the Gass House and Franklin County Poor House by the project as evidenced by correspondence and response to public comments.

86.  Paragraph 86 contains conclusions of law to which no response is required.  To the extent that paragraph 86 is deemed to contain any allegations of fact, they are denied.

87.  Denied.

88.  Admitted.  By way of further answer, the resolution by Franklin County's historical society was included in an Appendix of the DEIS.  No response was required because the resolution opposed Alternative C, whereas, Alternative D-C was identified as the preferred alternative in the DEIS.

89.  Admitted in part, denied in part.  Admitted that local historic preservation organizations sent correspondence regarding the Gass House and Franklin County Poor House.  The remainder of paragraph 89 is denied.  Responses to said correspondence were either included in the FEIS, responded to directly, or in the Response to FEIS comments.

90.  Paragraph 90 contains conclusions of law to which no response is required.  To the extent that paragraph 90 is deemed to contain any allegations of fact, they are denied.

91.  Paragraph 91 contains conclusions of law to which no response is required.  To the extent that paragraph 91 is deemed to contain any allegations of fact, they are denied.

22

92.  Paragraph 92 contains conclusions of law to which no response is required.  To the extent that paragraph 92 is deemed to contain any allegations of fact, they are denied.

93.  Paragraph 93 contains conclusions of law to which no response is required.  To the extent that paragraph 93 is deemed to contain any allegations of fact, they are denied.

## COUNT FIVE

94.  Defendant incorporates the responses to paragraphs 1-93 as though fully set forth in response to paragraph 94.

95.  Denied.  All claims must be set forth in the Complaint. See Fed. R. Civ. Proc. Rule 8(a).

96.  Denied as stated. This form was completed prior to detailed traffic analysis.

97.  Admitted.  By way of further answer, the Preliminary Alternatives Analysis was based on secondary sources and was completed prior to detailed studies.

98.  Denied.  The August 2, 1993 letter speaks for itself. By way of further answer, these comments were addressed by PennDOT.

23

99. Denied. The September 29, 1994 letter speaks for itself.

100. Denied. The selected alternative was not newly designed. In 1998, the traffic analysis was updated for Alternative D Modified providing for supplemental traffic projections and level of service analysis on local roads.

101. Admitted in part, denied in part. Denied that the selected alternative was newly designed. The remainder of paragraph 101 is admitted. By way of further answer, the traffic projection for Alternative D Modified will be the same as for any of the Walker Road alternatives and the No Build Alternative on the majority of Franklin Farm Lane. 1998 traffic projections with or without the interchange on Franklin Farm Lane are the same.

102. Denied. By way of further answer, the response to paragraph 101 is incorporated herein by reference.

103. Denied. The FEIS includes only the quoted description of Franklin Farm Lane. The FEIS does not include that Franklin Farm Lane was inadequately constructed to handle greater traffic flow. The traffic projection for Alternative D modified will be

the same as for any of the Walker Road alternatives and the No

Build Alternative on the majority of Franklin Farm Lane.  The

increase in traffic on the majority of Franklin Farm Lane is due

to planned growth.

104. Denied.  Traffic analysis was performed with and

without assuming the construction of Norland Avenue extended.

105. Denied.  The potential for the extension of Norland

Avenue was considered and discussed throughout the FEIS, in

sections including but not limited to, the Executive Summary, the

traffic sections, the secondary and cumulative impact sections,

and the socioeconomic and land use sections (regarding the Gabler

tract development).

106. Paragraph 106 contains conclusions of law to which no

response is required.  To the extent that paragraph 106 is deemed

to contain any allegations of fact, they are denied.

107. Paragraph 107 contains conclusions of law to which no

response is required.  To the extent that paragraph 107 is deemed

to contain any allegations of fact, they are denied.

108. Paragraph 108 contains conclusions of law to which no response is required.  To the extent that paragraph 108 is deemed to contain any allegations of fact, they are denied.  By way of further answer, the responses to paragraphs 103 and 105 are incorporated herein by reference.

109. Paragraph 109 contains conclusions of law to which no response is required.  To the extent that paragraph 109 is deemed to contain any allegations of fact, they are denied.

110. Paragraph 110 contains conclusions of law to which no response is required.  To the extent that paragraph 110 is deemed to contain any allegations of fact, they are denied.

## COUNT SIX

111. Defendant incorporates the responses to paragraphs 1-110 as though fully set forth in response to paragraph 111.

112. Denied.  All claims must be set forth in the Complaint. See Fed. R. Civ. Proc. Rule 8(a).

113. Admitted in part, denied in part.  Denied that Alternative D Modified is newly designed.  The remainder of paragraph 113 is admitted.  By way of further answer, the response to paragraph 101 is incorporated herein by reference.

114. Denied.  By way of further answer, the response to paragraph 101 is incorporated herein by reference.

115. Denied.  By way of further answer, the response to paragraph 101 is incorporated herein by reference.

116. Admitted in part, denied in part.  Denied that any additional natural, cultural, or socioeconomic resources are impacted by the removal and construction of the Walker Road overpass bridge.  The remainder of paragraph 116 is admitted.

117. Admitted in part, denied in part.  Denied that Alternative D Modified is newly designed.  The remainder of paragraph 117 is admitted.  By way of further answer, the other Walker Road alternatives also impacted land from Agricultural Security Areas.

