UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREENE/GUILFORD ENVIRONMENTAL ASSOCIATION, a non-profit Corporation incorporated under the laws of the Commonwealth of Pennsylvania, CITIZENS FOR PLANNED COMMUNITY GROWTH, an unincorporated association organized under the laws of the Commonwealth of Pennsylvania, PAUL B. AMBROSE, JOHN G. ENDERS, CHARLES F. RAHAUSER, BETSY RAHAUSER, DOUGLAS A. WARNOCK, U.X. VAGNERINI, THOMAS W. BUNDY, STEPHEN P. BUCHER, ROGER J. ROBERTSON, JAMES A. STRITE, JR., DAVID A. GUTHRIE, <br>           Plaintiffs, <br><br> v. <br><br> KEN WYKLE, Administrator, Federal Highway Administration, ROBERT GATZ, Federal Highway Administration, <br>           Defendants, <br><br> and <br><br> BRADLEY L. MALLORY, Secretary for The Department of Transportation, Commonwealth of Pennsylvania, <br>           Intervenor | CIVIL ACTION NO. <br> 1:CV-01-0910 <br><br> (Judge Rambo) |

FILED
HARRISBURG
AUG 15 2001
MARY E. D'ANDREA, CL
Per_____
DEPUTY CLERK

<u>**INTERVENOR'S BRIEF IN SUPPORT OF**</u>
<u>**HIS MOTION TO INTERVENE**</u>

**FACTS:**

On May 24, 2001, Plaintiffs filed a complaint against officials from the Federal Highway Administration (FHWA) regarding the proposed construction of Exit 7, Interstate 81 Interchange, north of Chambersburg, Pennsylvania. On May 29, 2001, this Court impounded the Complaint and required Plaintiffs to file an Amended Complaint in compliance with Federal Rule of Civil Procedure 8. The Amended Complaint was filed on June 6, 2001. The Amended Complaint requests this Court to require FHWA to prepare a new Record of Decision (ROD) including a new Environmental Impact Statement (EIS); in the alternative, the compliant requests that FHWA prepare a Supplemental Environmental Impact Statement (SEIS) to eliminate alleged defects in the existing environmental studies. Bradley L. Mallory, the Secretary of the Pennsylvania Department of Transportation, filed a Motion to Intervene under Rule 24.

The complaint challenges the validity of the EIS. Plaintiffs allege multiple reasons that the representatives from the FHWA violated the National Environmental Policy Act (NEPA) during the creation of the EIS. Plaintiffs also allege violations of the National Historic Preservation Act (NHPA). In fact, many of Plaintiffs' allegations are challenging PennDOT's actions. (Amended

2

Complaint, filed June 6, 2001, ¶¶ 38-39, 49, 55, 66-67, 70, 74, 77-78, 84-86, 90, 93, 96-97, 104, 128, 130, 132 and 136.) FHWA is a federal aid grantor; Intervenor is a federal aid grantee for the development and construction of the Exit 7 project. Representatives from FHWA and Intervenor jointly conducted the studies required by the NEPA and NHPA.

**DISCUSSION:**

Intervenor has filed a motion to intervene pursuant to Rule 24(a)(2), which provides in pertinent part the following:

> Upon timely application anyone shall be permitted to intervene in an action: . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. Proc. 24(a) (West 1993).

The United States Court of Appeals for the Third Circuit has interpreted Rule 24(a)(2) as requiring the party requesting to intervene in an action to prove the following four elements:

> (1) the application for intervention is timely; (2) the applicant has sufficient interest in the litigation; (3) the interest may be effected or impaired, as a practical matter by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation.

United States v. Alcan Aluminum, Inc., 25 F.3d 1174, 1181 (3d Cir. 1994) (quoting Brody v. Spang, 957 F.2d 1108, 1115 (3d Cir. 1992);

Harris v. Pernsley, 820 F.2d 592, 596 (3d Cir. 1987)). Intervenor's Motion satisfies these elements.

I.  **The application for intervention is timely.**

The timeliness of an application for intervention is to be determined by an examination of the totality of the circumstances. NAACP v. New York, 413 U.S. 345, 366 (1973). To better define this requirement, the courts have developed three factors for analysis: "(1) the stage of the proceeding; (2) the prejudice that delay may cause the parties; and (3) the reason for the delay." Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, 72 F.3d 361, 369 (3rd Cir. 1995)(citing In re Fine Paper Antitrust Litigation, 695 F.2d 494, 500 (3rd Cir. 1982)).

In Mountain Top Condo. Ass'n, the applicants wanted to intervene in to an action that had been initiated four years earlier. 72 F.3d at 363. The court permitted their motion holding that although some written discovery and settlement negotiations had occurred, the "intervention at this stage of the litigation would [not] prejudice the current parties." Mountain Top Condo. Ass'n, 72 F.3d at 370. The court went on to explain that although the current parties may be prejudiced by the intervention of the parties, the prejudice is not the result of the time delay. Id.

In the current case, this Motion to Intervene is being filed only ten weeks after the filing of the Amended Complaint and at the

4

same time Defendants' Answer is due. The claim is at such an early stage of the proceedings that no prejudice will be caused, due to a delay, in permitting the Motion to Intervene. Secretary Mallory is aware of the schedule established in the Case Management Order, dated July 20, 2001, and is prepared to comply with said schedule. This case is analogous to Brody v. Spang, 957 F.2d 1108, 1115 (3d Cir. 1992)(where the court found there was no issue of timeliness because the Motion to Intervene was filed one day after the Complaint and then the amended Motion was filed only two weeks later).

**II. The applicant has sufficient interest in the litigation.**

The Second element requires that the applicant have sufficient interest in the litigation. This is defined as an interest "relating to the property or transaction which is the subject of the action that is significantly protectable." Kleissler v. United States Forest Serv., 157 F.3d 964, 969 (3d Cir. 1998)(quoting Donaldson v. United States, 400 U.S. 517, 531 (1971)). No bright line rule exists to determine which interests satisfy this definition. Kleissler, 157 F.3d at 939. This determination should be based on the facts of the situation and "the intervenor should have an interest that is specific to them . . . ." Id. at 972. In addition, the Court should keep in mind that this is intended to be a flexible requirement in order to satisfy "the purpose of the 1966 amendment [to Rule 24, which] was to allow intervention by those who might be practically

5

disadvantaged by the disposition of the action and to repudiate the view . . . ." Id. at 970 (quoting 7C Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 1908, at 301 (1986)).

In the present case, the Intervenor, Secretary Mallory, has a sufficient interest as a matter of right. Secretary Mallory is statutorily empowered to exercise the powers and perform the duties of the Department and has a direct interest in this matter. His rights and duties will be affected if the Court grants either option of relief requested by Plaintiffs. Secretary Mallory is the officer who serves as the head of the Department of Transportation who must, either personally or by deputy, "exercise the powers and perform the duties by law vested in and imposed upon the department." (71 P.S. § 66). Those duties are enumerated in 71 P.S. § 512 (West 1990 & Supp. 2001) and include, but are not limited to, having "exclusive jurisdiction over all State designated highways" (§ 512(a)(10)); cooperating with Federal agencies for the coordination of plans and policies for transportation facilities (§ 512(a)(7)); marking, building, rebuilding, relocating, constructing and maintaining State designated highways . . . and rights of way (§ 512(a)(8)); and "to superintend, supervise and control the work of construction, reconstruction, maintaining and repairing State designated highways. . . ." (§512(a)(11)). Based on Intervenor's statutory authority, Intervenor is responsible for payment of a significant portion of the construction cost for this project; for applying for various permits

required for the project; for the preparation of the final design plans; for obtaining the right-of-way for the project; and for maintenance of any project that is ultimately constructed.

Pursuant to NEPA (42 U.S.C. § 4332(D)), as the official with statewide jurisdiction, Intervenor has delegated authority to prepare the Environmental Impact Statement (EIS) for potential projects in Pennsylvania and to conduct studies for section 106 of NHPA. Having authority over all State roads and authority to prepare the EIS, an order to create a new EIS or a Supplemental EIS directly impacts the powers and duties vested in him. Since his rights and duties, as defined by Pennsylvania law and by Federal law, will be affected if the Court grants either of the relief options requested, the Secretary has satisfied the second element of Rule 24(a) in that his interest is specific to him and that he could be practically disadvantaged by the outcome.

### III. The interest may be effected or impaired, as a practical matter by the disposition of the action.

After determining that the Intervenor has sufficient interest, the third element is to show that interest may be effected or impaired, as a practical matter by the disposition of the action. The disposition of the above captioned matter may effect or impair the following interests: (1) construction costs of the project; (2) the permits required for the project or permit conditions imposed on

the project; (3) the final design plans; (4) the right-of-way necessary for the project; and (5) the maintenance required for the project.

**IV. The interest is not adequately represented by an existing party in the litigation.**

Finally, Intervenor must demonstrate an existing party in the litigation does not adequately represent his interest. The U.S. Supreme Court has stated that "[t]he requirement of the Rule is satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal." Trbovich v. United Mine Workers, 404 U.S. 528, 538 n.10 (1972)(citing 3B J. Moore, Federal Practice para. 24.09-1 [4] (1969)).

Defendants, representatives of FHWA, represent interests that differ from the interests of the Secretary. The interests of Intervenor, the Secretary of the Pennsylvania Department of Transportation, in the project are more specific. These interests necessitate that the Secretary, regarding this project, take certain things into consideration and to make various decisions of which the FHWA has no interest, e.g., the Secretary is solely responsible for obtaining a number of permits required for the construction of any project which was approved, for obtaining the right-of-way for the project, and for maintaining the project once completed.

In addition, the interests of the FHWA and the Secretary differ in the following ways. First, the Secretary, and not the FHWA, has the sole responsibility and jurisdiction to maintain all State transportation facilities in Pennsylvania. The Secretary, pursuant to NEPA, has a responsibility regarding preparation of the EIS for this project. Also, for the present case, if a project is approved, the project will be partially funded using a federal aid grant. The remaining funds will be allocated by the Secretary from state transportation funds. Thus, for the federal funds, the Secretary stands in the posture of a grantee, and the FHWA stands in the posture of a grantor. The Secretary's interest also lies in the allocation and use of the state funds, an interest outside the scope or interest of the federal government. These sovereign agencies work together, but have different roles and have different responsibilities. These differing interests, roles and responsibilities clearly demonstrate that Intervenor's interest are not adequately represented by the existing party.

Intervenor has satisfied the four prong test under Rule 24(a)(2). Furthermore, this case is analogous to Mille Lacs Band of Chippewa Indians v. Minnesota, 989 F.2d 994 (8th Cir. 1993). In Mille Lacs Band of Chippewa Indians, the local Counties were permitted to intervene as defendants because the Counties had more specific interest than the State. 989 F.2d at 1001. Since the more specific interests of the Counties were not subsumed in the general

interest of Minnesota, the Counties were granted the right to intervene. Id.; see also, Environmental Defense Fund, Inc. v. Higginson, 631 F.2d 738 (D.C. Cir. 1979); United States v. Reserve Mining Co., 56 F.R.D. 408 (D.Minn1972). In the current case, the more specific interests of Intervenor are likewise not subsumed by the interests of Defendant, FHWA.

**CONCLUSION:**

Based on the above discussion, Intervenor is entitled to intervene in the above captioned action as a matter of right.

Respectfully Submitted,

Kenda Jo M. Gardner
John M. Hrubovcak
Robert J. Shea
Attorneys for Bradley L. Mallory,
Secretary of the Pennsylvania Department of Transportation

PA Department of Transportation
Office of Chief Counsel
P.O. Box 8212
Harrisburg, PA 17105-8212

Date:   August 15, 2001