# ORIGINAL

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GREENE/GUILFORD ENVIRONMENTAL        :
ASSOCIATION, a non-profit corporation  :
incorporated under the laws of the     :
Commonwealth of Pennsylvania, CITIZENS :
FOR PLANNED COMMUNITY GROWTH,          :
an unincorporated association organized :    CIVIL ACTION NO.
under the laws of the Commonwealth of  :    1:CV-01-0910
Pennsylvania, PAUL B. AMBROSE, JOHN G. :
ENDERS, CHARLES F. RAHAUSER, BETSY     :    (Judge Rambo)
RAHAUSER, DOUGLAS A. WARNOCK, U.X.     :
VAGNERINI, THOMAS W. BUNDY,            :
STEPHEN P. BUCHER, ROGER J.            :
ROBERTSON, JAMES A. STRITE, JR., DAVID :
A. GUTHRIE,                            :
           Plaintiffs             :
                                       :
     v.                              :
                                       :
KEN WYKLE, Administrator, Federal      :
Highway Administration, ROBERT GATZ,   :
Federal Highway Administration,        :
           Defendants             :
                                       :
      and                            :
                                       :
BRADLEY L. MALLORY, Secretary for      :
The Department of Transportation,      :
Commonwealth of Pennsylvania,          :
           Intervenor.            :



**DEFENDANTS' AND INTERVENOR'S MEMORANDUM OF LAW
IN OPPOSITION TO PLAINTIFFS' MOTION FOR LIMITED DISCOVERY
IN ADDITION TO THE ADMINISTRATIVE RECORD**

I.    **INTRODUCTION**

Plaintiffs filed an action challenging the Federal Highway Administration's ("FHWA") approval of Alternative D Modified for the I-81 Interchange project located in Franklin County, Pennsylvania.  Plaintiffs claim that FHWA failed to comply with the National Environmental Policy Act ("NEPA") and the National Historic Preservation Act ("NHPA").  Plaintiffs are opposed to an interchange located at Walker Road.

As part of the study process, Defendants prepared a Draft Environmental Impact Statement ("DEIS") dated May 1994, a Final Environmental Impact Statement ("FEIS") dated May 1995, a re-evaluation of the FEIS dated January 1999 (1999 re-evaluation), a Record of Decision ("ROD"), a re-evaluation of the Record of Decision dated June 2001 (2001 re-evaluation) and other technical documents.  These documents, in addition to technical support data and a voluminous correspondence file, are a part of the administrative record, which forms the basis of review by this Court.  The administrative record for this project consists of at least 8 boxes of documents.[1]

During the July 20, 2001 case management conference, plaintiffs informed this Court that they intended to subpoena several individuals for document production and/or depositions.

---

[1]  The Defendants and Intervenor expect to produce the administrative record within the next two weeks.

This Court ordered plaintiffs to file a motion and brief requesting discovery outside the administrative record by September 15, 2001.

On August 15, 2001, defendants filed an answer to the amended complaint. On that same day, the Secretary of the Pennsylvania Department of Transportation ("PennDOT") filed a motion to intervene with his answer attached. Plaintiffs filed their motion for limited discovery on or about August 30, 2001. Defendants and intervenor (hereinafter referred to collectively as "Defendants") jointly file this response in opposition to the discovery motion.

## ARGUMENT

**A. The appropriate standard of review under NEPA.**

Judicial review under NEPA is governed by the Administrative Procedure Act ("APA"). 5 U.S.C. §701 et seq. A reviewing court may only hold unlawful an agency decision if it is arbitrary, capricious, or otherwise not in accordance with the law. Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 416 (1971); Baltimore Gas & Electric Co. v. Natural Resources Defense Council, Inc., 462 U.S. 87, 97-98 (1983); Clairton Sportsmen's Club v. Pa. Turnpike Comm'n, 882 F. Supp. 455, 466 (W.D. Pa. 1995); Ashwood Manor Civic Ass'n v. Dole, 619 F. Supp. 52, 82 (E.D. Pa 1985), aff'd 779 F.2d 41 (3d Cir. 1990), cert. den. 475 U.S. 1082 (1986); Philadelphia Council of Neighborhood

Ass'n v. Coleman, 437 F. Supp. 1341, 1346 (E.D. Pa. 1977).
Plaintiffs erroneously state that the standard of review adopted
by the Third Circuit is the reasonableness standard of review.
The Third Circuit has applied the arbitrary and capricious
standard of review in deciding NEPA actions, including whether a
supplemental EIS is necessary.  Society Hill, 210 F.3d 168, 178-
79(3d Cir. 2000) citing Marsh v. Oregon Natural Resources
Council, 490 U.S. 360 (1989); Concerned Citizens Alliance, Inc.
v. Slater, 176 F.3d 686, 705 (3d Cir. 1999).  It is this standard
which should be applied in the instant action.

**B.  The Court's review should be limited to the administrative
     record and extra-record discovery should not be permitted.**

     Judicial review under the NEPA and NHPA is based solely on a
review of the administrative record that was before the decision-
makers at the time the relevant determinations were made.
Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402,
420 (1971); Vermont Yankee Nuclear Power Corp. Inc., 435 U.S. at
549; Don't Ruin Our Park v. Stone, 749 F. Supp. 1388 (M.D. Pa.
1990)(Rambo, J.), aff'd, 931 F.2d 49 (3d Cir. 1990).  In Camp v.
Pitts, 411 U.S. 138, 142 (1973), the Supreme Court stated "[t]he
focal point for judicial review should be the administrative
record already in existence, not some new record made initially
in the reviewing court."   In Florida Power & Light Co. v. United
States Nuclear Regulatory Comm'n, 470 U.S. 729, 743-44 (1985),
the Supreme Court again reiterated its holdings from Overton Park

4

and <u>Pitts</u>.  "The task of the reviewing court is to apply the appropriate APA standard of review . . . to the agency decision based on the record the agency presents to the reviewing court." <u>Id.</u> at 743-44.  Thus, in accordance with these standards a district court reviewing an agency decision acts like an appellate court, that is, the court does not hear or take evidence beyond that which is contained in the administrative record.  <u>William Cronin v. United States Dep't of Agric.</u>, 919 F. 2d 439, 443 (7th Cir. 1990).

The Third Circuit and the federal district courts in Pennsylvania have repeatedly limited appeals of agency decisions under the APA to the administrative record that was before the agency at the time the relevant determinations were made.  In <u>Twiggs v. United States Small Business Admin.</u>, 541 F.2d 150, 152 (3d cir. 1976), the Third Circuit remanded the case back to the district court because the district court, in rendering its decision, considered a deposition taken after the final agency decision was issued.  The Court of Appeals found that the trial court erred in considering extra record evidence.  In <u>Dry Color Manufacturers' Ass'n v. Dep't of Labor</u>, 486 F.2d 98 (3d Cir. 1973), the Third Circuit did not allow OSHA to rely on an expert report in support of its position because the report was not included in the administrative record.  In <u>Pa. Protect Our Water v. Appalachian Regional Comm.</u>, 574 F. Supp. 1203, 1215 (M.D. Pa.

5

1982) (Rambo, J.), aff'd per curiam, sub nom, Borough of Moosic
v. Appalachian Reg'l Comm., 720 F. 2d 659 (3d Cir. 1983), the
trial court disregarded the testimony of plaintiffs' and
defendants' witnesses to the extent that the substance of their
testimony did not appear in the administrative record, and the
court did not rely on any exhibit that did not appear in the
record.  In Philadelphia Council of Neighborhood Ass'n, 437 F.
Supp. at 1348-50, the trial court (considering cross motions for
summary judgment) relied strictly on the administrative record
and did not allow the plaintiffs to introduce any matters outside
of the record.  See also, Lake Erie Alliance for the Protection
of the Coastal Corridor v. United States Army Corps of Eng'rs,
526 F. Supp. 1063, 1068 (W.D. Pa 1981), and Don't Ruin Our Park,
749 F. Supp. 1388 (M.D. Pa. 1990), aff'd 931 F.2d 49 (3d Cir.
1990).

The Supreme Court has recognized only two exceptions to the
well-settled administrative record rule.  First, a federal
district court may require some extra record explanation if the
bare record does not disclose the factors considered by the
agency or the decision-maker's construction of the evidence;
second, supplementation may be permitted where there is a strong
showing of bad faith or improper behavior.  Overton Park, 401
U.S. at 420.  Neither of these exceptions apply to the present
situation.

6

In order to fit within the first exception, after reviewing the record the court - not the parties - decides if it requires further explanation.  This exception is limited to instances where the court finds that the failure to explain the administrative action frustrates effective judicial review and is usually invoked to explain technical matters.  <u>Camp v. Pitts</u>, 411 U.S. at 142-43.  There is no basis for this exemption in this case.

The second exception discussed in <u>Overton Park</u> is also inapplicable to the present case.  Plaintiffs are alleging bad faith on the part of the defendants by contending that the location of the interchange was pre-determined.  Plaintiffs' face a difficult burden to successfully demonstrate bad faith.  As the Supreme Court said:

> [I]nquiry into the mental processes of administrative decision makers is usually to be avoided.  And where administrative findings were made at the same time as the decision . . . there must be a *strong showing of bad faith* or improper behavior before such inquire may be made.

<u>Overton Park</u>, 401 U.S. at 420 (emphasis added); <u>See also</u> <u>Newton County Wildlife Ass'n v. Rogers</u>, 141 F.3d 803, 807-08 (8th Cir. 1998) (found no bad faith where post-Environmental Assessment ("EA") activities indicated a discrepancy between what was represented in the EA and actual logging practices); <u>National Audubon Soc'y v. Hoffman</u>, 132 F.3d 7, 16 (2nd Cir. 1997) (found no bad faith where former Forest Service employee alleged that

7

the Forest Service decided to issue a "finding of no significant impact" <u>prior</u> to completing the EA and that the NEPA training provided by the Forest Service taught employees to circumvent NEPA requirements)(emphasis added); <u>Society Hill Towers Owners Ass'n v. Rendell</u>, 20 F.Supp. 2d 855, (E.D. Pa 1998) <u>aff'd</u> 210 F.3d 168 (3d Cir. 2000) (found no bad faith based on plaintiffs' allegations that the NEPA review was a "sham").

Moreover, in addressing allegations of pre-determination under NEPA, the courts have relied on the contents of the administrative record. <u>Coalition Against Raised Expressway, Inc. v. Dole</u>, 835 F.2d 803, 807-08 (11th Cir. 1988); <u>Presidio Golf Club v. Nat'l Park Serv.</u>, 155 F.3d 1153, 1161 (9th Cir. 1998); <u>State of S. Carolina v. O'Leary</u>, 953 F. Supp. 699, 706-08 (D.S.C. 1996); <u>Fayetteville Area Chamber of Commerce v. Volpe</u>, 515 F.2d 1021, 1025-26 (4th Cir. 1975). Specifically, the courts ask whether FHWA conducted the study in good faith. <u>Coalition Against Raised Expressway</u>, 835 F.2d at 808. In doing so, the courts referred to the administrative record to determine whether FHWA took a hard look at alternatives before reaching its decision. <u>Id</u>.

With regard to allegations of pre-determination "the test of compliance with § 102 of NEPA, . . . is one of good faith objectivity rather than subjective impartiality." <u>Environmental Defense Fund v. United States Army Corps of Engr's</u>, 470 F.2d 289,

296 (8th Cir. 1972).  Agency officials are not required to be
subjectively impartial so long as they objectively evaluate their
project.  Id. at 295.  In fact, "NEPA assumes as inevitable
institutional bias within the agency proposing the project" and
has created procedures so that the decision maker is forced to
review all the relevant information, thus limiting the effects of
any bias.  Id. at 295-96.

Plaintiffs here assert that statements made by PennDot
officials are indicators of predetermination.  The courts have
routinely held, however, that statements made by agency officials
regarding a preference for a specific alternative, prior to
issuing the Final Environmental Impact Statement ("FEIS"), do not
in themselves create a violation of NEPA.  Environmental Defense
Fund, 470 F.2d at 295-96; Coalition Against Raised Highways, 834
F.2d at 808.  Instead, the courts have found these statements to
be permissible "expressions of confidence."  Coalition Against
Raised Highways, 834 F.2d at 808 (found statement by FHWA to
develop the "spur" alternative and Blakely Island Route
sufficiently so that these alternatives could be dismissed in the
EIS, was just an expression of confidence – the record showed
that FHWA took the required "hard look" at the alternatives);
Presidio Golf Course v. NPS, 155 F.3d 1153, 1161 (9th Cir. 1998)
(found that the National Park Services' decision to build a new
clubhouse prior to completing the EA was again an expression of

confidence.)  See also, State of S. Carolina, 953 F. Supp. at

707; Fayetteville Area Chamber of Commerce, 515 F.2d at 1026.

In the present case, the administrative record shows that

FHWA took the required "hard look" at the alternatives.  FHWA

participated in the development of the DEIS and FEIS for the

project which evaluated in detail several alternatives at Walker

Road and Kriner Road.  As stated by plaintiffs themselves in

their brief in support of this discovery motion, the pre-

determination issue was raised throughout the NEPA process for

the project.  Correspondence included in the administrative

record for the project documents this fact.  Indeed, the

administrative record reflects that FHWA considered and addressed

the allegations of pre-determination on numerous occasions.  See

Ex. A at 80 (Response to Comments on the FEIS); Ex. B (July 6,

1996 memorandum to the Inspector General's Office from FHWA –

also Attach. 3 of Pl.'s Mot.)[2]; Ex. C at 12 (Record of Decision);

Ex. D at 3-4 (Responses to Manko, Gold, and Katcher letter dated

December 8, 1995); Ex. E (April 15, 1996 Letter from FHWA

responding to Greene/Guildford Environmental Association's

January 26, 1996 letter).  There is no need therefore, to go

outside the record to determine the validity of plaintiffs'

allegations of pre-determination.

---

[2]  Moreover, the Inspector General's office closed it's case file
on July 23, 1997.  Ex. B, p.4

Moreover, although plaintiffs make numerous allegations
regarding PennDOT officials, they have failed to allege any bad
faith or improper conduct by the Federal Highway Administration
("FHWA").  The administrative record shows that FHWA took a "hard
look" at the environmental consequences of the project, as
required by NEPA. [3]  When the letters were exchanged between Ex-
Secretary Yerusalum and Ex-Congressman Shuster, the preliminary
alternatives report were already prepared and distributed, which
identified Walker and Kriner Roads as two potential locations for
the new interchange.  Ex. D at 3.  The selection of these two
locations were based on environmental and engineering studies.
Ex. D at 3.  The DEIS and FEIS evaluated in detail several
alternatives at each of these locations.

**C.    Cases cited by Plaintiff actually support Defendants'
       position that review should be limited to the administrative
       record and discovery outside the record should not be
       permitted.**

Plaintiffs cite no cases permitting extra-record evidence or
discovery when there was a voluminous administrative record.
Indeed, plaintiffs' cases actually support defendants' position
that extra-record evidence and/or discovery should not be

---

[3]    The letters quoted by plaintiffs in making its pre-
determination argument are by state officials.  These letters
were included in comments on the FEIS for FHWA to review.  Ex. B
at 2.  Moreover, out of the 16 individuals listed by plaintiffs
as potential deponents, only one is from FHWA.  The present
appeal is from FHWA's decision to approve the I-81 interchange at
Walker Road, not of decisions made by non-federal entities.

11

permitted in this case.  See <u>Animal Defense Council v. Hodel</u>, 840
F2d 1432, 1437-38 (9th Cir. 1988) (held that district court
properly limited review to the administrative record and refused
to permit discovery because the EIS discussed the information the
Council (plaintiff) contends was ignored or inadequately
explored); <u>Don't Ruin Our Park</u>, 749 F. Supp. at 1390-91 (held
improper to take testimony in preliminary injunction hearing on
the merits of the NEPA appeal); <u>Pennsylvania Protest Our Water
and Envtl. Resources</u>, 574 F. Supp. (Rambo, J.) (discussed supra).

Plaintiffs also cite the following cases in support of their
contention that extra-record testimony was allowed:  <u>Preserve
Endangered Areas v. United States Army Corps of Eng'rs</u>, 87 F.3d
1242 (11th Cir. 1996); <u>USA Group Loan Services, Inc. v. Riley</u>, 82
F.3d 708 (7th Cir. 1996); <u>City of Mount Clemens v. United States
Envtl. Protection Agency</u>, 917 F.2d 908 (6th Cir. 1990); <u>Franklin
Savings Ass'n v. Office of Thrift Supervision</u>, 934 F.2d 1127
(10th Cir. 1991).  These cases actually support defendants'
position.

In <u>Preserve Endangered Areas</u>, 87 F.3d at 1246-47, the court
of appeals upheld the district court's order limiting review to
the administrative record and prohibiting any discovery.[4]  The
court emphasized that the reviewing court would allow extra-
record evidence only in <u>rare</u> circumstances.  <u>Id.</u> at 1246.  In <u>USA</u>

_____

[4] Bad faith was not an issue in this case.

12

Group Loan Services, Inc., 82 F.3d at 715, plaintiff argued that it should be permitted to conduct discovery "to uncover the full perfidy of the Department's conduct in the negotiation." The court did not allow additional discovery holding: "If as in this case the public record discloses no evidence of bad faith on the part of the agency, that should be the end of the inquiry." Id. In City of Mount Clemens, 917 F.2d at 917-18, the City argued that it was entitled to a trial de novo based on bad faith by EPA, alleging that EPA was biased against funding a local plant project. Id. at 918. The Court found no bad faith, holding:

> The City's unsubstantiated allegation that EPA acted in bad faith, when compared to the record of EPA's reasoned project evaluations and careful certification procedures, does not warrant an exception to the general rule that review of agency action is limited to the administrative record.

Id. Finally, in Franklin Savings Ass'n, 934 F.2d at 1138-39, the circuit court overturned the district court's de novo review. The circuit court found: the "Director did make formal findings and produced and certified a voluminous and detailed agency record for review that would enable the reviewing court to conduct a substantial and meaningful review from the agency record."[5] Id.

## III.   CONCLUSION

Accordingly, this Court's review of agency action should be limited to an examination of the record compiled by FHWA at the

---

[5] Again, bad faith was not an issue in that case.

time it made its decision and should exclude evidence that was

not presented to FHWA.  The United States Federal Highway

Administration and the Pennsylvania Department of Transportation

respectfully request this Court to deny plaintiffs' motion for

limited discovery and limit review of this case to the

administrative record.

Respectfully submitted,

MARTIN C. CARLSON
United States Attorney

ANNE K. FIORENZA
Assistant United States Attorney
Federal Building - 2nd Floor
228 Walnut Street
P.O. Box 11754
Harrisburg, PA   17108-1754

KENDA JO M GARDNER
Assistant Counsel
JOHN M. HRUBOVCAK
Assistant Counsel-in-Charge
ROBERT J. SHEA
Assistant Chief Counsel
ANDREW S. GORDON
Chief Counsel
Office of Chief Counsel
Pennsylvania Department of
  Transportation
Commonwealth of Pennsylvania
P.O. Box 8212
Harrisburg, PA   17190

14

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

On this 17th day of September, 2001, she served a copy of the foregoing document by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by deposition said envelope and contents in the United States Mail at Harrisburg, Pennsylvania to:

Thomas Alan Linzey, Esquire
Community Environmental Legal Defense Fund
2859 Scotland Road
Chambersburg, PA  17201

_Rebecca A. Plesic_
REBECCA A. PLESIC
Legal Secretary