IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREENE/GUILFORD ENVIRONMENTAL ASSOCIATION, a non-profit corporation incorporated under the laws of the Commonwealth of Pennsylvania; CITIZENS FOR PLANNED COMMUNITY GROWTH, an unincorporated association organized under the laws of the Commonwealth of Pennsylvania; PAUL B. AMBROSE; JOHN G. ENDERS; CHARLES F. RAHAUSER; BETSY RAHAUSER; DOUGLAS A. WARNOCK, U.X. VAGNERINI; THOMAS W. BUNDY; STEPHEN P. BUCHER; ROGER J. ROBERTSON; JAMES A. STRITE, JR.; and DAVID A. GUTHRIE,<br><br>Plaintiffs<br><br>v.<br><br>KEN WYKLE, Administrator, Federal Highway Administration; and ROBERT GATZ, Federal Highway Administration,<br><br>Defendants | CIVIL NO. 1:CV-01-0910<br><br> |

### ORDER

Before the court is Plaintiffs' motion to supplement the administrative record and for judicial notice of certain documents. The court has reviewed Plaintiffs' requests, and **IT IS HEREBY ORDERED THAT** Plaintiffs' motion is **GRANTED in PART** and **DENIED in PART** as follows[1]:

---

1.  For a complete background of this case, see this court's memorandum and order dated October 17, 2001, disposing of Plaintiffs' motion for limited discovery in addition to the administrative
(continued...)

(1) Plaintiffs' motion is **GRANTED** as to the following Paragraphs:

    (a) Paragraphs 9, 19, 2, 15, 30, and 54.

    (b) Paragraphs 1, 4, 6, 16, and 24. Defendants have agreed to add these documents to the administrative record.

    (c) Paragraphs 20 and 53. Defendants represent that the document identified in Paragraph 20 can be located in the administrative record at AR-139 at 56-61, pages that Plaintiffs assert do not exist. Defendants further contend that the document identified in Paragraph 53 can be found at AR-107 at 677. However, that is the location of the document identified in Paragraph 52. Thus, Defendants shall either provide Plaintiffs with the correct location of these documents in the administrative record, or Defendants shall furnish said documents.

    (d) Plaintiffs' motion is **GRANTED** as to Paragraphs 5 and 51. Plaintiffs assert that "many decisions concerning the project were made and transmitted via electronic mail." (Pls. Supp. Br. at 6.) Defendants respond that the

---

1. (...continued)
record.
    Defendants analogize the instant motion to Plaintiffs' motion to seek discovery outside the administrative record, which the court has already denied. While there is some overlap of issues, the two motions are not identical. In Plaintiffs' previous motion, they sought to subject sixteen different individuals to document requests and oral depositions, essentially asking the court to allow them to seek new evidence. The court determined that such discovery was improper, and review is to be limited to "the full administrative record that was before the [agency] at the time" a decision was made. *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971).
    In contrast, Plaintiffs now assert that certain documents have been "eliminated from the Administrative Record by the agencies." (Pls. Reply Br. at 2.) Plaintiffs are not seeking to discover new evidence. Plaintiffs note that in reviewing agency actions, "the court shall review the *whole* record." 5 U.S.C. § 706. Plaintiffs also highlight that where a state agency prepares an Environmental Impact Statement, the Federal Highway Administration is required to independently evaluate the document. 23 C.F.R. § 771.109(c)(1).
    Essentially, the parties agree that the court's review is limited to the administrative record. What they appear to disagree on is what documents should or should not be included in that record for review. Thus, the court must now turn to the specific documents that Plaintiffs seek to add to the record. Where appropriate, the court has outlined its reasoning.

2

e-mails described in Paragraphs 5 and 51 were not addressed to the FHWA, were not authored by the FHWA, and were not copied to the FWHA. (Defs. Resp. Br. at 8.) However, PennDOT is a Defendant to the action, and the court agrees that such documents should be included in the administrative record. Notably, the administrative record already contains e-mails that were sent between and among FHWA staff up until January 1999, and Defendants have agreed to comply with Paragraph 4 of Plaintiffs' motion which addresses FHWA e-mails from 1999 through June 28, 2001.[2]

 (e) Paragraphs 25, 27, 28, 30-34, 36, 38-41, 43, 58, 60, and 61. PennDOT has been added as a Defendant to the action.

 (f) Paragraph 3. Defendants contend that the referenced document is already contained in the administrative record at AR-80. However, according to Plaintiffs, the reference document is dated May 18, 1995, but the document located at AR-80 was prepared in 1999. Defendants have failed to explain this discrepancy.

 (g) Paragraph 37, to the extent that any other monthly updates are in existence that are not already included in the administrative record.[3]

---

2. The court agrees with Defendants that Plaintiffs' requests for e-mails, contained in Paragraphs 5 and 51, are very broad. However, Defendants have somehow managed to determine which FHWA e-mails are relevant and should be included in the administrative record. Thus, the court is confident that the parties can work out the parameters of the documents that should be included in accordance with Paragraphs 5 and 51.

3. Defendants' response to Paragraph 37 differs from their response to Paragraph 42. As to Paragraph 42 Defendants specifically state that only one report was completed, and they reference where it can be found in the administrative record. In contrast, Defendants do not indicate to the court that the administrative record contains all of the updates identified in Paragraph 37. Accordingly, if any other updates are in existence, Defendants are ordered to supplement the record with said updates.

(h) Paragraph 22. The draft document is specifically referenced in final version of the document identified in this Paragraph.

(i) Paragraph 44. Defendants represent that AR-90 at 22 is the document identified in Paragraph 44, but Plaintiffs assert that it has a different date and is a different correspondence. Defendants are ordered to recheck the document and ensure that the document identified in Paragraph 44 is either already contained in the administrative record or is added thereto.

(j) Paragraph 45 to the extent that the letter identified by Defendants at AR-139 at 588 is not one of the letters identified by Plaintiffs in Paragraph 45. If such letter exists, Defendants shall supplement the administrative record with said letter.

(k) Paragraphs 35, 21. Defendants assert that the inclusion of draft documents violates the Supreme Court's mandate that "inquiry into the mental processes of administrative decision makers is usually to be avoided." *Overton Park*, 401 U.S. at 420. However, at issue in *Overton Park* was placing administrative decision makers under oath during hearings to delve into their mental processes, not a review of all of the drafts that were before the decision maker. Furthermore, Plaintiffs represent to the court that Defendants themselves have included "a multitude of Draft documents in the Record in an attempt to support their various decisions." (Pls. Reply Br. at 13.) Thus, it would be unfair to now establish a rule that draft decisions may not be included in the administrative record, especially since those drafts were before the decision maker at the time the decision was rendered.

(k) Paragraphs 23, 56, and 57. Defendants simply state that these documents "were not considered by FHWA in reaching the decision." (Defs. Opp. Br. at 7.) However, the court must look at the complete record that was before the agency at the time it made its decision. To allow administrative agencies to craft the record for review by delineating between those things that were before the agencies that they did rely upon and those things that were before the agencies that they did not rely upon would frustrate judicial review.

(l) Defendants offer no argument as to why this should not be included in the administrative record.

(2) Plaintiffs' motion is **DENIED** as to the following Paragraphs:

(a) Paragraphs 11 and 12. Defendants assert that after reasonable investigation there are no documents that are known to exist. Plaintiffs have failed to present the court with any indication that Defendants are acting in bad faith, and the court cannot supplement the record with information that is not in existence.

(b) Paragraphs 13 and 49. These Paragraphs seek to supplement the record with traffic studies from a project that is not at issue in this litigation.

(c) Paragraph 47. First, Defendants have located some documentation in the administrative record related to the Route 30 interchange project at AR-95 at 448-49; AR-115 through AR-130. Moreover, Plaintiffs do not assert that this information was before the agency in making its decision, only that it bears some relevance to the efficacy of the decision being challenged in the instant action. Finally, Plaintiffs' Paragraph 47 is worded more like a broad discovery request than a request for supplementation with specific documents. The court already

5

determined in its October 17, 2001 memorandum and order that Plaintiffs may not seek discovery outside the administrative record.

    (d)  Paragraph 55.  This Paragraph is also worded like a broad discovery request.

    (e)  Paragraph 50.

    (f)  Paragraphs 17, 18, and 48.  There is no indication that these documents were before the administrative decision makers.

    (g)  Paragraph 42.  Defendants represent that the document referenced in Paragraph 42 can be found in the administrative record at AR-95 at 386, AR-26. While Plaintiffs do not believe Defendants' representation that only one report was filed, there is no indication that Defendants are acting in bad faith or trying to mislead the court.

    (h)  Paragraph 7.  This Paragraph requests "The Draft 4(f) Statement prepared for the interchange project" which is referenced in the administrative record at AR-102, page 182.  Section 4(f) evaluations are required under 49 U.S.C. § 303(a) where historic resources are at issue.  However, Plaintiffs have not challenged Defendants actions under Section 4(f), and Plaintiffs simply assert that the 4(f) draft "was never released to the success of the agencies' political lobbying efforts focused on overturning these protections." (Pls. Reply Br. at 14.)  Such conclusory and usupported allegations are no bases for the court to require the inclusion of apparently irrelevant documents into the administrative record.

    (i)  Paragraph 10.  Defendants indicate that the information requested by Plaintiffs in this paragraph can be found in the administrative record at AR-3, page 115.  In Plaintiffs' reply brief, they disagree that the document at AR-3, page

115 is the referenced document, but they provide the court with no indication as to how they conclude that "the section clearly refers to a separate body of information which has been excluded from the Record."

   (j) Paragraphs 8, 14, 29, and 46. These Paragraphs relate to the May 9-11, 2000 hearing before the Agricultural Lands Condemnation Approval Board.

(3) Plaintiffs' motion is **DENIED as MOOT** as to Paragraphs 26, 52, and 59. The document identified in Paragraph 26 has been located in the administrative record at AR-91 at 118. The document identified in Paragraph 52 has been located at AR-107 at 677. The document identified in Paragraph 59 has been located at AR-91 at 97.

                 /s/ SYLVIA H. RAMBO
                 United States District Court

Dated: March  /  , 2002