# ORIGINAL

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREENE/GUILFORD ENVIRONMENTAL ASSOCIATION, a non-profit Corporation incorporated under the laws of the Commonwealth of Pennsylvania, CITIZENS FOR PLANNED COMMUNITY GROWTH, an unincorporated association organized under the laws of the Commonwealth of Pennsylvania, PAUL B. AMBROSE, JOHN G. ENDERS, CHARLES F. RAHAUSER, BETSY RAHAUSER, DOUGLAS A. WARNOCK, U.X. VAGNERINI, THOMAS W. BUNDY, STEPHEN P. BUCHER, ROGER J. ROBERTSON, JAMES A. STRITE, JR., DAVID A. GUTHRIE,<br>    Plaintiffs,<br><br>v.<br><br>KEN WYKLE, Administrator, Federal Highway Administration, ROBERT GATZ, Federal Highway Administration,<br>    Defendants,<br><br>and<br><br>BRADLEY L. MALLORY, Secretary for The Department of Transportation, Commonwealth of Pennsylvania,<br>    Intervenor | CIVIL ACTION NO.<br>  1:CV-01-0910<br><br>(Judge Rambo) |

FILED
HARRISBURG, PA
MAR 15 2002
MARY E. D'ANDREA, CLERK
Per_____
   Deputy Clerk

### INTERVENOR'S MOTION FOR RECONSIDERATION OF THE COURT'S MARCH 1, 2002 ORDER

**COMES NOW**, Intevenor, by his attorneys, and move the Court to grant reconsideration of paragraph 1(d) of its March 1, 2002 Order. In support thereof they aver as follows:

1. On or about December 13, 2002, Plaintiffs filed a Motion to Supplement the Administrative Record and for Judicial Notice of Certain Documents.

2. Defendants opposed in part Plaintiffs' request to supplement the record.

3. On March 1, 2002, the Court granted the Motion in part and denied the Motion in part.

4. In paragraph 1(d) of the order, the Court granted paragraphs 5 and 51 of Plaintiffs' Motion.

5. Paragraph 5 requested "Electronic mail communications from the inception of the project to June 28 of 2001 – the date of the release of the 'Re-evaluation' – sent between PennDOT personnel."

6. Paragraph 51 requested "Electronic mails sent between staff for U.S. Representative Bud Shuster and PennDOT".

7. In granting Plaintiffs request, the Court acknowledged in footnote 2 of its March 1, 2002 Order that the requests for e-mail were very broad and asked the parties to work out the parameters of what should be included in the record.

8. On March 11, 2002, pursuant to Footnote 2 of the Court's Order, Plaintiffs' counsel was contacted to discuss this matter.

2

9. Undersigned counsel explained the procedure, time, and some of the costs to Plaintiffs' counsel, as well as the fact that the backups only exist for the period after the Record of Decision ("ROD").

10. Plaintiffs' counsel would not agree that retrieving the e-mail from the backups was unnecessary, and therefore, does not concur with this motion.

11. Intervenor is in the process of contacting the individuals who were involved in the I-81 Interchange project, including executive staff, to obtain any e-mails that they have in their files or presently on their desktop computer system.

12. Intervenor will supplement the administrative record with the results of this search, except for privileged documents (attorney/client).

13. E-mails have been deleted once read.

14. A search could be made of the network's backup to retrieve deleted e-mails.

15. A search of this nature would be extremely costly in terms of time and money considering the relevancy of the e-mails to the outcome of this litigation. See the Declaration of Martin Shortall.

3

16. The total cost of the restoring the e-mails would be approximately $170.958.00. <u>See</u> the Declaration of Martin Shortall.

17. The time necessary to restore the e-mails would be 3232 hours or 202 days assuming two eight hour shifts per day. <u>See</u> the Declaration of Martin Shortall.

18. The ROD, which is the subject of this litigation, was issued on March 25, 1999.

19. The backups did not begin until July 25, 2000, 16 months after the ROD was issued.

20. Finally, based on the administrative record rule, the e-mails are irrelevant because the e-mails are internal documents between PennDOT personnel.

21. The messages were not before the decision-maker (Federal Highway Administration) at the time the ROD was issued, and therefore, could not have played any part in the decision at issue in this litigation.

22. Federal Defendants concur with Intervenor's Motion.

23. Due to the high costs to begin restoring the deleted e-mail ($35,000.00 for a new server), Intervenor will not start the restoration process until the Court provides Intervenor with direction on this matter.

**WHEREFORE**, Intervenor respectfully requests the Court to limit paragraphs 5 and 51 of Plaintiffs' Motion to Supplement to e-mails that are presently in the files for the I-81 Interchange project or presently saved on the individual desktop computers of PennDOT personnel involved with the project and order the search of PennDOT's backup tapes unnecessary.

Respectfully submitted,

*Kenda Jo M. Gardner*
KENDA JO M GARDNER
Assistant Counsel
JOHN M. HRUBOVCAK
Assistant Counsel-in-Charge
ROBERT J. SHEA
Assistant Chief Counsel
ANDREW S. GORDON
Chief Counsel
Commonwealth of Pennsylvania
Pennsylvania Department of
  Transportation
Office of Chief Counsel
P.O. Box 8212
Harrisburg, PA  17105

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREENE/GUILFORD ENVIRONMENTAL ASSOCIATION, a non-profit Corporation incorporated under the laws of the Commonwealth of Pennsylvania, CITIZENS FOR PLANNED COMMUNITY GROWTH, an unincorporated association organized under the laws of the Commonwealth of Pennsylvania, PAUL B. AMBROSE, JOHN G. ENDERS, CHARLES F. RAHAUSER, BETSY RAHAUSER, DOUGLAS A. WARNOCK, U.X. VAGNERINI, THOMAS W. BUNDY, STEPHEN P. BUCHER, ROGER J. ROBERTSON, JAMES A. STRITE, JR., DAVID A. GUTHRIE,<br>       Plaintiffs,<br><br>v.<br><br>KEN WYKLE, Administrator, Federal Highway Administration, ROBERT GATZ, Federal Highway Administration,<br>       Defendants,<br><br>and<br><br>BRADLEY L. MALLORY, Secretary for The Department of Transportation, Commonwealth of Pennsylvania,<br>       Intervenor | CIVIL ACTION NO.<br>1:CV-01-0910<br><br>(Judge Rambo) |

### CERTIFICATE OF SERVICE

I, Kenda Jo M. Gardner, hereby certify that on March 14, 2001, that I did service, by first class mail, postage pre-paid, a true and correct copy of the Pennsylvania Department of Transportation's Motion for Reconsideration of the March 1, 2002 Order, its supporting brief, and the Declaration of Martin Shortall on the following:

Thomas Alan Linzey, Esquire
Community Environmental Legal
Defense Fund (CELDF)
2859 Scotland Road
Chambersburg, PA 17201
(717)709-0457
(717)709-0263 (fax)


Anne Fiorenza
Assistant US Attorney
United States Attorneys Office
Federal Building, Suite 217
228 Walnut Street
P.O. Box 11754
Harrisburg, PA 17108-1754
(717)221-4482
(717)221-2246 (fax)


*Kenda Jo M. Gardner*
Kenda Jo M. Gardner
Assistant Counsel
Supreme Court I.D. Number 65304
P.O. Box 8212
Harrisburg, PA 17105-8212
Telephone: (717) 787-5299
Facsimile: (717) 772-2741
*Attorney for Pennsylvania*
*Department of Transportation*