**ORIGINAL**

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GREENE/GUILFORD ENVIRONMENTAL
ASSOCIATION, a non-profit corporation
incorporated under the laws of the
Commonwealth of Pennsylvania, CITIZENS
FOR PLANNED COMMUNITY GROWTH,
an unincorporated association organized under
the laws of the Commonwealth of Pennsylvania,
PAUL B. AMBROSE, JOHN G. ENDERS,
CHARLES F. RAHAUSER, BETSY
RAHAUSER, DOUGLAS A. WARNOCK,
U.X. VAGNERINI, THOMAS W. BUNDY,
STEPHEN P. BUCHER, ROGER J.
ROBERTSON, JAMES A. STRITE, JR.,
and DAVID A. GUTHRIE,
     Plaintiffs,

v.

KEN WYKLE, Administrator, Federal
Highway Administration, ROBERT GATZ,
Federal Highway Administration,
     Defendants,

And

BRADLEY L. MALLORY, Secretary for
The Department of Transportation,
Commonwealth of Pennsylvania,
     Intervenor.

: CIVIL NO. 1:CV-01-0910
: (Judge Rambo)

FILED
HARRISBURG
MAR 20 2002
MARY E. D'ANDREA, CLERK
Per_____ DEPUTY CLERK

### EXHIBITS TO PLAINTIFFS' ANSWER IN OPPOSITION TO PENNDOT'S MOTION FOR RECONSIDERATION OF THE COURT'S MARCH 1, 2002 ORDER

OS-2 (4-01)

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF TRANSPORTATION
www.dot.state.pa.us



Office of Chief Counsel
P.O. Box 8212
Harrisburg, PA 17105-8212
Telephone No. (717) 787-5299
Fax No. (717) 772-2741

December 11, 2001

**VIA FACSIMILE AND U.S. MAIL**

Thomas Linzey, Esq.
Community Environmental Legal
    Defense Fund
2859 Scotland Road
Chambersburg, PA 17201

<u>**Exhibit One**</u>
<u>PennDOT Letter</u>

Re:   Greene/Guilford Environmental Assoc. v. Wykle (1:CV-01-0910)

Dear Mr. Linzey:

I have reviewed your e-mail requesting to supplement the administrative record. For items 1 through 64, PennDOT adopts the response submitted on behalf of FHWA by the Anne Fiorenza, Esquire, in its entirety, which is dated November 20, 2001. I have attached the November 20, 2001 letter for your convenience.

My records reflect that the list documents provided to me was not the same list provided to FHWA's counsel for review. Specifically, items 65 through 68 were not submitted to FHWA's counsel in your letter requesting to supplement the administrative record. I am unable to provide PennDOT's concurrence or non-concurrence on these items until they are presented to FHWA's counsel.

If you encounter any questions, please feel free to contact me.

Sincerely,

Kenda Jo M. Gardner
Assistant Counsel

Enclosure
cc:   Anne Fiorenza, Esq.
      John Hrubovcak, Esq.
      Deborah Suciu Smith



# U.S. Department of Justice

*United States Attorney's Office*
*Middle District of Pennsylvania*

---

*Federal Building, Suite 220*
*P.O. Box 11754*
*228 Walnut Street*                                    *717-221-4482*
*Harrisburg, Pennsylvania  17108-1754*     *FAX 717-221-4582*

November 20, 2001

Thomas Alan Linzey, Esquire
Community Environmental Legal Defense Fund
2859 Scotland Road
Chambersburg, PA  17201

    RE:   **Greene/Guilford Environmental Association v. Ken Wykle,**
           **Administrator, Federal Highway Administration, Robert Gatz,**
           **Federal Highway Administration**
           **Civil Action No.:  1-CV-01-0910**
           **(Judge Rambo)**

Dear Mr. Lindzey:

      I have reviewed your request to supplement the administrative record, and will respond item by item. Any agreement to supplement, or to allow you to supplement the administrative record should not be construed as a waiver of any objection or assertion of privilege.

1. 1977 Franklin County Comprehensive Plan.  Yes.
      The document has not been located in the Federal Highway Administration's ("FHWA") files but we do not object to your request to supplement the record with this document.

2. Contracts and Work Orders between defendants and Archaeological & Historic Consultants.  No.
      Contracts and Work Orders are not typically included in the Administrative Record; FHWA does not consider these documents as part of its environmental review.

3. Documents outlining reasons for decision not to prepare a Supplemental EIS. No.
    The reevaluation, which is already a part of the Administrative Record ("AR"), is the justification to prepare, or not to prepare the Supplemental EIS. See also AR-96, p. 0755-0760 (4/17/95 memo from PennDot to FHWA)

4. FHWA email from 1/99 to 6/28/01. Yes.
    The FHWA does not download email for retention unless it is under a FOIA request. There was no relevant FOIA request for this period. Email is generally retained in the system for only three months before ir is purged. To the extent that email communications exist, which are relevant but not privileged, we would agree to attach them to the AR.

5. Email communication between PennDot employees. No.
    The AR reflects information used by the FHWA to reach and support its decision in this matter. Email communications between and among PennDot employees are not a part of this process and were not before the decision maker.

6. Missing pages of a PennDot public meeting. Yes.
    These pages were improperly photocopied and were never before the decision maker. Nevertheless, we will try to locate a complete document for the record.

7. Draft 4(f) statement. No.
    This document was never before the FHWA. According to the minutes included in the administrative record, the consultant prepared a draft which would only be distributed if the Keeper of the Register upheld her decision. The draft later proved unnecessary.

8. Transcript of May 2000 ALCAP hearing. No.
    PennDot, and not the FHWA, was a party to this proceeding. PennDot did not order a transcript. The content of the hearing, therefore, was not before the decision maker.

9. Map of "potential avoidance alternative." No.
    This is apparently a reference to a map which was used was apparently used at a management team meeting. There is no indication that it was distributed as a handout. It was not before the decision maker .

10. Pre-May 1990 historic and/or cultural resources study. No.
    The information cited at AR-3, p.115 is the study (that is, background research); there is no separate document.

11. Missing pages from letter between Jeff Greene and Bill Greene. No.
   There are no pages missing; there is merely a typographical error. The signed cover letter is page 1 and page 2 is the attached information.

12. Document evidencing completion date of study. No.
   No such document is known to exist. The document was completed between kickoff meeting and the first public meeting, based on information provided in AR-85, bottom of page 18 and top of 19.

13. Policy document re: interpretation of Act 61. No.
   The cited document in the AR refers to "recent interpretation." We do not know if it is a "policy" or a "document". There is, however, no indication in the record that there is an actual document.

14. Wal-Mart Impact Study. No.
   This document was never before FHWA. The reference in the AR seems to indicate that the document was acquired by a consultant during a municipality visit.

15. Transcript of "Cultural Resources Group" meeting. No.
   This document does not exist.

16. Emails withheld from FOIA request. No.
   These emails are subject to the attorney-client privilege, as asserted during the FOIA process.

17. Farmland Assessment Report. No.
   This was not part of the record and was never produced to FHWA.

18. Commonwealth court and Supreme Court ruling. No.
   FHWA was not a party to the state proceedings. Decisions are a matter of public record.

19. Work Orders and Contracts. No.
   Contracts and Work Orders are not typically included in the Administrative Record; FHWA does not consider these documents as part of its environmental review.

20. February 10, 1995 letter from "Bill" to "Seppo." No.
   This document cannot be located in the FHWA records. If plaintiffs have a copy of the document, please provide it and we will consider whether it is appropriately part of the AR.

Page -3-

21. August 19, 1996 letter from Santorum to Shull.   No.
    See answer to 20.

22. November 21, 1996 letter from Santorum to Stevenson.   No.
    See answer to 20.

23. June 4, 1998 Memorandum.   No.
    See answer to 20.

24. April 7. 1998 message form Heimbach to USDA.  Yes.
    This document can be found at AR-139, p. 56-61.

25. Announcement from Pennsylvania Bulletin.  No.
    This document is part of the public record.  See answer to 18.

26. Drafts of ROD.  No.
    Drafts are not typically included in administrative record, absent a specific reason to do so.  Any such draft would also be subject to the deliberative process privilege.

27. August 1998 version of "Mitigation Measures."  No.
    This is also a request for a draft of a document   See answer to 26.

28. October 7, 1998 letter from Carmichael to Szajna.  No.
    The letter is not found in the AR.  Moreover, FOIA requests are not typically included in the AR.

29. Missing page 2.  Yes.
    Copy attached.  Page 2 was inadvertently omitted while photocopying original files.

30. June 1, 1994 communication from Nace to Huber.  Yes and No.
    The Policy Statement can be found at AR-86, p.4.  The letter not included in FHWA files. See answer to 20.

31. Kober/Bowser memo dated August 2, 1993.  Yes.
    The document can be found at AR-91, p. 118.

32. Draft Letter from Yerusalim to Shuster dated June 5, 1992.  No.
    This document was not found in FHWA files.  These is no reason why FHWA would have PennDot's draft of a letter.

33. Draft Letter from Yerusalim to Shuster dated May 29, 1992. No.
    See answer to 32.

34. Draft Farmlands Assessment Report. No.
    This report relates to the ALCAB proceeding to which FHWA was not a party. FHWA would not have draft of this document.

35. October 23, 1987 Twelve Year Program. No.
    This is not a FHWA document. It was not before the decision maker.

36. See 35.

37. See 35.

38. See 35.

39. See 35.

40. Original Draft of Addendum to Criteria Effect Report. No.
    The original does not exist in FHWA files. It was therefore not before the decision maker. (A copy has been located in the district files and will be forwarded for your information, but there is no indication it was ever transmitted to FHWA.)

41. PennDot Design Manual. No.
    This is a PennDot document, not before the FHWA. At the time of its decision.

42. Monthly Shuster Updates. No.
    These "updates" were not before the decision maker; moreover, FHWA does not know if "updates" provided to a congressman were prepared as a document or merely as a phone call.

43. PennDot Pub 349. No.
    See answer to 41.

44. PennDot Pub 319. No.
    See answer to 41.

45. PennDot Pub 278. No.
    See answer to 41.

46. PennDot Pub 324.  No.
    See answer to 41.

47. Progress Reports filed by Orth-Rogers.  No.
    These reports, if they exist, were not before FHWA. In the normal course, progress reports would be given to PennDot but would not be part of the administrative record.

48. Letter Fike/Hoffman.  No.
    This is a letter to PennDot, not located in the FHWA files. It was not before the decision maker.

49. Attachment to Shuster/Yerusalem letter.  Yes.
    AR-90, p.22

50. Heimbach letters.  Yes.
    November 16, 2000 letter from Skelly and Loy to Whites found at AR-138, p. 120. Letter from Salzmann and DePaulis to Skelly and Loy re: Gabler Far found at AR-139, p. 588.

51. Pre-Hearing Memoranda-ALCAB.  No.
    FHWA was not a party to the ALCAB proceedings. The memoranda was, therefore, not before the decision maker.

52. Traffic Counts.  Yes.
    These can be found at AR-156, p. 101-229.

53. Traffic Studies – Route 30.  Yes.
    Route 30 traffic data can be found at AR-95, p. 448-459. Route 30 studied as part of I-81 traffic studies, AR-115 to AR-130.

54. Newpaper Article.  No.
    This article was not before the decisionmaker.

55. Project Locations Study.  No.
    This document was not located in the AR, nor could it be located in the PennDot district office files. These is not indication is was before the decision maker.

56. Subdivision Plans.  No.
    Plans for this time period were not before the decision maker.

Page -6-

57. Emails between Shuster and FHWA/PennDot. No.
    These are not found in the administrative record.

58. Keazer/Gibbs memorandum. Yes.
    This can be found at AR-107, p. 677.

59. Slater/Gendell Memorandum. Yes.
    This can be found at AR-95, p. 519.

60. Work Order Proposals. No.
    These proposals were submitted to PennDot and not to FHWA, and were not before the decision maker.

61. Advertisement prepared by PennDot and FHWA.. No.
    This advertisement was not before the decision maker as part of the environmental review process.

62. March 20, 1995 letter. No.
    These contracts are part of the fiscal file and not part of the environmental review process. These documents were not before the decisionmaker.

63. March 21, 1996 Memorandum. No.
    See answer to No. 2 and No. 62.

64. April 20, 1989 letter Brosius/Kerns. No.
That document has not been located in the FHWA files See answer to No. 1 above.

                                        Sincerely,

                                        MARTIN C. CARLSON
                                        United States Attorney

                                        _____
                                        ANNE K. FIORENZA
                                        Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREENE/GUILFORD ENVIRONMENTAL ASSOCIATION, a non-profit corporation incorporated under the laws of the Commonwealth of Pennsylvania, CITIZENS FOR PLANNED COMMUNITY GROWTH, an unincorporated association organized under the laws of the Commonwealth of Pennsylvania, PAUL B. AMBROSE, JOHN G. ENDERS, CHARLES F. RAHAUSER, BETSY RAHAUSER, DOUGLAS A. WARNOCK, U.X. VAGNERINI, THOMAS W. BUNDY, STEPHEN P. BUCHER, ROGER J. ROBERTSON, JAMES A. STRITE, JR., and DAVID A. GUTHRIE,<br>　　　　　　　Plaintiffs,<br><br>　　　　v.<br><br>KEN WYKLE, Administrator, Federal Highway Administration, ROBERT GATZ, Federal Highway Administration,<br>　　　　　　　Defendants,<br><br>　　　　And<br><br>BRADLEY L. MALLORY, Secretary for The Department of Transportation, Commonwealth of Pennsylvania,<br>　　　　　　　Intervenor. | CIVIL NO. 1:CV-01-0910<br>(Judge Rambo)<br><br><br>**Exhibit Two**<br>**Paul Ambrose Affidavit**<br>**Chart of PennDOT**<br>　　　**File Reviews** |

**DECLARATION OF PAUL B. AMBROSE**

Plaintiff Paul B. Ambrose, being of sound mind and majority age, hereby declares that:

1. I serve as an elected Township Supervisor in Greene Township, Franklin County, Pennsylvania.

2. I have served as an elected Township Supervisor since being elected in November of 1991, and assuming office in January of 1992.

2

3. Beginning in June of 1995, the Township hired John Szajna, Esq. of Nassaux-Hemsley, Inc. to conduct Record reviews of PennDOT's files relevant to the "Exit 7" Interchange Project. As part of those reviews, Mr. Szajna was directed by the Township to photocopy all relevant "Exit 7" documents contained within PennDOT files.

4. Those file reviews occurred in June, 1995, on September 20, 1995, on December 13, 1995, on October 18, 1996, on February 21, 1997, on October 27, 1997, on May 1, 1998, on July 20, 1998, on September 10, 1998, on February 26, 1999, and on October 26, 1999. The accompanying chart, entitled "PennDOT FOIA Requests and Record Reviews", was provided by the engineering firm, and recounts the dates upon which the file reviews were carried out.

5. I accompanied Mr. Szajna for the PennDOT Administrative Record file review that he completed on September 10, 1998.

6. On that date, I reviewed all of the cartons which contained documents comprising the entire Administrative Record compiled by PennDOT on the "Exit 7" Interchange up to that date.

7. No electronic mails sent or received by PennDOT personnel were included in any of the documents compiled by PennDOT for the Administrative Record up to the date upon which I reviewed the "Exit 7" files.

8. Of the documents photocopied by Mr. Szajna for all review periods and produced to the Township Supervisors for review, no electronic mails were provided to the Supervisors.

I declare under penalty of perjury, pursuant to the provisions of 28 U.S.C. section 1746 that the above is true and correct to the best of my knowledge.

Executed this _17_ day of March, 2002.

*Paul B Ambrose*
Paul B. Ambrose

## PennDOT
## FOIA REQUESTS AND RECORD REVIEWS

| Date | Agency |
|---|---|
| 6/95 | PennDOT |
| 9/20/95 | PennDOT |
| 12/13/95 | PennDOT |
| 10/18/96 | PennDOT |
| 2/21/97 | PennDOT |
| 10/27/97 | PennDOT |
| 5/1/98 | PennDOT |
| 7/20/98 | PennDOT |
| 9/10/98 | PennDOT |
| 2/26/99 | PennDOT |
| 10/26/99 | PennDOT |

(MiscellaneousA:\PennDOT.wpd)