*to crt w/ order*

# ORIGINAL

60
3/29/

## In the United States District Court for the Middle District of Pennsylvania

GREENE/GUILFORD ENVIRONMENTAL
ASSOCIATION, a non-profit corporation incorporated
under the laws of the Commonwealth of Pennsylvania,
CITIZENS FOR PLANNED COMMUNITY GROWTH,
an unincorporated association organized under the laws of
the Commonwealth of Pennsylvania, PAUL B. AMBROSE,
JOHN G. ENDERS, CHARLES F. RAHAUSER,
BETSY RAHAUSER, DOUGLAS A. WARNOCK, U.X
VAGNERINI, THOMAS W. BUNDY, STEPHEN P.
BUCHER, ROGER J. ROBERTSON, JAMES A.
STRITE, JR., DAVID A. GUTHRIE

v.

KEN WYKLE, Administrator, Federal Highway
Administration, ROBERT GATZ, Federal
Highway Administration

and

BRADLEY L. MALLORY, Secretary for
The Department of Transportation, Commonwealth
of Pennsylvania
        Defendant-Intervenor

Civ. No. 1:CV-01-0910

(Judge Rambo) ✓



FILED
MAR 2 8 2002
PER ___
HARRISBURG, PA   DEPUTY CLERK

### PLAINTIFFS' MOTION TO EXTEND DEADLINE FOR FILING DISPOSITIVE MOTION TO DECEMBER 1, 2002

AND NOW, come the Plaintiffs in the above captioned case, and respectfully request that this Court grant an extension to the Plaintiffs for the filing of their Motion for Summary Judgment and supporting Brief to December 1, 2002, for the following reasons:

1. On March 1, 2001, this Court granted in part and denied in part Plaintiffs' Motion to Supplement the Administrative Record.

2. On March 15, 2002, Intervenor PennDOT moved for a Reconsideration of this Court's March 1, 2001 Order. Specifically, PennDOT requested that this Court allow the agency to not produce electronic mails generated by the agency from July 25, 2000 to June 28, 2001 (the date of the issuance of the Reevaluation of the Record of Decision). In addition, the agency sought permission to comply with this Court's Order to compile electronic mails from 1992 to July 25, 2000 by simply requesting agency staff to provide saved electronic mails to supplement to the Record.

3. In its Motion for Reconsideration, PennDOT stated that it would take "202 days" to restore the electronic mails (from July 25, 2000 to June 28, 2001) necessary for compliance with this Court's March 1, 2002 Order. *See Intervenor's Motion for Reconsideration of the Court's March 1, 2002 Order* at 4.

4. Defendant FHWA has agreed to supplement the Record with the electronic mails requested by the Plaintiffs. The FHWA did not join PennDOT's Motion for Reconsideration, and has already provided agency electronic mails generated from 1994 to 1999 in the already compiled Administrative Record.

5. On March 18, 2002, the Plaintiffs filed an Answer in Opposition to Intervenor PennDOT's Motion for Reconsideration.

6. As a result of this Court's original calendaring of this case, and a previous extension, dispositive motions are currently due by March 31, 2002.

7. As of the date of the filing of this Motion for Extension, no documents have been supplemented to the Administrative Record by the Defendants or the Intervenor.

8. Several categories of documents to be supplemented to the Record may be voluminous. These include the draft documents to be produced under section 1(k) of this Court's March 1, 2002 Order, electronic mails to be produced by the Defendant and the Intervenor under section 1(d) of this Court's Order; and all contracts, work orders, and proposals for work orders for the planning and design of the interchange under section 1(a) of this Court's Order.

9. The Plaintiffs are unable to file a complete dispositive Motion until the Record is made whole.

10. Due to the Intervenor's assertion of the time necessary to comply with part of this Court's Order and the Plaintiff's time necessary to review and integrate additional Record materials into a supporting Brief for the filing of a dispositive Motion, the Plaintiffs believe that the extension of the filing deadline to December 1, 2002 is necessary.

11. The Plaintiffs have been unable to obtain concurrence from the other parties for the filing of this Motion. Counsel for the Plaintiffs contacted counsel for the agencies on the morning of Tuesday, March 26th to obtain concurrence for the filing of this Motion. No response to that request was received by the afternoon of Wednesday, March 27th.

Respectfully Submitted this 27th Day of March, 2002,

_____
Thomas Alan Linzey, Esq.
Supreme Court I.D. #76069
Community Environmental Legal Defense Fund (CELDF)
2859 Scotland Road
Chambersburg, Pennsylvania 17201
(717) 709-0457
(717) 709-0263 (fax)

*Counsel for the Plaintiffs*

## CERTIFICATE OF SERVICE OF PROCESS

I, Thomas Linzey, hereby swear and affirm that I have served the accompanying MOTION on the Parties identified below by the following method:

**Pre-Paid First Class U.S. Mail**

The following individuals were served with the MOTION:

Anne K. Fiorenza, Esq.
Martin Carlson, Esq.
Acting U.S. Attorney for the Middle District of Pennsylvania
Suite 217, Federal Building
228 Walnut Street
Harrisburg, Pennsylvania 17108-1754

Kenda Jo Gardner, Esq.
Office of Chief Counsel
Pennsylvania Department of Transportation
P.O. Box 8212
Harrisburg, Pennsylvania 17105-8212

Signed,

_____
Thomas Alan Linzey, Esq.
Community Environmental Legal Defense Fund (CELDF)
2859 Scotland Road
Chambersburg, Pennsylvania 17201

*Counsel for the Plaintiffs*

Dated this 27th Day of March, 2002