

**ORIGINAL**

MCC:AKF:nz

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREENE/GUILFORD ENVIRONMENTAL ASSOCIATION, a non-profit corporation incorporated under the laws of the Commonwealth of Pennsylvania, CITIZENS FOR PLANNED COMMUNITY GROWTH, an unincorporated association organized under the laws of the Commonwealth of Pennsylvania, PAUL B. AMBROSE, JOHN G. ENDERS, CHARLES F. RAHAUSER, BETSY RAHAUSER, DOUGLAS A. WARNOCK, U.X. VAGNERINI, THOMAS W. BUNDY, STEPHEN P. BUCHER, ROGER J. ROBERTSON, JAMES A. STRITE, JR., DAVID A. GUTHRIE, <br><br> Plaintiffs, <br><br> v. <br><br> KEN WYKLE, Administrator, Federal Highway Administration, ROBERT GATZ, Federal Highway Administration, <br><br> Defendants, <br><br> and <br><br> BRADLEY L. MALLORY, Secretary for The Department of Transportation, Commonwealth of Pennsylvania, <br><br> Intervenor. | CIVIL ACTION NO. 1:CV-01-0910 <br><br> (RAMBO, J.) |



### DEFENDANTS' RESPONSE TO THE MOTION FOR RECONSIDERATION

Defendants Wykle and Gatz, officials of the Federal Highway Administration, by and through Martin C. Carlson, United States

Attorney for the Middle District of Pennsylvania, and the undersigned Assistant United States Attorney, hereby file this response to the Intervenor's Motion for Reconsideration of the Court's order of March 1, 2002:

1. On March 1, 2002, this Court issued a memorandum and order granting in part and denying in part the Plaintiffs' motion to supplement the administrative record;

2. On March 29, 2002, Defendants and the Intervenor filed additional documents in accordance with that order;

3. The Intervenor also filed a Motion for Reconsideration of one paragraph of the Court's order:

4. While the Motion for Reconsideration was limited to a portion of the order relating only to PennDot documents and was based solely on the extraordinary expense of time and money required to produce documents which may or may not exist, the Plaintiffs' brief in opposition to the Motion for Reconsideration compels the Defendants to make this response;

5. First, Plaintiffs' response makes much of the fact that the Motion for Reconsideration is filed only by the Intervenor, and is not joined by the Defendants. This response is intended, in part, to make clear that if Plaintiffs interpret this to mean a lack of support for the Intervenor's position, no such

inference should be drawn. The Motion was styled as it was for the reasons outlined in paragraph 4 above;

6. Second, although Plaintiffs have complied with the Court's order and have not sought reconsideration of any part thereof, the United States wishes to state its position again for the record: Plaintiffs initiated this action against officials of the Federal Highway Administration to challenge the validity of the decision made by the Federal Highway Administration. PennDot chose to intervene in this case because it is the grantee of the Federal Funds at issue and because it compiled certain documents for consideration by the Federal Highway Administration in making the federal agency's decision regarding the location of the exit. Documents authored by agencies other that the Federal Highway Administration which were not submitted to the Federal Highway Administration (such as emails between PennDot employees) were not before the federal decision maker at the time of that agency's decision and are outside of the Federal Highway Administration's administrative record. <u>Idaho Conservation League v. Thomas</u>, 917 F. Supp. 1458, 1468-69 (D. Idaho 1995). See also <u>Society Hill Towers Owners' Ass'n v. Rendell</u>, 20 F. Supp. 2d 855, 862-63 (E.D. PA. 1999), aff'd 210 F.3d 168 (the court denied request to supplement record because "[t]o review more than the information before the Secretary at the time [he] made [his] decision risks our requiring administratofs to be

prescient or allowing post hoc rationalizations." Id. at 863 (citations omitted).

          Respectfully submitted,

          MARTIN C. CARLSON
          United States Attorney

          */s/ Anne K. Fiorenza*
          ANNE K. FIORENZA
          Assistant U.S. Attorney
          228 Walnut Street, Suite 220
          P.O. Box 11754
          Harrisburg, Pennsylvania  17108

          KENDA JO M GARDNER
          Assistant Counsel
          JOHN M. HRUBOVCAK
          Assistant Counsel-in-Charge
          ROBERT J. SHEA
          Assistant Chief Counsel
          ANDREW S. GORDON
          Chief Counsel
          Office of Chief Counsel
          Pennsylvania Department of
          Transportation
          Commonwealth of Pennsylvania
          P.O. Box 8212
          Harrisburg, PA  17190
          (717) 787-5299
          Fax: (717) 772-2741

Dated:  April 1, 2002

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREENE/GUILFORD ENVIRONMENTAL ASSOCIATION, et al, | : : : | CIVIL ACTION NO. 1:CV-01-0910 |
| Plaintiffs, | : | |
| v. | : : | |
| KEN WYKLE, et al., | : : | |
| Defendants, | : : | |
| and | : : | |
| BRADLEY L. MALLORY, | : : | |
| Intervenor. | : | |

### CERTIFICATE OF SERVICE

    The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

    That on April 1, 2002, she served a copy of the attached:

**0EFENDANTS' RESPONSE TO THE MOTION FOR RECONSIDERATION**

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania.

Addressee:

    Thomas Alan Linzey, Esquire
    COMMUNITY ENVIRONMENTAL LEGAL DEFENSE FUND
    2859 Scotland Road
    Chambersburg, Pennsylvania  17201

*[signature]*
Naomi Zimmerman
Legal Assistant