**ORIGINAL**

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREENE/GUILFORD ENVIRONMENTAL ASSOCIATION, a non-profit Corporation incorporated under the laws of the Commonwealth of Pennsylvania, CITIZENS FOR PLANNED COMMUNITY GROWTH, an unincorporated association organized under the laws of the Commonwealth of Pennsylvania, PAUL B. AMBROSE, JOHN G. ENDERS, CHARLES F. RAHAUSER, BETSY RAHAUSER, DOUGLAS A. WARNOCK, U.X. VAGNERINI, THOMAS W. BUNDY, STEPHEN P. BUCHER, ROGER J. ROBERTSON, JAMES A. STRITE, JR., DAVID A. GUTHRIE,<br>Plaintiffs,<br><br>v.<br><br>KEN WYKLE, Administrator, Federal Highway Administration, ROBERT GATZ, Federal Highway Administration,<br>Defendants,<br><br>and<br><br>BRADLEY L. MALLORY, Secretary for The Department of Transportation, Commonwealth of Pennsylvania,<br>Intervenor | CIVIL ACTION NO.<br>1:CV-01-0910<br><br>(Judge Rambo) |

<u>INTERVENOR'S REPLY TO PLAINTIFFS' ANSWER
IN OPPOSITION TO THE MOTION FOR RECONSIDERATION OF
THE COURT'S MARCH 1, 2002 ORDER</u>

On or about December 13, 2002, Plaintiffs filed a Motion to Supplement the Administrative Record and for Judicial Notice of Certain Documents. Defendants and

Intervenor opposed, in part, Plaintiffs' request to supplement the record. On March 1, 2002, the Court granted the Motion in part and denied the Motion in part.

On March 29, 2002, Defendants and Intervenor filed the Supplement to the Administrative Record pursuant to the Court's March 1, 2002 order. The Supplement does not include the documents that are at issue in this Motion for Reconsideration - e-mails that must be restored from back-up tapes, if any exist other than the e-mails that were produced. However, pages 113-139 of AR-159 of the Supplement do contain internal PennDOT e-mails that were contained in relevant PennDOT personnel files or saved on their desktop computer systems.

Secretary Bradley L. Mallory of the Pennsylvania Department of Transportation (PennDOT), Intervenor, has filed a Motion requesting reconsideration of only one paragraph of the Court's March 1, 2002 order - paragraph 1(d) of the order. In his motion, Intervenor requested that the Court order the following: (1) paragraphs 5 and 51 of Plaintiffs' Motion to Supplement is limited to e-mails that are presently in the files for the I-81 Interchange project or presently saved on the individual desktop computers of PennDOT personnel involved with the project; and (2) the search of PennDOT's exchange server

2

backups is unnecessary. The Plaintiffs filed an answer in opposition claiming: (1) internal e-mails between PennDOT personnel should be part of the Federal Highway Administration's (FHWA's) record; (2) PennDOT's internal e-mails should be a part of FHWA's record simply because he intervened in the above captioned case; and (3) that PennDOT is attempting to sidestep the production of electronic mails from the inception of the I-81 Interchange project to the installation of a network server on July 25, 2000. This reply will explain why each of these propositions are simply not true.

**A.   PennDOT's internal e-mails are not part of FHWA's administrative record.**

Without citing any legal authority, Plaintiffs argue that PennDOT's internal e-mails are necessary in order for the Court to have the "whole" Federal administrative record. Plaintiffs are defining "whole" Federal record inconsistently with the well-settled Administrative Record Rule. Internal PennDOT e-mails that were not provided to FHWA for this project and that FHWA did not rely on in issuing the Record of Decision (ROD) are not part of FHWA's administrative record.

Judicial review under the National Environmental Policy Act (NEPA) and National Historic Preservation Act

(NHPA) is based solely on a review of the administrative record that was before the decision-makers at the time the relevant determinations were made. Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 420 (1971); Vermont Yankee Nuclear Power Corp. Inc., 435 U.S. at 549; Don't Ruin Our Park v. Stone, 749 F. Supp. 1388 (M.D. Pa. 1990), aff'd, 931 F.2d 49 (3d Cir. 1990). In Camp v. Pitts, 411 U.S. 138, 142 (1973), the Supreme Court stated "[t]he focal point for judicial review should be the administrative record already in existence, not *some new record made initially in the reviewing court.*" (Emphasis added.)

PennDOT's internal e-mails are extra-record documents. In the above captioned matter, internal PennDOT e-mails were never provided to FHWA. FHWA did not directly or indirectly rely on these e-mails in issuing the ROD for this project or in deciding not to complete a Supplemental Environmental Impact Statement (SEIS). As of the filing of the supplement to the administrative record on March 29, 2001, this Court does have the "whole" administrative record that was before FHWA, in addition to several extra record documents.

Extra record items may be considered by the Court under limited circumstances such as (1) when an

4

administrative action was not explained which would frustrate effective judicial review; (2) to explain technical terms or complex subject matter; or (3) a strong showing of agency bad faith. Camp v. Pitts, 411 U.S. at 142-43; Animal Defense Council v. Hodel, 840 F.2d 1432, 1436 (9th Cir. 1998). The burden is on the party seeking to introduce the extra record materials. Animal Defense Counsel, 840 F.2d at 1436. None of these exceptions are present in this litigation. See October 17, 2001 Memorandum Decision issued by the Court for this litigation at 8-14.

Other courts have been confronted with this issue and have not permitted the addition of the extra record documents into the Federal administrative record. In Society Hill Towers Owners' Ass'n v. Rendell, 20 F. Supp. 2d 855, 862-63 (E.D. Pa. 1999) aff'd 210 F.3d 168, plaintiff requested that the record be supplemented with numerous correspondence, photographs of the project site, a petition objecting to the project, several newspaper articles, and a HUD environmental record. Like the present case, Society Hill was an appeal under the NEPA and NHPA. The court did not permit supplementation of the record because for the court "[t]o review more than the information before the Secretary at the time [he] made

5

[his] decision risks our requiring administrators to be prescient or allowing post hoc rationalizations." Id. at 863, citing American Petroleum Inst. v. Costle, 609 F.2d 20, 23 (D.C. Cir. 1979).

In Raybachek v. U.S. EPA, 904 F.2d 1276, 1296 (9th Cir. 1990), plaintiffs requested judicial notice (which the court treated as a motion to supplement the record) of several documents which contain reports, analysis, and comments by other federal agencies criticizing the mining regulations at issue in the litigation. The court found that EPA did not rely on the proffered documents. The court denied the motion stating that: "Judicial review of agency actions should generally be confined to the original record upon which the actions were based."

In Idaho Conservation League v. Thomas, 917 F.Supp. 1458, 1468-69 (D. Idaho 1995), the court granted a motion to strike several exhibits. The Court agreed that documents (1) which were authored by agencies other than the Forest Service (the federal decision-maker) and (2) which were not sent to the Forest Service were not before the decision maker at the time of the decision, and therefore, were outside the Forest Service's administrative record.

6

In <u>Inland Empire Public Lands Council v. Glickman</u>, 911 F.Supp. 431, 437 (D. Mont. 1995), another district court granted a motion to strike several exhibits. The court held that the exhibits stricken were not before the agency at the time the decision was made. The court cited <u>Camp</u>, 411 U.S. at 142, as authority quoting that the administrative record is "not some new record made initially in the reviewing court". <u>See</u> <u>also</u>, <u>Sierra Club v. Dombeck</u>, 161 F. Supp. 2d 1052, 1063-64 (D. Az. 2001) (court struck excerpts from a General Accounting Office report holding that the report was not relied on by the agency in making its decision and that the extensive record provides ample basis for the court's review); <u>Custer County Action Association v. Garvey</u>, 256 F.3d 1024, 1027 (10th Cir. 2001) (in an appeal of the Federal Aviation Administration's and the Air national Guard's orders approving an airspace initiative, the court denied a motion to supplement the record with newspaper articles, U.S. Census Bureau population estimates, and a preliminary draft of a Generic EIS for Air Force Low Altitude Flying Operations).

Based on the above discussion of the well-settled Administrative Record Rule, PennDOT's internal e-mail are extra record documents and should not be added to FHWA's

administrative record for the I-81 Interchange project because none of the exceptions apply to this case.

B. **The content of the FHWA's administrative record would not change just because a state agency intervenes in the litigation.**

Plaintiffs claim that because Secretary Mallory, intervened in this litigation, internal PennDOT correspondence and e-mails are now a part of FHWA's administrative record. As discussed in detail above, based on the well-settled Administrative Record Rule, the administrative record does not change depending on who is a party to the litigation. Therefore, whether the Secretary of PennDOT is a party has no baring on the content of FHWA's administrative record. The question is whether the e-mails were before FHWA in rendering a decision. If the answer is no, as in this case, then the e-mails are extra record materials and not to be included in FHWA's administrative record. The answer to that question does not change if PennDOT is an Intervenor in the litigation or if PennDOT happens to have a copy of the Federal record. Claiming that the content of the record depends on who are the parties to the litigation is inconsistent with the well-settle principal that the record is not some new record made in the reviewing courts.

While maintaining its objection to the inclusion of the internal PennDOT e-mails, Intervenor has provided the e-mails that exist without searching back-up tapes. Moreover, as discussed in detail below, from the inception of the project until July of 2000 (16 months after the issuance of the ROD which is the focal point of this appeal), the key PennDOT personnel did not use the e-mail system available to them because it was complicated and burdensome.

Plaintiffs request for PennDOT internal e-mails is basically a discovery request of extra record evidence – a request for production of documents. Plaintiffs are on a fishing expedition. On October 17, 2001, this Court has held in this administrative record case that discovery is not proper.

C. **The majority of PennDOT personnel did not use the e-mail system available to them through the PennDOT mainframe prior to July 25, 2000 because it was burdensome to use.**

Plaintiffs claim that PennDOT is attempting to sidestep the Court's order by not having e-mails from the project's inception to July 25, 2000. This statement is false.

On or about July 25, 2000, PennDOT personnel had available through the network server e-mail via Outlook.

9

Prior to that date, PennDOT personnel could send e-mail through the mainframe using an IBM software application called Customer Information Control System (CICS). This system was very complicated and burdensome to use and could not accept or send attachments. A copy of the manual for sending e-mails is attached as Exhibit "A".

Several declarations have been filed with the Court by the key PennDOT personnel that were involved with the I-81 Interchange project. The majority of these individuals did not use the CICS e-mail system to send e-mails for any project and did not direct any of their staff to send e-mails with regard to this project.[1] See, Declarations of John Rautzahn, P.E., Christie Perry, Antonia Zawisa, John Bachman, Larry King, and Michael Ryan, P.E., Colleen Brown, P.E., and Jay Smith P.E. Simply put, internal PennDOT e-

---

[1] Only two PennDOT personnel used the CICS e-mail system, Jeffrey Weaver, P.E. and Michael Gillespie, P.E. From November, 1996 until April, 2001, Mr. Weaver was in the habit of saving messages sent and received. Of the 724 messages saved on the e-mail system during this time period none relate to the I-81 Interchange project. Prior to 1996, Mr. Weaver's involvement with the project was peripheral at best. Prior to 1996, Mr. Weaver did not actively participate in the project or play a role in the PennDOT decision-making process for the project. See, Declaration of Jeffery Weaver, P.E. Mr. Gillespie's involvement throughout his employment with PennDOT with regard to the project was peripheral at best. Mr. Gillespie did not actively participate in the project or play a role in the PennDOT decision-making process for the project. See, Declaration of Michael Gillespie, P.E.

10

mails sent prior to July 25, 2000 were highly unlikely to exist.[2]

D. **FHWA's administrative record contains the documentation necessary for the Court to review whether FHWA acted arbitrarily in deciding not to draft a SEIS after the ROD was issued. PennDOT's internal e-mail are irrelevant to FHWA's decision not to draft a SEIS.**

Plaintiffs claim that the e-mails are needed for the Court to review Count 3 and 6 of their Amended Complaint. In Count 3, Plaintiffs claim that a SEIS should have been completed because of the Agricultural Land Condemnation and Assessment Board (ALCAB) proceeding. As discussed in prior court filings, ALCAB is purely a state procedure. Moreover, the Court has determined that the ALCAB proceeding was irrelevant to the present litigation by denying Plaintiffs' motion to supplement the record with the various documents produced through this proceeding, i.e. the Farmland Assessment Report and the ALCAB transcripts.

To decide whether FHWA was arbitrary in deciding that a SEIS was not necessary after the ROD was issued, all the

---

[2] Moreover, PennDOT only has a back-up system for the CICS e-mail system that goes back approximately three weeks. With the Outlook e-mail system in place, nobody uses the CICS e-mail unless the network is down. Therefore, PennDOT would be unable to restore any of the e-mails from CICS during the time period from 1987 to July, 2000.

11

Court needs to review is the 2001 re-evaluation (AR-83) and the technical studies (AR-156 and AR-157) to determine if there were either substantial changes to the proposed project or significant new impacts not considered in the ROD. 40 C.F.R. §1502.9(c); 23 C.F.R.§771.130. PennDOT internal e-mail are irrelevant to deciding this issue. The same can be said for plaintiffs' allegations in paragraphs 120-23 of Count 6 regarding changes to the Kriner Road area.

E.  **Conclusion**

Based on the above discussion, Intervenor specifically requests this Honorable Court to grant its Motion for Reconsideration of its March 1, 2002 Order.

                Respectfully submitted,

                *Kenda Jo M. Gardner*
                KENDA JO M GARDNER
                Assistant Counsel
                JOHN M. HRUBOVCAK
                Assistant Counsel-in-Charge
                ROBERT J. SHEA
                Assistant Chief Counsel
                ANDREW S. GORDON
                Chief Counsel
                Commonwealth of Pennsylvania
                Pennsylvania Department of
                  Transportation
                Office of Chief Counsel
                P.O. Box 8212
                Harrisburg, PA  17105

Dated: April 1, 2002

**CERTIFICATE OF SERVICE**

I, Kenda Jo M. Gardner, hereby certify that on April 1, 2002, that I did service, by first class mail, postage pre-paid, a true and correct copy of INTERVENOR'S REPLY TO PLAINTIFFS' ANSWER IN OPPOSITION TO THE MOTION FOR RECONSIDERATION OF THE COURT'S MARCH 1, 2002 ORDER and supporting Exhibits on the following individuals:

Thomas Alan Linzey, Esquire
Community Environmental Legal
Defense Fund (CELDF)
2859 Scotland Road
Chambersburg, PA  17201
(717)709-0457
(717)709-0263 (fax)


Anne Fiorenza
Assistant U.S. Attorney
United States Attorneys Office
Federal Building, Suite 217
228 Walnut Street
P.O. Box 11754
Harrisburg, PA  17108-1754
(717)221-4482
(717)221-2246 (fax)


*Kenda Jo M. Gardner*
Kenda Jo M. Gardner
Assistant Counsel
Supreme Court I.D. Number 65304
P.O. Box 8212
Harrisburg, PA  17105-8212
Telephone:  (717) 787-5299
Facsimile:  (717) 772-2741
*Attorney for Pennsylvania
    Department of Transportation*

13