2 TO G

**ORIGINAL**

FILED
HARRISBURG, PA

APR 0 8 2002

MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

# In the United States District Court for the Middle District of Pennsylvania

GREENE/GUILFORD ENVIRONMENTAL
ASSOCIATION, a non-profit corporation incorporated
under the laws of the Commonwealth of Pennsylvania,
CITIZENS FOR PLANNED COMMUNITY GROWTH,      :   Civ. No. 1:CV-01-0910
an unincorporated association organized under the laws of
the Commonwealth of Pennsylvania, PAUL B. AMBROSE, :   (Judge Rambo)
JOHN G. ENDERS, CHARLES F. RAHAUSER,
BETSY RAHAUSER, DOUGLAS A. WARNOCK, U.X
VAGNERINI, THOMAS W. BUNDY, STEPHEN P.
BUCHER, ROGER J. ROBERTSON, JAMES A.
STRITE, JR., DAVID A. GUTHRIE

v.

KEN WYKLE, Administrator, Federal Highway
Administration, ROBERT GATZ, Federal
Highway Administration

       and

BRADLEY L. MALLORY, Secretary for
The Department of Transportation, Commonwealth
of Pennsylvania
       Defendant-Intervenor

## PLAINTIFFS' REPLY TO FHWA'S RESPONSE TO PENNDOT'S MOTION FOR RECONSIDERATION

AND NOW, come the Plaintiffs in the above-captioned case and file this Reply to the Federal Highway Administration's *Response to the Motion for Reconsideration*.

I. The FHWA and PennDOT Continue to Rely Upon an Erroneous Legal Standard Which Would Enable the Agencies to Pick and Choose Which Documents to Include in the Administrative Record.

In its Response, the FHWA continues to contend (this time, "for the record" *See Defendant's Response to the Motion for Reconsideration* at para. 6) (emphasis added) that only those documents that were "before the federal decision maker at the time of that agency's decision" should be included in the Administrative Record. *Id.*

The agencies' continued attempt to advance this argument is puzzling. In this Court's March 1st Order granting in part, and denying in part, the Plaintiffs' *Motion to Supplement the Record*, this Court succinctly explained that

> [t]o allow administrative agencies to craft the record for review by delineating between those things that were before the agencies that they did rely upon and those things that were before the agencies that they did not rely upon would frustrate judicial review.

*March 1st Order* at 5.

In essence, FHWA's argument seems to rest upon the assumption that delegation to a state agency of federal responsibilities under the National Environmental Policy Act (NEPA) somehow limits the Administrative Record to only those materials possessed by the federal agency. That reasoning leads to an illogical outcome in which the level of disclosure for inclusion in the Record would be determined solely by the degree of delegation, and would result in a Record fragmented to the point of being unrecognizable.

If FHWA had prepared the environmental documents itself, all communications (including electronic mails) would rightly be included in the Administrative Record. Yet, under the FHWA's twisted reasoning, if the agency delegates NEPA responsibilities to

-2-

another agency, then the Record would not include those materials. Such an outcome is not consistent with the letter or intent of the National Environmental Policy Act (NEPA) or its implementing regulations. Simply put, the "whole record" must be the "whole" record.

The agencies are again advancing this legal standard because they have nothing left to argue in their attempt to keep electronic mails generated from the inception of the project to 2000 from becoming part of the Administrative Record. Indeed, PennDOT has all but admitted that the electronic mails no longer exist and that compilation of the "whole record" that includes those electronic mails has been rendered an impossibility.

FHWA's counsel takes the extraordinary step of alleging that the Plaintiffs have requested the production of documents which "may or may not exist" (*See Defendants' Response to the Motion for Reconsideration* at para. 4), even though the agency itself has included over two hundred and fifty electronic mails produced between 1994 and 1999 in the Administrative Record. AR-113. To contend that PennDOT staff never exchanged e-mails on the project during this period exceeds the bounds of credulity.

As recounted in the Plaintiffs' *Answer to PennDOT's Motion for Reconsideration*, several FHWA electronic mails have shed significant light on the process used to push the interchange project to its conclusion. As another example, in an electronic mail sent from FHWA's Gee to Robert Gatz on January 13, 1995 - recently discovered by the Plaintiffs - Gee declared that

> Manny [Manuel Marks, Division Administrator, FHWA] called me this afternoon and said that PA DOT has received additional pressure to move the schedule up two months. Manny doesn't think that's possible.

AR-113 at 186.

Outside of the electronic mails - which often served as the sole record of conversations among agency staff on the project - such decisions and discussion were never recorded anywhere else for later review.

Unlike the staff of FHWA, however, PennDOT staff made absolutely no attempts to identify and add electronic mails to their administrative files as the interchange project progressed.

The Work Order Proposals and Work Orders produced by PennDOT in their recent supplementation of the Record reveal that PennDOT had hired a consultant to periodically assemble and update the Administrative Record in 1994, 1995, 1996, 1998, 1999, and 2000. PennDOT, however, apparently failed to ensure that e-mails were included in any of those updates.

In December of 1994, a consulting firm was hired by PennDOT to conduct a "review of all documents to be prepared between the Public Hearing and Record of Decision." AR-166 at 1972. In July of 1995, the same consultant was directed to review "technical files" and "technical basis reports." AR-166 at 1924. In December of 1995, the same consultant was directed to provide "technical document review and assistance" and to review "all documents in preparation for the Record of Decision." AR-166 at 1898. In May of 1996, the same consultant was hired by PennDOT to assist with the compilation of the "Administrative Record." AR-166 at 1858.

In January of 1998, PennDOT directed the same consulting firm to compile "the Administrative Record which supports the conclusions of the Draft EIS and the Final EIS. . . [and] work will include. . . binding of loose documents into bulk documents." AR-165 at 1818. In November of 1999, the agency again directed the consultant to compile a "Judicial Record" which included the "binding of loose documents into bulk documents." AR-165 at 1799. In September of 2000, the agency again directed the consultant to "coordinate and assimilate the project's Administrative Record. . . Updates will be provided for the Department's files and its consultants." AR-165 at 1774.

PennDOT has admitted that it has no central record or central files which contain electronic mails from the same period in which FHWA has produced electronic mails - from 1994 to 2000. The agency has asked this Court to simply allow it to informally

contact individuals "who were involved in the I-81 Interchange project. . . to obtain any e-mails that they have in their files or presently on their desktop computer system" as a means of complying with this Court's Order to include electronic mails into the Record. *See PennDOT's Motion for Reconsideration* at para. 11.

Leaving aside the fact that many of those individuals have now left the agency, PennDOT's request rests on the assumption that e-mails (and the computer systems themselves) from 1994 still exist. Such an unlikely proposition makes PennDOT's request untenable and guarantees that the preparation of the "whole record" by the agency has now been rendered an impossibility.

The law is clear on this issue. In making a determination of whether agency decisions were "arbitrary and capricious" under the Administrative Procedure Act, the court must "review the whole record." 5 U.S.C. §706.

Yet, the agencies continue to assert caselaw that has been considered and rejected by this Court - arguing that the electronic mails somehow constitute part of a "new record made initially in the reviewing court" or that electronic mails are somehow "extra record documents." *See PennDOT's Reply to Plaintiffs' Answer in Opposition to the Motion for Reconsideration* at 4-6; FHWA's *Response* at 3. None of the authority cited by the agencies, however, come close to making their point. Each deals solely with affidavits, reports, and comments made by "other federal agencies" which the Plaintiffs had sought to include in the Administrative Record. *See Raybachek v. U.S. EPA*, 904 F.2d 1276, 1296 (9th Cir. 1990); *Idaho Conservation League v. Thomas*, 917 F. Supp. 1458, 1468-1470 (D. Idaho 1995) and other cases cited in PennDOT's *Reply* at 6-8.

Such authority is not sufficient for the agencies to carry their burden of proving that this Court should reconsider its March 1, 2002 Order.

## II. The Agencies' Argument that PennDOT's Electronic Mails Should be Excluded from the Record is Untenable Because PennDOT Has Already Included Hardcopy Documents in the Record Which Were Never "Before the FHWA"

The Administrative Record bulges with internal PennDOT communications which were never "before the FHWA."

For example, in just two of the seven volumes of the Record containing correspondence from 1995, PennDOT has included Working Meeting Minutes (AR-94 at 10); Memoranda from PennDOT's consultants to PennDOT staff (AR-94 at 20, 22, 24, 159); Briefing Reports (AR-94 at 264); Memoranda of PennDOT's consultants to the File (AR-94 at 370, 371); Progress Reports prepared by PennDOT's consultants for PennDOT (AR-94 at 386); and Letters from PennDOT to Chambersburg Borough Council (AR-94 at 488) that were never circulated to the FHWA, and thus, were never "before the FHWA."

While admitting that all hardcopy materials circulated by PennDOT staff are rightly part of the Record, the agencies continue to maintain that electronic mails are somehow rightfully excludable from the Record. The agencies have yet to successfully argue, however, how communications sent electronically differ from these hardcopy communications to the extent that electronic mails should not be part of the Record, or that PennDOT should be excused from producing them.

## III. The Agencies' Argument That Few PennDOT Personnel Used the PennDOT Mainframe to Send Electronic Mails from 1994 to 2000, and That the Lack of Use Enables the Agency to Exclude Those Mails from the Record, Skirts the Entire Issue of Agency Responsibility to Maintain the Administrative Record.

PennDOT argues, and FHWA supports, the contention that since PennDOT personnel avoided the use of the PennDOT Mainframe to send e-mails, PennDOT is not responsible for capturing those electronic mails into the Administrative Record. *See*

-6-

*PennDOT's Reply to Plaintiffs' Answer in Opposition to the Motion for Reconsideration* at 9-11. PennDOT's contention is simply untenable, and is akin to making the argument that hardcopy correspondence, sent directly from PennDOT staff members to others during the pendency of the project, is rightfully excludable from the Administrative Record simply because the correspondence was not also sent to a central repository. Again, such an interpretation would make a mockery out of the Administrative Record prepared for judicial review.

Respectfully Submitted this 5th Day of April, 2002.

_____
Thomas Alan Linzey, Esq.
Community Environmental Legal Defense Fund
2859 Scotland Road
Chambersburg, Pennsylvania 17201
(717) 709-0457
(717) 709-0263 (fax)

*Counsel for the Plaintiffs*

## CERTIFICATE OF SERVICE OF PROCESS

I, Thomas Linzey, hereby swear and affirm that I have served the accompanying REPLY on the Parties identified below by the following method:

**Pre-Paid First Class U.S. Mail**

The following individuals were served with the REPLY:

Anne K. Fiorenza, Esq.
Martin Carlson, Esq.
Acting U.S. Attorney for the Middle District of Pennsylvania
Suite 217, Federal Building
228 Walnut Street
Harrisburg, Pennsylvania 17108-1754

Kenda Jo Gardner, Esq.
Office of Chief Counsel
Pennsylvania Department of Transportation
P.O. Box 8212
Harrisburg, Pennsylvania 17105-8212

Signed,

_____
Thomas Alan Linzey, Esq.
Community Environmental Legal Defense Fund (CELDF)
2859 Scotland Road
Chambersburg, Pennsylvania 17201

*Counsel for the Plaintiffs*

Dated this 5th Day of April, 2002