

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GREENE/GUILFORD ENVIRONMENTAL ASSOCIATION,** a non-profit corporation incorporated under the laws of the Commonwealth of Pennsylvania; **CITIZENS FOR PLANNED COMMUNITY GROWTH,** an unincorporated association organized under the laws of the Commonwealth of Pennsylvania; **PAUL B. AMBROSE; JOHN G. ENDERS; CHARLES F. RAHAUSER; BETSY RAHAUSER; DOUGLAS A. WARNOCK, U.X. VAGNERINI; THOMAS W. BUNDY; STEPHEN P. BUCHER; ROGER J. ROBERTSON; JAMES A. STRITE, JR.;** and **DAVID A. GUTHRIE,**<br><br>Plaintiffs<br><br>v.<br><br>**KEN WYKLE,** Administrator, Federal Highway Administration; and **ROBERT GATZ,** Federal Highway Administration,<br><br>Defendants<br><br>and<br><br>**BRADLEY L. MALLORY,** Secretary for the Department of Transporation, Commonwealth of Pennsylvania,<br><br>Intervenor, | CIVIL NO. 1:CV-01-0910<br><br> |

## ORDER

Before the court is Intervenor's motion for partial reconsideration of the court's March 1, 2002 order. The parties have briefed the issues, and the motion is ripe for disposition.

On December 13, 2001, Plaintiffs filed a motion to supplement the administrative record and for judicial notice of certain documents. In an order dated March 1, 2002, the court granted Plaintiffs' motion in part and denied it in part. At issue in the instant motion is Paragraph 1(d) of the court's March 1, 2002 order. Paragraph 1(d) granted Paragraphs 5 and 51 related to PennDOT e-mails. Paragraph 5 of Plaintiffs' motion requested "electronic mail communications from the inception of the project to June 28 of 2001 . . . sent between PennDOT personnel." Paragraph 51 requested "electronic mails sent between staff for the U.S. Representative Bud Shuster and PennDOT."

Intervenor now seeks reconsideration of Paragraph 1(d). Rather than reiterating Intervenor's arguments, the court will quote from Intervenor's supporting brief at length:

> Intervenor is in the process of contacting the individuals who were involved in the I-81 Interchange project, including executive staff, to obtain any e-mails that they have in their files or presently on their desktop computer system. Intervenor will supplement the administrative record with the results of this search.
>
> However, some e-mails may have been deleted once read. Herein lies the problem. Since PennDOT has operated a network, each day from approximately 6:00 p.m. to 6:00 a.m., PennDOT backs up its exchange servers and places the backup on magnetic media. A search could be made of these backups to retrieve deleted e-mails. A search of this nature would be extremely costly in terms of time and money . . .
>
> The total number of days that would need to be searched is 404. . . . The time to restore the server would take approximately 4 hours for each day restored. . . Once that day is restored, if the search is limited to a specified list of personnel, the time to search the restored day for the e-mails regarding the I-81 Interchange project would take approximately 2 hours for each day restored. Then, approximately 2 hours would be needed to tear

2

> down the server to get it ready for the next restore. For each day to be restored . . . 8 hours would be needed to retrieve the e-mails. The total hours needed to complete all 404 days is approximately 3232 hours. Using two eight hour shifts, it would take 202 days to complete the retrieval of the e-mails. This would cost approximately $135,138 in labor. In addition, PennDOT would have to purchase an additional server to retrieve these e-mails which would cost $35,820. The total cost to search the backups for e-mails would be $170.958.

(Interven. Br. in Supp. Mot. Recon. at 2-5.)

Upon consideration of the extreme burden placed on Intervenor to retrieve deleted e-mails, **IT IS HEREBY OREDERED THAT** Intervenor's motion for reconsideration of the Court's March 1, 2002 order is **GRANTED** such that Paragraph 1(d) of the court's March 1, 2002 order shall be replaced with the following:

(d) As to Paragraphs 5 and 51, Plaintiffs' motion is **GRANTED** to the extent that PennDOT officials can retrieve e-mails that are in the files or presently in the desktop computer system of individuals who were involved in the I-81 Interchange project. Intervenor will not be required to conduct a lengthy and costly search of its backup technology.

*/s/ Sylvia H. Rambo*
SYLVIA H. RAMBO
United States District Court

Dated: May 21, 2002