2 TO CT
W/ PROPO

ORIGINAL

614
R

**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

FILED
HARRISBURG, PA

JUN 1 3 2002

MARY E. D'ANDREA, CLE
Per _____
Deputy Clerk

GREENE/GUILFORD ENVIRONMENTAL           :
ASSOCIATION, a non-profit corporation   :
incorporated under the laws of the      :
Commonwealth of Pennsylvania, CITIZENS  :
FOR PLANNED COMMUNITY GROWTH,           :
an unincorporated association organized under   : CIVIL NO. 1:CV-01-0910
the laws of the Commonwealth of Pennsylvania,   : (Judge Rambo) ✓
PAUL B. AMBROSE, JOHN G. ENDERS,        :
CHARLES F. RAHAUSER, BETSY              :
RAHAUSER, DOUGLAS A. WARNOCK,           :
U.X. VAGNERINI, THOMAS W. BUNDY,        :
STEPHEN P. BUCHER, ROGER J.             :
ROBERTSON, JAMES A. STRITE, JR.,        :
and DAVID A. GUTHRIE,                   :
                    Plaintiffs,         :
                                        :
            v.                          :
                                        :
KEN WYKLE, Administrator, Federal       :
Highway Administration, ROBERT GATZ,    :
Federal Highway Administration,         :
                    Defendants,         :
                                        :
            And                         :
                                        :
BRADLEY L. MALLORY, Secretary for       :
The Department of Transportation,       :
Commonwealth of Pennsylvania,           :
                    Intervenor.         :

**PLAINTIFFS' MOTION FOR AUTHORIZATION UNDER LOCAL RULE 7.8 TO**
**FILE A SUMMARY JUDGMENT BRIEF IN EXCESS OF FIFTEEN PAGES**

AND NOW, come the Plaintiffs in the above captioned case and respectfully request that this Court waive Local Rule 7.8 as applied to the Plaintiffs' Brief in Support of Summary Judgment for the following reasons:

1.  The Defendants have produced an Administrative Record that is contained within fourteen boxes and comprises one hundred and seventy-seven (177) volumes containing materials prepared from 1987 to 2001. Many of those volumes contain individual correspondence, Memoranda, and other documents collected over those fourteen years.

2.  The Administrative Record contains twenty-one (21) volumes of "Traffic Technical Data" and other "Technical Data."

3.  In their Complaint, the Plaintiffs have raised eight primary allegations that the Defendants' and the Intervenor's decision to proceed with the construction of the proposed interchange violated federal law and regulations. The Plaintiffs intend to ask this Court to grant Summary Judgment for the Plaintiffs on all eight Counts.

4.  The original Complaint filed in this action – which solely addressed the underlying law and the documents in the Plaintiffs' possession at the time of the initiation of this action – prior to the Plaintiffs' access to the Administrative Record – was fifty-four (54) pages in length.

5. The Plaintiffs possess the burden of proof in this proceeding, which requires that the Plaintiffs show that the Administrative Record reveals that the Defendants' decision to approve the construction of an interstate interchange near Chambersburg was arbitrary and capricious - or not supported by law - under the Administrative Procedure Act.

6. Defendants and Intervenor have consistently opposed the Plaintiffs' requests to conduct limited discovery and to supplement the Administrative Record with additional materials. In addition, this Court has allowed the highway agencies to produce an incomplete record of electronic communications dealing with the planning for the proposed interchange. Thus, the Plaintiffs are forced to rely entirely upon the Administrative Record to prove their allegations.

7. Several of the Plaintiffs' allegations rest upon a showing that the highway agencies engaged in a pattern or practice of predetermining the location of the proposed interchange, in violation of federal law and regulations. Illustrating a pattern or practice has required the Plaintiffs to retrieve materials from the Administrative Record from a period extending over fourteen years – from 1987 to 2001. Showing that pattern and practice requires the Plaintiffs to file a lengthy Brief.

8.  The Plaintiffs' Brief in Support of Summary Judgment has been completed, and due to both the unique nature of the Record in this case, the necessity of revealing how individual decisions by the Defendants and the Intervenor were arbitrary, capricious, and not supported by law; and the elongated duration of the planning for the proposed interchange, the Plaintiffs' Brief is one hundred and forty-nine (149) pages in length.

9.  The Plaintiffs' Brief in Support of Summary Judgment cannot be shortened without prejudicing the ability of the Plaintiffs to prove their allegations.

10. On June 10, 2002, the Defendants and Intervenor filed a Motion for Summary Judgment and a Brief in Support of that Motion. In that Brief, the Defendants and Intervenor spent fifty (50) pages simply reviewing the history of the project and reiterating their claim that all legal steps were taken to comply with federal law and regulations during the planning process for the proposed interchange.

11. The Plaintiffs assert that - if allowed by this Court to file the Plaintiffs' Brief in Support of Summary Judgment *in toto* – that the Plaintiffs' Answer to the Defendants' Brief will be limited to less than fifteen pages.

12. The Plaintiffs assert that – if allowed by this Court to file the Plaintiffs' Brief in Support of Summary Judgment *in toto* – that the Plaintiffs would be willing to submit this case for resolution solely on the Briefs.

13. The Defendants will not be prejudiced by the granting of this Motion, because a filing of the Plaintiffs' complete Brief will offer the Defendants a complete version of the Plaintiffs' arguments in one, centralized filing, and enable that filing to serve as a reference point for the Plaintiffs' Answer to the Defendants' Motion for Summary Judgment and for the Plaintiffs' Reply to the Defendants' Answer to the Plaintiffs' Motion for Summary Judgment.

14. The Defendants have not concurred in this request, and have declared to the Plaintiffs that they would oppose any request to file a Brief which exceeds the number of pages filed by the Defendants and the Intervenor in their Brief in support of Summary Judgment.

15. Plaintiffs intend on filing their Motion for Summary Judgment and supporting Brief within seven days after the filing of this Motion. Therefore, this Motion complies with Local Rule 7.8's "two working days" request for authorization.

Therefore, for the reasons outlined in this Motion, the Plaintiffs respectfully request that this Court waive the provisions of Local Rule 7.8 and authorize the Plaintiffs to file a one hundred and forty-nine (149) page Brief which fully supports the Plaintiffs' claims in this proceeding.

Dated this _____ Day of June, 2002

Thomas Alan Linzey, Esq.
Community Environmental Legal Defense Fund (CELDF)
2859 Scotland Road
Chambersburg, Pennsylvania 17201
*Counsel for the Plaintiffs*

## **Certificate of Service of Process**

I, Thomas Alan Linzey, Esq., hereby swear and affirm that I have served the MOTION on the Parties identified below by the following method:

FIRST CLASS MAIL PRE-PAID

The following individuals were served with the MOTION:

Anne Fiorenza, Esq.
Assistant U.S. Attorney
United States Attorneys Office
Federal Building, Suite 217
228 Walnut Street
P.O. Box 11754
Harrisburg, Pennsylvania 17108-1754

Kenda Jo Gardner, Esq.
Assistant Counsel
Pennsylvania Department of Transportation
P.O. Box 8212
Harrisburg, Pennsylvania 17105-8212

I swear and affirm that service of the MOTION was completed this _____ Day of June, 2002.

Signed,

Thomas Alan Linzey, Esq.
Community Environmental Legal Defense Fund (CELDF)
2859 Scotland Road
Chambersburg, Pennsylvania 17201

*Counsel for the Plaintiffs*