ORIGINAL

FILED
HARRISBURG, PA

JUL 31 2002

MARY E. D'ANDREA, CLERK
Per_____
       Deputy Clerk

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREENE/GUILFORD ENVIRONMENTAL ASSOCIATION, a non-profit Corporation incorporated under the laws of the Commonwealth of Pennsylvania, CITIZENS FOR PLANNED COMMUNITY GROWTH, an unincorporated association organized under the laws of the Commonwealth of Pennsylvania, PAUL B. AMBROSE, JOHN G. ENDERS, CHARLES F. RAHAUSER, BETSY RAHAUSER, DOUGLAS A. WARNOCK, U.X. VAGNERINI, THOMAS W. BUNDY, STEPHEN P. BUCHER, ROGER J. ROBERTSON, JAMES A. STRITE, JR., DAVID A. GUTHRIE,<br>       Plaintiffs,<br><br>v.<br><br>KEN WYKLE, Administrator, Federal Highway Administration, ROBERT GATZ, Federal Highway Administration,<br>       Defendants,<br><br>and<br><br>BRADLEY L. MALLORY, Secretary for the Department of Transportation, Commonwealth of Pennsylvania,<br>       Intervenor | CIVIL ACTION NO. 1:CV-01-0910<br><br>(Judge Rambo) |

### FEDERAL DEFENDANTS' AND INTERVENOR'S JOINT MOTION TO STRIKE PLAINTIFFS' ANSWER IN OPPOSITION TO JOINT MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

Defendants Ken Wykle and Robert Gatz and intervenor Bradley L. Mallory, by and through their undersigned counsel, hereby move this Court to strike two documents, Plaintiffs' Answer in Opposition to Joint Motion for Summary Judgment ("opposition brief") and Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion for Summary Judgment ("summary judgment brief"), and in support thereof, state as follows:

**Procedural Background**

1. On June 7, 2002, defendants and intervenor filed a joint motion for summary judgment.

2. On or about June 12, 2002, plaintiffs filed a motion to increase the page limit of their summary judgment brief from fifteen (15) pages to 149 pages.

3. On June 17, 2002, this Court ordered that plaintiffs may file a summary judgment brief "not to exceed FIFTY pages".

4. Plaintiffs filed a motion to increase the page limit of their opposition brief (captioned "Plaintiffs' Answer in Opposition to Joint Motion for Summary Judgment") from fifteen (15) pages, as permitted by the local rules, to forty (40) pages.

1

5. On July 15, 2002, this Court granted plaintiffs' motion and ordered the length of the opposition brief "not to exceed forty (40) pages".

6. On July 25, 2002, plaintiffs filed Plaintiffs' Motion for Summary Judgment, Plaintiffs' Statement of Undisputed Material Facts in Support of their Motion for Summary Judgment, plaintiffs' summary judgment brief, plaintiffs' opposition brief, and Plaintiffs' Answer to Agencies' Joint Statement of Undisputed Material Facts.

7. Rule 7.8(a) of the local rules of the United States Court for the Middle District of Pennsylvania states: "No brief may incorporate by reference all or any portion of any other brief."

**Opposition Brief**

8. Plaintiffs' opposition brief is forty-two (42) pages in length.

9. On pages 1, 2, and 31 of the opposition brief, plaintiffs refer this Court to sections of another document, i.e, their summary judgment brief, in violation of local rule 7.8.

10. In the argument section alone, plaintiffs referenced approximately forty (40) pages of material from their summary judgment brief in violation of local rule 7.8.

11. Plaintiffs also referenced the Counter-History of the Case, Counter-Statement of Facts, and Counter-Statement of Questions involved from their memorandum of law in support of their motion for summary judgment, which consists of six (6) additional pages in violation of local rule 7.8.

12. When the pages incorporated by reference are added to the brief, plaintiffs' opposition brief totals approximately eighty-eight (88) pages, which is in violation of this Court's July 15, 2002 order limiting the length of the opposition brief to forty (40) pages.

13. Furthermore, the footnotes contained in the opposition brief are a smaller font size than the font size used in the body of the brief in violation of Rule 5.1 of the local rules of the United States Court for the Middle District of Pennsylvania.

**Summary Judgment Brief**

14. On pages 35 through 38 of the summary judgment brief, plaintiffs refer the Court to sections of their opposition brief.

15. On pages 35 through 38 of their summary judgment brief, plaintiffs referenced pages 2 through 41 of their

opposition brief (approximately thirty-nine (39) pages) in violation of local rule 7.8.

16. When the pages incorporated by reference are added to the brief, plaintiffs' summary judgment brief totals approximately eighty-nine (89) pages, which is in violation of this Court's June 17, 2002 order limiting the length of the summary judgment brief to fifty (50) pages.

17. Again, the footnotes contained in plaintiffs' summary judgment brief were a smaller font size than the font size used in the body of the brief, in violation of Rule 5.1 of the local rules of the United States Court for the Middle District of Pennsylvania.

18. Normally, defendants and intervenor would not object to going over the page limit by two pages, referencing the statement of facts in their main brief, or using a smaller font size in the footnotes; however, the cumulative effect of these violations is prejudicial to defendants and intervenor who have endeavored to file documents in conformance with the local rules.

**WHEREFORE**, defendants and intervenor respectfully request that this Court strike Plaintiffs' Answer in Opposition to Joint Motion for Summary Judgment (opposition brief) and Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion for Summary Judgment.

Respectfully submitted,

THOMAS A. MARINO
United States Attorney

*/s/ Anne K. Fiorenza*
ANNE K. FIORENZA
Assistant United States Attorney
Federal Building - 2nd Floor
228 Walnut Street
P.O. Box 11754
Harrisburg, PA  17108-1754

*/s/ Kenda Jo M. Gardner*
KENDA JO M. GARDNER
Assistant Counsel
JOHN M. HRUBOVCAK
Assistant Counsel-in Charge
ROBERT J. SHEA
Assistant Chief Counsel
ANDREW S. GORDON
Chief Counsel
Pennsylvania Department of Transportation
Office of Chief Counsel
P.O. Box 8212
Harrisburg, PA  17105

Date:  July 31, 2002

5

**CERTIFICATE OF NON-CONCURRENCE**

I, Anne Fiorenza, hereby certify that on July 31, 2002 I spoke with Thomas A. Linzey, Esquire, counsel for plaintiffs. Mr. Linzey does not concur in this motion.

                                                   _____
                                                   ANNE FIORENZA
                                                   Assistant United States Attorney

Date: July 31, 2002

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that she is an employee in the United States Attorney's office and is a person of such age and discretion to be competent to serve papers.

    On this 31 day of July, 2002, she served a copy of the foregoing document by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by deposition said envelope and contents in the United States Mail at Harrisburg, Pennsylvania to:

Thomas Alan Linzey, Esquire  
Community Environmental Legal Defense Fund  
2859 Scotland Road  
Chambersburg, PA  17201

*[signature]*  
Chyenna Gowdy