ORIGINAL

FILED
HARRISBURG, PA

JUL 3 1 2002

MAR___ D'ANDREA, CLERK
Per_____ Deputy Clerk

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GREENE/GUILFORD ENVIRONMENTAL
ASSOCIATION, a non-profit
Corporation incorporated under the
laws of the Commonwealth of
Pennsylvania, CITIZENS FOR PLANNED
COMMUNITY GROWTH, an unincorporated
association organized under the
laws of the Commonwealth of
Pennsylvania, PAUL B. AMBROSE,
JOHN G. ENDERS, CHARLES F.
RAHAUSER, BETSY RAHAUSER, DOUGLAS
A. WARNOCK, U.X. VAGNERINI, THOMAS
W. BUNDY, STEPHEN P. BUCHER,
ROGER J. ROBERTSON, JAMES A.
STRITE, JR., DAVID A. GUTHRIE,
        Plaintiffs,

        v.

KEN WYKLE, Administrator, Federal
Highway Administration, ROBERT
GATZ, Federal Highway
Administration,
        Defendants,

        and

BRADLEY L. MALLORY, Secretary for
the Department of Transportation,
Commonwealth of Pennsylvania,
        Intervenor

CIVIL ACTION NO.
  1:CV-01-0910

(Judge Rambo)

BRIEF IN SUPPORT OF JOINT MOTION
TO STRIKE PLAINTIFFS' ANSWER IN OPPOSITION TO JOINT
MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF LAW
IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

I.  **Procedural History**

On May 24, 2001, plaintiffs filed an action challenging the Federal Highway Administration's (FHWA) approval of Alternative D Modified for the I-81 Interchange project located in Franklin County, Pennsylvania. Plaintiffs claim that FHWA failed to comply with the National Environmental Policy Act (NEPA) and the National Historic Preservation Act (NHPA).  On June 7, 2002, defendants and intervenor filed a joint motion for summary judgment.

On or about June 12, 2002, plaintiffs filed a motion to increase the page limit of their summary judgment brief from fifteen (15) pages to 149 pages.  On June 17, 2002, this Court ordered that plaintiffs may file a summary judgment brief "not to exceed FIFTY pages".

Plaintiffs filed a motion to increase the page limit of their opposition brief (captioned "Plaintiffs' Answer in Opposition to Joint Motion for Summary Judgment") from fifteen (15) pages, as permitted by the local rules, to forty (40) pages.  On July 15, 2002, this Court granted plaintiffs' motion and ordered the length of the opposition brief "not to exceed forty (40) pages".

1

On July 25, 2002, plaintiffs filed Plaintiffs' Motion for Summary Judgment, Plaintiffs' Statement of Undisputed Material Facts in Support of their Motion for Summary Judgment, Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion for Summary Judgment ("summary judgment brief"), Plaintiffs' Answer in Opposition to Joint Motion for Summary Judgment ("opposition brief"), and Plaintiffs' Answer to Agencies' Joint Statement of Undisputed Material Facts. Defendants and intervenor filed a motion to strike plaintiffs' opposition and summary judgment briefs. This brief is in support of this motion.

## II. Statement of Facts

The facts necessary for the motion to strike are contained in the procedural history section of this brief.

## III. Statement of Questions Involved

The following issue is presently before the Court: Whether plaintiffs violated the local rules and this Court's orders regarding the content and length of their opposition brief and summary judgment brief.

Suggested answer: Yes.

## IV. Argument

Rule 7.8(a) of the local rules of the United States Court for the Middle District of Pennsylvania clearly states: "No brief may incorporate by reference all or any portion of any other brief." Plaintiffs violated Rule 7.8 in their opposition brief and summary judgment brief by referencing sections of the other brief.

### A. Opposition Brief

On pages 1, 2, and 31 of the opposition brief, plaintiffs refer this Court to sections of their summary judgment brief, in violation of local rule 7.8. In the argument section alone, plaintiffs referenced approximately forty (40) pages of material from their summary judgment brief in violation of local rule 7.8. Plaintiffs also referenced the Counter-History of the Case, Counter-Statement of Facts, and Counter-Statement of Questions involved from their memorandum of law in support of their motion for summary judgment, which consists of six (6) additional pages in violation of local rule 7.8.

With respect to their opposition brief, plaintiffs also violated the Court's July 15, 2002 order and local rule 5.1. First, the opposition brief filed by plaintiffs was forty-two (42) pages. Second, when the pages incorporated by reference are added to the brief,

3

plaintiffs' opposition brief totals approximately eighty-eight (88) pages. Therefore, the brief violates the Court's July 15, 2002 order limiting the length of the opposition brief to forty (40) pages. Moreover, the footnotes contained in the opposition brief are a smaller font size than the font size used in the body of the brief in violation of Rule 5.1 of the local rules of the United States Court for the Middle District of Pennsylvania.

B.  **Summary Judgment Brief**

On pages 35 through 38 of the summary judgment brief, plaintiffs refer the Court to sections of the their opposition brief. Specifically, plaintiffs referenced pages 2 through 41 of their opposition brief (approximately thirty-nine (39) pages) in violation of local rule 7.8.

Again, with respect to their summary judgment brief, plaintiffs also violated the Court's June 17, 2002 order and local rule 5.1. When the pages incorporated by reference are added to the brief, plaintiffs' summary judgment brief totals approximately eighty-nine (89) pages. Therefore, the brief violates the Court's June 17, 2002 order limiting the length of the summary judgment brief to fifty (50) pages. The footnotes contained in plaintiffs'

4

summary judgment brief were a smaller font size than the font size used in the body of the brief, in violation of Rule 5.1 of the local rules of the United States Court for the Middle District of Pennsylvania.

Normally, defendants and intervenor would not object to going over the page limit by two pages, referencing the statement of facts in their main brief, or using a smaller font size in the footnotes.  However, the cumulative effect of these violations and incorporating by reference large chunks of plaintiffs' argument section of the briefs are prejudicial to defendants and intervenor.  Defendants and intervenor have worked hard at complying with the local rules and the Court's orders regarding the content and length of their summary judgment brief.  During litigation, the importance of the local rules ensuring a level playing field should not be disturbed which is the reason defendants and intervenor filed the motion to strike.

## V. Conclusion

Based on the above discussion, plaintiffs opposition and summary judgment briefs violate local rules 7.8 and 5.1 and the Court's orders, and therefore, should be stricken.

Respectfully submitted,

THOMAS A. MARINO
United States Attorney

*Anne K. Fiorenza* (signature)
ANNE K. FIORENZA
Assistant United States Attorney
Federal Building - 2nd Floor
228 Walnut Street
P.O. Box 11754
Harrisburg, PA 17108-1754

*Kenda Jo. Gardner* (signature)
KENDA JO M. GARDNER
Assistant Counsel
JOHN M. HRUBOVCAK
Assistant Counsel-in Charge
ROBERT J. SHEA
Assistant Chief Counsel
ANDREW S. GORDON
Chief Counsel
Pennsylvania Department
of Transportation
Office of Chief Counsel
P.O. Box 8212
Harrisburg, PA 17105

Date: July 31, 2002

6

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the United States Attorney's office and is a person of such age and discretion to be competent to serve papers.

On this 31 day of July, 2002, she served a copy of the foregoing document by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by deposition said envelope and contents in the United States Mail at Harrisburg, Pennsylvania to:

Thomas Alan Linzey, Esquire
Community Environmental Legal Defense Fund
2859 Scotland Road
Chambersburg, PA  17201

*Chyenna Gowdy*
Chyenna Gowdy

7