ORIGINAL

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
HARRISBURG, PA
AUG 0 9 2002
MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

GREENE/GUILFORD ENVIRONMENTAL
ASSOCIATION, a non-profit corporation
incorporated under the laws of the
Commonwealth of Pennsylvania, CITIZENS
FOR PLANNED COMMUNITY GROWTH,
an unincorporated association organized under
the laws of the Commonwealth of Pennsylvania,
PAUL B. AMBROSE, JOHN G. ENDERS,
CHARLES F. RAHAUSER, BETSY
RAHAUSER, DOUGLAS A. WARNOCK,
U.X. VAGNERINI, THOMAS W. BUNDY,
STEPHEN P. BUCHER, ROGER J.
ROBERTSON, JAMES A. STRITE, JR.,
and DAVID A. GUTHRIE,
                Plaintiffs,

: CIVIL NO. 1:CV-01-0910
: (Judge Rambo)

                v.

KEN WYKLE, Administrator, Federal
Highway Administration, ROBERT GATZ,
Federal Highway Administration,
                Defendants,

                And

BRADLEY L. MALLORY, Secretary for
The Department of Transportation,
Commonwealth of Pennsylvania,
                Intervenor.

**PLAINTIFFS' ANSWER IN OPPOSITION TO JOINT MOTION TO STRIKE PLAINTIFF'S ANSWER IN OPPOSITION TO JOINT MOTION FOR SUMMARY JUDGMENT AND PLAINTIFFS' BRIEF IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

## I. Procedural History

On June 10, 2002, the Defendants and the Intervenor filed a *Joint Motion for Summary Judgment*, a supporting Brief, and a Statement of Material Facts in this case.

Through the *Joint Motion*, the agencies moved for Summary Judgment on several counts of the Plaintiffs' Complaint. The *Brief in Support of the Joint Motion for Summary Judgment* summarized the agencies' official reports already contained within the Administrative Record.

Instead of citing directly to the Administrative Record within the Brief, the agencies incorporated by reference statements of fact and legal conclusions from their Statement of Material Facts.

Prior to the submission of Summary Judgment materials by both parties, this Court had ruled that Briefs in support of the parties' Motions for Summary Judgment would be limited to fifty (50) pages, and that the Briefs in opposition to Motions for Summary Judgment would be limited to forty (40) pages. The agencies had originally requested a length of sixty-five (65) pages for their Summary Judgment Brief.

Even with the extensive incorporation of material from the agencies' Statement of Material Facts into their Brief, the agencies' Brief in support of their Motion for Summary Judgment was fifty-one (51) pages in length.

On July 25, 2002, the Plaintiffs filed (1) an *Answer in Opposition to the Joint Motion for Summary Judgment*, (2) an *Answer to the Agencies' Joint Statement of Material Facts*, (3) the Plaintiffs' *Motion for Summary Judgment*, (4) a *Brief in Support of the Motion for Summary Judgment*, and (5) the Plaintiffs' Statement of Material Facts.

The Plaintiffs' *Brief in Support of the Motion for Summary Judgment* is fifty (50) pages in length. The Brief cites directly to the agencies' Administrative Record to support factual statements and conclusions advanced by the Brief, rather than to statements contained within the Plaintiffs' Statement of Material Facts. The Plaintiffs' *Brief in Opposition to the Joint Motion for Summary Judgment* is forty-one (41) pages long, with the signature of counsel appearing on page forty-two. The Brief in Opposition also cites directly to the Administrative Record - rather than to the Plaintiffs' Statement of Material Facts - to support factual statements and conclusions advanced within the Brief.

On August 1, 2002, the Defendants and the Intervenor filed a *Joint Motion to Strike* the Plaintiffs' Brief in support of their Motion for Summary Judgment and the Plaintiffs' Brief in opposition to the agencies' Motion for Summary Judgment. In that *Motion to Strike*, the agencies complain about the Plaintiffs' use of an additional half-page in the Plaintiff's *Brief in Opposition to the Joint Motion for Summary Judgment*, that the Plaintiffs violated a Local Rule by incorporating material by reference from one Brief to another, and that the Plaintiffs used a different font size for their footnotes. *See Joint Motion to Strike* at 2-4. The agencies opined that "normally", they would not have filed such a Motion. No proposed Order was included with the Motion.

For the reasons outlined in this Answer in Opposition to the Joint Motion to Strike, this Court should deny the agencies' Motion, or require the agencies to conform their Briefs to rules of practice for this Court.

## I. The Plaintiffs' Summary Judgment Brief is Fifty Pages in Length, and Therefore Does Not Violate this Court's Earlier Orders

The agencies do not argue that the Plaintiffs' Summary Judgment Brief exceeds the allowable length for that document. The agencies' sole complaint is that the Brief incorporates other materials by reference, and therefore violates a Local Rule of this Court, which became effective after this lawsuit was filed. *See Joint Motion to Strike* at 2.

On June 7, 2002, the agencies took the unusual step of filing a Joint Motion for Summary Judgment on several of the Plaintiffs' claims, before the Plaintiffs had presented this Court with their case. As such, the agencies' Summary Judgment Brief simply contains a summary of the official reports issued during the planning process for the interchange, and argues that those reports satisfied legal requirements. All of the official reports summarized by the agencies are already contained within the Administrative Record. Precisely because of the agencies' unusual procedural step of submitting an initial filing on several of the Plaintiffs' Counts, there exists substantial overlap between the Plaintiffs' own Summary Judgment materials and the Plaintiffs' response to the agencies' Motion for Summary Judgment. Because the Plaintiffs' arguments are based entirely upon the Administrative Record, and because the initial filing by the agencies simply recounted the official reports contained within the Record, arguments advanced by the Plaintiffs to respond to the agencies and the principal arguments advanced by the Plaintiffs are nearly identical for several Counts.

The Plaintiffs have moved for Summary Judgment on all Counts. The Brief in Support of Summary Judgment reflects the various Counts contained in the Plaintiff's Motion. Because of the unusual, initial filing by the agencies, three of the Counts

4

included in the Plaintiffs' Motion were directly implicated by the Joint Motion for Summary Judgment filed by the agencies. *See* Parts VII, VIII, and IX of the *Plaintiffs' Brief in Support of Summary Judgment*. Since the agencies' *Brief in Support of the Joint Motion for Summary Judgment* simply summarized the agencies' own studies from the Administrative Record, significant overlap exists between the Plaintiffs' Answer to the agencies' *Joint Motion for Summary Judgment* and the Plaintiffs' own Motion and supporting Brief.

Rather than reprinting verbatim identical arguments based on identical parts of the Record – which would neither advance nor clarify various arguments for both this Court and the parties - the Plaintiffs simply included a paragraph summarizing the Count, and then explained that a "full discussion of th[e] argument" was available in the Plaintiffs' Brief in Opposition. In addition to explaining that the full argument was available in the response, the Plaintiffs also cited to the Plaintiffs' Statement of Material Facts, which fully supports that particular claim. *See Plaintiffs' Brief in Support of Summary Judgment* at 35-38.

The Plaintiffs' actions fall far short of the prohibition on incorporation by reference imposed by Local Rule by this District Court. The unique situation presented by the agencies – in moving for Summary Judgment first on the Plaintiffs' claims – placed the agencies in a position of simply summarizing their attempts to comply with the NEPA and the NHPA. That summary was already available in the Administrative Record. Because of the agencies' unusual, initial filing, the Plaintiffs' response to the agencies' *Motion for Summary Judgment* includes a significant amount of material identical to the materials filed in the Plaintiffs' own *Motion for Summary Judgment*. For

that reason, the Plaintiffs' ordering of materials within the Briefs was both appropriate and necessary for a clear understanding of the Plaintiffs' case.

The Motion to Strike is, in essence, simply another attempt by the agencies to evade a response to the Plaintiffs' full arguments. It is part of a pattern that has emerged in this litigation, in which the agencies have attempted to shield themselves from a comprehensive review of their actions by seeking to limit the Plaintiffs' ability to present a full case to this Court.

That consistent pattern of attempting to evade responding to the Plaintiffs' claims has consisted of the agencies' opposition to the requests by the Plaintiffs for additional discovery, the agencies' opposition to the Plaintiffs' request to supplement the Administrative Record, the agencies' failure to produce a complete Record, the agencies' redaction of certain materials from that Record, and the agencies' consistent objection to producing electronic mails and other materials for the plaintiffs. At the expense of the resources of the Plaintiffs and this court, the agencies are now using tangential procedural arguments to, once again, avoid dealing with the Plaintiffs' well-supported arguments that the agencies violated federal law in planning for the construction of this interchange.

This Court should deny the agencies' latest attempts to avoid defending their actions on this project.

## II. Plaintiffs' Brief in Opposition to the Joint Motion for Summary Judgment Does Not Exceed the Allowable Length for Briefs in this Case

The agencies complain that the Plaintiffs' Brief in Opposition exceeds the allowable number of pages by two. Perhaps due to the absurdity of complaining about

6

that minor issue, the agencies attempt to explain that "normally, defendants and intervenor would not object to going over the page limit by two pages." *See Brief in Support of Motion to Strike* at 5.

Unfortunately for the agencies, the assertion that the Plaintiffs' Brief in Opposition exceeded the allowable number of pages is simply untrue. Even a cursory examination of the Brief reveals that page forty-two only includes the signature of counsel, and that the text of the Brief itself - without the Conclusion asking for relief - only extends ten lines into page forty-one (41).

To complain about this facet of the Brief, or the footnotes used by the Plaintiffs, borders on the ludicrous. Unfortunately, the agencies' request requires this Court to use judicial resources to deal with this argument. It is baseless.

The agencies again contend that the Plaintiffs somehow violated a Local Rule of this Court which prohibits incorporation by reference in Briefs. *See Joint Motion to Strike* at 2. Again, the agencies' unusual step of filing a *Motion for Summary Judgment* prior to the Plaintiffs' own request voluntarily placed the agencies in a position in which they were forced to simply summarize their own official studies – already part of the Administrative Record. The agencies' Brief is therefore devoid of any materials that respond to the Plaintiffs' allegations, and instead, simply contains a summary of agency prepared documents already placed into the Administrative Record.

Indeed, the agencies' entire section entitled "Compliance with the National Environmental Policy Act" solely contains summaries of the DEIS, the FEIS, the "Re-evaluation of the FEIS", the Record of Decision (ROD), and the "Re-evaluation of the ROD." *See Agencies' Brief in Support of Their Joint Motion for Summary Judgment* at 3-

7

6. All of those materials are already part of the Administrative Record, and the agencies' Brief is little more than a promotional document that describes the content of those official reports. *See, e.g. Agencies' Brief* at 10 (listing verbatim the needs of the project from the FEIS); at 17 (listing verbatim the language of the FEIS regarding traffic impacts); at 19-20 (listing verbatim the language of the traffic studies and purported results of those studies).

Because of the unusual decision by the agencies to file a proactive *Motion for Summary Judgment*, the Plaintiffs' arguments include a great deal of overlap between the Plaintiffs' response to the agencies' Brief, and the materials in the Plaintiffs' own Briefs. The inclusion of overlapping arguments in each Brief would be verbatim and repetitious, and serve no purpose to either this Court or the parties in determining the extent of the agencies' violation of the NEPA, NHPA, or federal regulations.

The Plaintiffs have summarized each count in their Brief in Opposition, and have then noted that a "full response to the argument" can be found in the Plaintiffs' Summary Judgment Brief. In addition, the Plaintiffs specifically cite to a bundle of Count-specific facts within their own Statement of Material Facts to support each claim. *See Plaintiffs' Answer in Opposition to Joint Motion for Summary Judgment* at 1-2, 31.

Again, the *Joint Motion to Strike* is simply another attempt by the agencies to raise tangential procedural complaints to impede the ability of this Court to determine the true extent of the agencies' violations of the law.

### III. The Agencies' Exclusive Use of Citations to the Statement of Material Facts, Rather Than to the Administrative Record, Constitutes an Attempt to Evade the Page Limitations Established by this Court

In addition to attempting to impede this Court's review of the Plaintiffs' case, the agencies themselves have taken various liberties with their own filings to avoid complying with page limitations. Although the Plaintiffs recognized these maneuverings shortly after the agencies' Summary Judgment materials were filed, the Plaintiffs decided not to raise them to this Court in the interests of moving the litigation forward in an expeditious manner.

The agencies originally requested the ability to file a sixty-five (65) page Brief in support of their Motion for Summary Judgment. That request was denied by this Court, which limited the agencies to a fifty (50) page Brief.

In an attempt to evade that limitation, the agencies chose to cite solely to their own Statement of Material Facts, rather than to the Administrative Record itself. Thus, instead of citing directly to the Administrative Record, by volume and page number, the agencies decided to cite solely to their own Statement of Material Facts. That citation process thus forces a reviewer to first locate the referenced SMF, and then proceed to track down the relevant entries in the Record.

That use of a system of citation solely to the SMFs, rather than directly to the Administrative Record, saves a substantial amount of space in the Brief. For example, the agencies' reference to SMF 4 and SMF 5, on page 3 of their Brief, actually references this Court to parts of "AR-12, AR-46, AR-47, AR-48, AR-80, AR-82, and AR-83". The agencies' reference to SMF 6 and SMF 10, on page 4 of their Brief, actually refers this Court to "AR-12 at I-25, AR-47 at II-1-20, AR-82 at 3-4, AR-82 at 11, AR-92 at 211-

215, AR-93 at 390-417, and AR-98 at 1219-20." The agencies' reference to SMF 18-20, at page 5 of their Brief, actually refers this Court to eight lines of additional citations to the Administrative Record. By using this short-cut method of citation, the agencies saved considerable space in their Brief, while creating additional work for this Court and the Plaintiffs.

The agencies also reprinted substantial portions of text from agency documents into their Statement of Material Facts, and then proceeded to reference that text from within their Brief. Whereas the Local Rules specifically require a "short and concise statement" of each material *fact* (Local Rule 56.1), the agencies reprinted – *verbatim* – text from various documents within the Administrative Record. For example, the agencies reprinted close to a half-page of text verbatim from the ALCAB ruling at page 12 of their SMF, close to a page of text from the 1999 "Re-evaluation of the FEIS" at page 18 of their SMF, and close to a half-page of text verbatim from the 2001 "Re-evaluation of the ROD" at page 21 of their SMF. That text was then incorporated by reference into the Brief through citation to the Statement of Material Facts.

References to those textual quotes, rather than the reprinting of that text within the agencies' Brief, enabled the agencies to evade the page limitations established by this Court for the agencies' Summary Judgment Brief.

Finally, the agencies used their Statement of Material Facts to improperly advance legal conclusions in the case. The agencies then improperly incorporated those SMFs containing legal conclusions within the Brief. For example, the agencies claimed – as a factual statement – that "[t]he Walker Road alternatives better satisfy the project needs of relieving congestion on an existing interchange." *Agencies' Statement of Material Facts*

at paragraph 152. The agencies also claimed – as a factual statement – that "this project clearly has no adverse effect on the Gass House, Franklin County Poor House or any other potentially eligible resource along Franklin Farm Lane." *Agencies' Statement of Material Facts* at paragraph 199. These statements, and similar conclusions which appear throughout the agencies' Statement of Material Facts, are not supported by references to the Administrative Record, yet references to those legal conclusions within the agencies' Statement of Material Facts appear throughout the agencies' Brief.

The Plaintiffs have properly cited solely to the Administrative Record in their Brief, and therefore, should not be penalized for the length of their Brief in Opposition to the agencies' Summary Judgment motion.

### IV. The Local Rule Barring Incorporation by Reference Between Briefs Does Not Govern Cases Filed Prior to the Date of Effectiveness of the Rule

The Plaintiffs strenuously assert that their actions in filing their Summary Judgment materials were appropriate, proper, and necessary, due to the nature of this case as a case based entirely upon an Administrative Record, and the agencies' proactive filing of a Summary Judgment Motion. However, the Plaintiffs note that Local Rule 7.8(a) of the Local Rules did not become effective until December 1st of 2001, after the Plaintiffs instituted this action.

## V. Conclusion

Therefore, for the reasons outlined in this Answer in Opposition to the Joint Motion to Strike, the Plaintiffs respectfully request that this Court DENY the agencies' Motion. In addition, if this Court grants any of the relief requested by the agencies, this Court should apply that relief equally, and require the agencies to prepare their Briefs with full citations to the Administrative Record.

Dated this 7<u>th</u> Day of **August**, 2002

Thomas Alan Linzey, Esq.
Community Environmental Legal Defense Fund (CELDF)
2859 Scotland Road
Chambersburg, Pennsylvania 17201
*Counsel for the Plaintiffs*

## *Certificate of Service of Process*

I, Thomas Alan Linzey, Esq., hereby swear and affirm that I have served the Plaintiffs' *Answer in Opposition to the Joint Motion to Strike*, on the Parties identified below by the following method:

FIRST CLASS MAIL PRE-PAID

The following individuals were served with the *Answer*:

Anne Fiorenza, Esq.
Assistant U.S. Attorney
United States Attorneys Office
Federal Building, Suite 217
228 Walnut Street
P.O. Box 11754
Harrisburg, Pennsylvania 17108-1754

Kenda Jo Gardner, Esq.
Assistant Counsel
Pennsylvania Department of Transportation
P.O. Box 8212
Harrisburg, Pennsylvania 17105-8212

I swear and affirm that service of the *Answer* was completed this 7th Day of **August**, 2002.

Signed,

_____
Thomas Alan Linzey, Esq.
Community Environmental Legal Defense Fund (CELDF)
2859 Scotland Road
Chambersburg, Pennsylvania 17201

*Counsel for the Plaintiffs*

### UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREENE/GUILFORD ENVIRONMENTAL ASSOCIATION, a non-profit corporation incorporated under the laws of the Commonwealth of Pennsylvania, CITIZENS FOR PLANNED COMMUNITY GROWTH, an unincorporated association organized under the laws of the Commonwealth of Pennsylvania, PAUL B. AMBROSE, JOHN G. ENDERS, CHARLES F. RAHAUSER, BETSY RAHAUSER, DOUGLAS A. WARNOCK, U.X. VAGNERINI, THOMAS W. BUNDY, STEPHEN P. BUCHER, ROGER J. ROBERTSON, JAMES A. STRITE, JR., and DAVID A. GUTHRIE,<br>　　　　Plaintiffs,<br><br>　　　　v.<br><br>KEN WYKLE, Administrator, Federal Highway Administration, ROBERT GATZ, Federal Highway Administration,<br>　　　　Defendants,<br><br>　　　　And<br><br>BRADLEY L. MALLORY, Secretary for The Department of Transportation, Commonwealth of Pennsylvania,<br>　　　　Intervenor. | CIVIL NO. 1:CV-01-0910<br>(Judge Rambo) |

## **ORDER**

And now, this _____ day of _____, _____, this Court hereby DENIES the *Joint Motion to Strike* filed by the Defendants and the Intervenor in this case.

_____
Rambo, J.