ORIGINAL

98
8/27/02

2-t0 cv a 10

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
HARRISBURG, PA

AUG 26 2002

MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

GREENE/GUILFORD ENVIRONMENTAL
ASSOCIATION, a non-profit corporation
incorporated under the laws of the
Commonwealth of Pennsylvania, CITIZENS
FOR PLANNED COMMUNITY GROWTH,
an unincorporated association organized under
the laws of the Commonwealth of Pennsylvania,
PAUL B. AMBROSE, JOHN G. ENDERS,
CHARLES F. RAHAUSER, BETSY
RAHAUSER, DOUGLAS A. WARNOCK,
U.X. VAGNERINI, THOMAS W. BUNDY,
STEPHEN P. BUCHER, ROGER J.
ROBERTSON, JAMES A. STRITE, JR.,
and DAVID A. GUTHRIE,
          Plaintiffs,

: CIVIL NO. 1:CV-01-0910
: (Judge Conner)

v.

KEN WYKLE, Administrator, Federal
Highway Administration, ROBERT GATZ,
Federal Highway Administration,
          Defendants,

And

BRADLEY L. MALLORY, Secretary for
The Department of Transportation,
Commonwealth of Pennsylvania,
          Intervenor.

## MOTION TO STRIKE AGENCIES' REPLY BRIEF AND EXTRA-RECORD AFFIDAVITS

AND NOW, come the Plaintiffs in the above captioned case, and respectfully request that this Court strike the Agencies' *Joint Reply to Plaintiffs' Answer in Opposition to Joint Motion for Summary Judgment*, for the following reasons:

1. This action was initiated by eleven individual Plaintiffs and two Chambersburg-area nonprofit organizations on May 24, 2001, alleging that the planning for an interchange project in Franklin County, Pennsylvania violated the National Environmental Policy Act ("NEPA"), the National Historic Preservation Act ("NHPA"), and various other federal laws. In addition, the Plaintiffs have alleged that the agencies have misused Congressionally-designated Demonstration Project funds.

2. On August 30, 2001, the Plaintiffs filed a *Motion for Limited Discovery in Addition to the Administrative Record*. That Motion asked this Court to authorize the Plaintiffs to take depositions of, and request documents from, various agency personnel involved in predetermining the location of the interchange in the Walker Road area.

3. On September 17, 2001, the agencies filed an *Answer in Opposition* to the Plaintiffs' Motion, stating that the "focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *See Joint Memorandum of Law in Opposition to Plaintiffs' Motion for Limited Discovery* at 4.

4. In that *Answer*, the agencies declared that the Administrative Record "forms the basis of review by this Court." *Id.* at 2.

5. In that *Answer*, the agencies asserted that judicial review in NEPA and NHPA cases is "based solely on the review of the administrative record that was before the decisionmakers at the time the relevant determinations were made." *Id.* at 4.

6. In that *Answer*, the agencies argued that this Court should not "hear or take evidence beyond that which is contained in the administrative record." *Id.* at 5.

7. In that *Answer*, the agencies cited numerous cases in which testimony of witnesses was excluded from administrative record review cases. *Id.* at 6.

8. At no point during argument on that issue did the agencies request authorization from this Court to submit extra-record documents.

9. On September 28, 2001, the agencies filed their official Administrative Record in this case.

10. On October 17, 2001, in a written ruling, this Court denied the Plaintiffs' *Motion for Limited Discovery*, holding that evidence in this proceeding would be limited solely to the Administrative Record prepared by the agencies.

11. On December 13, 2001, the Plaintiffs filed a *Motion to Supplement the Administrative Record*, seeking the addition of sixty-one (61) agency documents to the Administrative Record that were missing from the Record. The Plaintiffs filed the Motion after the agencies refused to supplement the Record with those missing documents.

12. On January 7, 2002, the agencies strenuously opposed the *Motion to Supplement* and again requested that this Court limit all evidence in this case to the Administrative Record.

13. In their *Answer in Opposition*, the agencies stressed that the administrative record filed by the agencies "forms the basis of this Court's review." *See Joint Memorandum of Law in Opposition to Plaintiffs' Motion to Supplement the Administrative Record* at 2.

14. In that *Answer*, the agencies continued to stress that the only appropriate evidence in this case consists of the documents that were before the agency at the time of the decision being challenged. *Id.* at 6.

15. The agencies again argued that judicial review in this case must be based "solely on a review of the administrative record that was before the decisionmakers at the time the relevant determinations were made." *Id.* at 9.

16. In that *Answer*, the agencies concluded that there were only two exceptions to the "well-settled administrative record rule" and that those exceptions arose when "a federal district court [required] some explanation of the bare record", and when there was a strong showing of "bad faith." *Id.* at 11.

17. The agencies concluded by declaring that "review of agency action is limited to an examination of the record compiled" by the agencies at the time the agencies made their decisions. *Id.* at 15.

18. At no time during the presentation of arguments to this Court opposing the supplementation of the Record did the agencies request authorization from this Court to submit extra-record documents into evidence.

19. On March 1, 2002, this Court granted the Plaintiffs' *Motion to Supplement*, and ordered the agencies to produce over forty (40) documents requested by the Plaintiffs into the Administrative Record.

20. On March 15th, the agencies asked this Court to reconsider the portion of the Order that required the agencies to produce electronic mails relevant to the interchange project into the Record.

21. On March 29th, the agencies produced nineteen volumes of Supplemental documents to the Administrative Record. Those documents had not been included in the original Record produced by the agencies to this Court.

22. On June 10th, the agencies filed a *Joint Motion for Summary Judgment*.

23. On July 25th, the Plaintiffs filed an *Answer in Opposition* to the agencies' *Joint Motion for Summary Judgment*.

24. On August 19th, the agencies filed a *Reply* to the Plaintiffs' *Answer in Opposition*, and proceeded to attach two extra-record affidavits to that Reply. One affidavit purports to verify a Deed Agreement between a Chambersburg-area landowner and the agencies; and the other affidavit was prepared by a consulting engineer to the agencies.

25. Both the Deed Agreement and the consultant's Affidavit constitute extra-record documents that should be stricken by this Court, because the sole evidentiary record consists of the Administrative Record prepared by the agencies, and these Affidavits do not appear within the Administrative Record.

26. The agencies, and the lawyers representing the agencies, submitted these Affidavits without requesting the authorization of this Court to supplement the

Record, with the knowledge that the scope of the Administrative Record had been a contentious issue in the first part of this litigation.

27. The Affidavits constitute "post-hoc rationalizations" deemed improper evidence in cases limited to judicial review of agency decisions.

28. The incorporation of material from the Affidavits into the text of the *Joint Reply Brief* requires that the Reply Brief be stricken *in toto*.

29. Counsel for the agencies was contacted on August 23, 2002. The agencies do not concur with the filing of this Motion.

Accordingly, for those reasons and the reasons advanced in the accompanying Brief, the Plaintiffs respectfully request that this Court strike the *Joint Reply* filed by the agencies in this proceeding.

Respectfully Submitted this __26th__ Day of __August__, 2002

_____
Thomas Alan Linzey, Esq.
Community Environmental Legal Defense Fund (CELDF)
2859 Scotland Road
Chambersburg, Pennsylvania 17201
(717) 709-0457
(717) 709-0263 (fax)

## Certificate of Service of Process

I, Thomas Alan Linzey, Esq., hereby swear and affirm that I have served the Plaintiffs' *Motion to Strike* on the Parties identified below by the following method:

FIRST CLASS MAIL PRE-PAID

The following individuals were served with the above mentioned document:

Anne Fiorenza, Esq.
Assistant U.S. Attorney
United States Attorneys Office
Federal Building, Suite 217
228 Walnut Street
P.O. Box 11754
Harrisburg, Pennsylvania 17108-1754

Kenda Jo Gardner, Esq.
Assistant Counsel
Pennsylvania Department of Transportation
P.O. Box 8212
Harrisburg, Pennsylvania 17105-8212

I swear and affirm that service of the documents was completed this **26th** Day of **August**, 2002.

Signed,

_____
Thomas Alan Linzey, Esq.
Community Environmental Legal Defense Fund (CELDF)
2859 Scotland Road
Chambersburg, Pennsylvania 17201

*Counsel for the Plaintiffs*