

100
9-6-02
sc

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREENE/GUILFORD ENVIRONMENTAL ASSOCIATION, a non-profit corporation incorporated under the laws of the Commonwealth of Pennsylvania, CITIZENS FOR PLANNED COMMUNITY GROWTH, an unincorporated association organized under the laws of the Commonwealth of Pennsylvania, PAUL B. AMBROSE, JOHN G. ENDERS, CHARLES F. RAHAUSER, BETSY RAHAUSER, DOUGLAS A. WARNOCK, U.X. VAGNERINI, THOMAS W. BUNDY, STEPHEN P. BUCHER, ROGER J. ROBERTSON, JAMES A. STRITE, JR., and DAVID A. GUTHRIE,<br>         Plaintiffs,<br><br>v.<br><br>KEN WYKLE, Administrator, Federal Highway Administration, ROBERT GATZ, Federal Highway Administration,<br>         Defendants,<br><br>And<br><br>BRADLEY L. MALLORY, Secretary for The Department of Transportation, Commonwealth of Pennsylvania,<br>         Intervenor. | CIVIL NO. 1:CV-01-0910<br>(Judge Conner) |

FILED
HARRISBURG, PA
SEP 0 5 2002
MARY E. D'ANDREA, CLERK
Per _____
          Deputy Clerk

### MOTION FOR SANCTIONS AGAINST ATTORNEYS FIORENZA AND GARDNER UNDER LOCAL RULE 83.3

AND NOW, come the Plaintiffs in the above captioned case, and respectfully request that this Court grant this Motion for Sanctions Against Attorneys Fiorenza and Gardner Under Local Rule 83.3, for the following reasons:

1. This action was initiated by eleven individual Plaintiffs and two Chambersburg-area nonprofit organizations on May 24, 2001, alleging that the planning for an interchange project in Franklin County, Pennsylvania violated the National Environmental Policy Act ("NEPA"), the National Historic Preservation Act ("NHPA"), and various other federal laws. In addition, the Plaintiffs have alleged that the agencies misused Congressionally-designated Demonstration Project funds.

2. On August 30, 2001, the Plaintiffs filed a *Motion for Limited Discovery in Addition to the Administrative Record*. That Motion asked this Court to authorize the Plaintiffs to take depositions of, and request documents from, various agency personnel involved in predetermining the location of the interchange in the Walker Road area.

3. On September 17, 2001, the agencies filed an *Answer in Opposition* to the Plaintiffs' Motion, stating that the "focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *See Joint Memorandum of Law in Opposition to Plaintiffs' Motion for Limited Discovery* at 4.

4. In that *Answer*, the agencies declared that the Administrative Record "forms the basis of review by this Court." *Id.* at 2.

5. In that *Answer*, the agencies asserted that judicial review in NEPA and NHPA cases is "based solely on the review of the administrative record that was before the decisionmakers at the time the relevant determinations were made." *Id.* at 4.

6. In that *Answer*, the agencies argued that this Court should not "hear or take evidence beyond that which is contained in the administrative record." *Id.* at 5.

7. In that *Answer*, the agencies cited numerous cases in which testimony of witnesses was excluded from administrative record review cases. *Id.* at 6.

8. At no point during argument on that issue did the agencies request authorization from this Court to submit extra-record documents.

9. On September 28, 2001, the agencies filed their official Administrative Record in this case.

10. On October 17, 2001, in a written ruling, this Court denied the Plaintiffs' *Motion for Limited Discovery*, holding that evidence in this proceeding would be limited solely to the Administrative Record prepared by the agencies.

11. On December 13, 2001, the Plaintiffs filed a *Motion to Supplement the Administrative Record*, seeking the addition of sixty-one (61) agency documents to the Administrative Record that were missing from the Record. The Plaintiffs filed the Motion after the agencies refused to supplement the Record with those missing documents.

12. On January 7, 2002, the agencies strenuously opposed the *Motion to Supplement* and again requested that this Court limit all evidence in this case to the Administrative Record.

13. In their *Answer in Opposition*, the agencies stressed that the administrative record filed by the agencies "forms the basis of this Court's review." *See Joint Memorandum of Law in Opposition to Plaintiffs' Motion to Supplement the Administrative Record* at 2.

14. In that *Answer*, the agencies continued to stress that the only appropriate evidence in this case consists of the documents that were before the agencies at the time of the decision being challenged. *Id.* at 6.

15. The agencies again argued that judicial review in this case must be based "solely on a review of the administrative record that was before the decisionmakers at the time the relevant determinations were made." *Id.* at 9.

4

21. On March 29th, the agencies produced nineteen volumes of Supplemental documents to the Administrative Record. Those documents had not been included in the original Record produced by the agencies to this Court.

22. On June 10th, the agencies filed a *Joint Motion for Summary Judgment*.

23. On July 25th, the Plaintiffs filed an *Answer in Opposition* to the agencies' *Joint Motion for Summary Judgment*.

24. On August 19th, the agencies filed a *Reply* to the Plaintiffs' *Answer in Opposition*, and proceeded to attach two extra-record affidavits to that Reply. One affidavit purports to verify a Deed Agreement between a Chambersburg-area landowner and the agencies; and the other affidavit was prepared by a consulting engineer to the agencies and consists of testimony about various claims advanced by the Plaintiffs in this case.

25. Both the Deed Agreement and the consultant's Affidavit constitute extra-record documents that should be stricken by this Court, because the sole evidentiary record consists of the Administrative Record prepared by the agencies, and these Affidavits do not appear within the Administrative Record.

26. The agencies, and the lawyers representing the agencies, submitted these Affidavits without requesting the authorization of this Court to supplement the

Record, with the knowledge that the scope of the Administrative Record had already been resolved by this Court.

27. The Affidavits constitute "post-hoc rationalizations" deemed improper evidence in cases limited to judicial review of agency decisions.

28. On August 26, 2002, the Plaintiffs filed a *Motion to Strike* the Affidavits attached to the Joint Reply, and to strike the Joint Reply in its entirety because it referenced the attached Affidavits as part of its argument throughout the Brief.

29. In that *Motion*, the Plaintiffs explained that the Defendants and the Intervenor lacked any foundation or basis for attempting to submit extra-record documents into the Record at this stage of the proceedings.

30. In that *Motion*, the Plaintiffs also explained that the Defendants and the Intervenor had failed, at any point in these proceedings, to ask the Court for permission to supplement the Administrative Record with additional materials, even while they knew that the issue of the scope of the Record had been a contentious one throughout the first phase of these proceedings.

31. In that *Motion*, the Plaintiffs also explained that this Court had previously defined the scope of the Administrative Record, and the submission of extra-record Affidavits by the agencies violated those orders.

32. The actions of Attorneys Fiorenza, on behalf of the Defendants, and Gardner, on behalf of the Intervenor, in ignoring this Court's Orders dealing with the Administrative Record, and their submission of extra-record documents attached to a Reply, have obstructed the effective administration of this court's business.

33. Local Rule 83.3 authorizes this Court to impose reasonable costs directly against counsel whose action has obstructed the effective administration of the court's business.

34. Plaintiffs have incurred costs in preparing the *Motion to Strike* the Affidavits and the Reply Brief, and in preparing a *Reply* to the agencies' Answer to that Motion.

35. Plaintiffs request that this Court impose attorneys' fees and costs against Attorneys Fiorenza and Gardner as a sanction for their actions in attempting to file extra-record documents with their Reply to the *Plaintiffs' Answer in Opposition* to the Agencies' Summary Judgment.

36. Plaintiffs request that this Court impose attorneys' fees and costs to deter the Attorneys for the agencies from attempting to file additional extra-record materials in their Answer to the Plaintiffs' *Motion for Summary Judgment*, due to be filed on or before September 10, 2002.

37. The agencies have previously non-concurred with any Motion seeking sanctions against the agencies in response to their attempt to submit extra-record documents to the Court in this case.

Accordingly, for those reasons and the reasons advanced in the accompanying Brief, the Plaintiffs respectfully request that this Court grant this *Motion for Sanctions Against Attorneys Fiorenza and Gardner Under Local Rule 83.3*

Respectfully Submitted this **3rd** Day of **September**, 2002

_____
Thomas Alan Linzey, Esq.
Community Environmental Legal Defense Fund (CELDF)
2859 Scotland Road
Chambersburg, Pennsylvania 17201
(717) 709-0457
(717) 709-0263 (fax)

## **Certificate of Service of Process**

I, Thomas Alan Linzey, Esq., hereby swear and affirm that I have served the Plaintiffs' *Motion for Sanctions* on the Parties identified below by the following method:

FIRST CLASS MAIL PRE-PAID

The following individuals were served with the above mentioned document:

Anne Fiorenza, Esq.
Assistant U.S. Attorney
United States Attorneys Office
Federal Building, Suite 217
228 Walnut Street
P.O. Box 11754
Harrisburg, Pennsylvania 17108-1754

Kenda Jo Gardner, Esq.
Assistant Counsel
Pennsylvania Department of Transportation
P.O. Box 8212
Harrisburg, Pennsylvania 17105-8212

I swear and affirm that service of the documents was completed this **3rd** Day of **September**, 2002.

Signed,

Thomas Alan Linzey, Esq.
Community Environmental Legal Defense Fund (CELDF)
2859 Scotland Road
Chambersburg, Pennsylvania 17201

*Counsel for the Plaintiffs*