118. Denied.  The second sentence of paragraph 118 is a conclusion of law to which no response is necessary.  The remainder of paragraph 118 is denied.  Any upgrades to local roads necessary to accommodate interchange traffic were included in the NEPA documents.  No Section 4(f) properties were taken.

119. Denied.   FHWA conducted a re-evaluation of the FEIS in 1999 which included Alternative D Modified.   The re-evaluation revealed that there were no significant additional adverse impacts as a result of Alternative D Modified and that there were no new circumstances that presented a seriously different picture of the environmental impact of the proposed project from what was originally envisioned, therefore, a SEIS was not required.

120. Denied.   The Guilford Township zoning ordinance was adopted prior to the ROD and was considered in the 1999 re-evaluation of the FEIS.

121. Denied.   Updated 2000 traffic counts show a lower growth rate in traffic in this area than projected in 1995.

122. Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of paragraph 122 because plaintiffs have failed to identify, with specifically, the intersection referred to in paragraph 122.

123. Paragraph 123 contains conclusions of law to which no response is required.   To the extent that paragraph 123 is deemed to contain any allegations of fact, they are denied.

28

124. Paragraph 124 contains conclusions of law to which no response is required. To the extent that paragraph 124 is deemed to contain any allegations of fact, they are denied.

### COUNT SEVEN

125. Defendant incorporates the responses to paragraphs 1-124 as though fully set forth in response to paragraph 125.

126. Denied. All claims must be set forth in the Complaint. See Fed. R. Civ. Proc. Rule 8(a).

127. Denied. The legislation, DEIS, and FEIS defined the primary need.

128. Denied. By way of further answer, the response to paragraph 127 is incorporated herein by reference.

129. Denied.

130. Denied. Field observations by traffic engineers indicate that the I-81 interchange ramp intersections operate poorly because of severe congestion and poor operation of the adjacent U.S. Route 30 and Walker Road/Stouffer Avenue intersection. The traffic queues at the Walker/Stouffer intersection with U.S. Route 30 extend through the interchange ramp intersections for several hours each weekday.

29

131. Denied.  Wayne Avenue intersection overall will function at level of service C in 2016.

132. Denied.  The primary need continues to be "provide access to Chambersburg and to relieve traffic congestion on an existing interchange."

133. Denied.  The weight restricted local roads were considered in the FEIS and the 1995, 1998, and 2000 traffic analysis.

134. Denied.  One of the needs is to provide for existing and proposed development.

135. Admitted.

136. Denied.  By way of further answer, the response to paragraph 130 is incorporated herein by reference.

137. Denied.  By way of further answer, the response to paragraph 130 is incorporated herein by reference, and the second sentence is a conclusion of law to which no response is necessary.

## COUNT EIGHT

138. Defendant incorporates the responses to paragraphs 1-137 as though fully set forth in response to paragraph 138.

139. Denied.  All claims must be set forth in the Complaint. See Fed. R. Civ. Proc. Rule 8(a).

140. Paragraph 140 contains conclusions of law to which no response is required.  To the extent that paragraph 140 is deemed to contain any allegations of fact, they are denied.  By way of further answer, the amendment did not change the needs articulated in the original legislation or the FEIS.

141. Denied.  By way of further answer, the response to paragraph 140 is incorporated herein by reference.

142. Paragraph 142 contains conclusions of law to which no response is required.  To the extent that paragraph 142 is deemed to contain any allegations of fact, they are denied.

143. Paragraph 143 contains conclusions of law to which no response is required.  To the extent that paragraph 143 is deemed to contain any allegations of fact, they are denied.

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GREENE/GUILFORD ENVIRONMENTAL          :
ASSOCIATION, a non-profit              :
Corporation incorporated under the     :
laws of the Commonwealth of            :
Pennsylvania, CITIZENS FOR PLANNED     :
COMMUNITY GROWTH, an unincorporated    :
association organized under the        :
laws of the Commonwealth of            :     CIVIL ACTION NO.
Pennsylvania, PAUL B. AMBROSE,         :       1:CV-01-0910
JOHN G. ENDERS, CHARLES F.             :
RAHAUSER, BETSY RAHAUSER, DOUGLAS      :     (Judge Rambo)
A. WARNOCK, U.X. VAGNERINI, THOMAS     :
W. BUNDY, STEPHEN P. BUCHER,           :
ROGER J. ROBERTSON, JAMES A.           :
STRITE, JR., DAVID A. GUTHRIE,         :
          Plaintiffs,               :
                                       :
        v.                        :
                                       :
KEN WYKLE, Administrator, Federal      :
Highway Administration, ROBERT         :
GATZ, Federal Highway                  :
Administration,                        :
          Defendants,               :
                                       :
         and                       :
                                       :
BRADLEY L. MALLORY, Secretary for      :
The Department of Transportation,      :
Commonwealth of Pennsylvania,          :
         Intervenor                :


## CERTIFICATE OF SERVICE

I, Kenda Jo M. Gardner, hereby certify that on August 15, 2001, that I did service, by first class mail, postage pre-paid, a true and correct copy of the Pennsylvania Department of Transportation's Motion to Intervene as a Defendant Under Rule 24 and supporting brief on the following individuals: