105
9-16-02
sc

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GREENE/GUILFORD ENVIRONMENTAL ASSOCIATION, a non-profit corporation incorporated under the laws of the Commonwealth of Pennsylvania, CITIZENS FOR PLANNED COMMUNITY GROWTH, an unincorporated association organized under the laws of the Commonwealth of Pennsylvania, PAUL B. AMBROSE, JOHN G. ENDERS, CHARLES F. RAHAUSER, BETSY RAHAUSER, DOUGLAS A. WARNOCK, U.X. VAGNERINI, THOMAS W. BUNDY, STEPHEN P. BUCHER, ROGER J. ROBERTSON, JAMES A. STRITE, JR., DAVID A. GUTHRIE,
Plaintiffs

v.

KEN WYKLE, Administrator, Federal Highway Administration, ROBERT GATZ, Federal Highway Administration,
Defendants

and

BRADLEY L. MALLORY, Secretary for The Department of Transportation, Commonwealth of Pennsylvania,
Intervenor.

CIVIL ACTION NO. 1:CV-01-0910

(Judge Conner)

FILED
HARRISBURG, PA
SEP 13 2002
MARY E. D'ANDREA, CLERK
Per ______ Deputy Clerk

**FEDERAL DEFENDANTS' and INTERVENOR'S BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE**

## I. PROCEDURAL HISTORY

On August 19, 2002, defendants and the intervenor (hereinafter, collectively "defendants") filed a reply brief (docket #95) in support of their motion for summary judgment. On or about August 26, 2002, plaintiffs filed a Motion to Strike Agencies' Reply Brief and Extra-Record Affidavits and a brief in support thereof. This brief is filed in opposition to the motion to strike.

## II. STATEMENT OF FACTS

As plaintiffs suggest, the docket in this case reflects that plaintiffs vigorously sought extra-record discovery in this matter and that the defendants and the intervenor opposed that request. The substance of those arguments are a matter of record and the issue was resolved by Judge Rambo in her opinions dated October 17, 2001 and March 1, 2002.

When the defendants filed their motion for summary judgment, it was supported by citation to the administrative record. In their July 25, 2002 brief in opposition to that motion, however, plaintiffs raised two arguments which could not be adequately addressed by defendants solely by reference to the record. Defendants therefore filed two declarations with their reply brief.

The Declaration of Jeffery Greene, the consultant responsible for the traffic studies, (Exhibit B to defendants' reply brief) was filed to explain technical issues raised by plaintiffs, and the Declaration of David Reynolds (Exhibit A of defendants' reply brief) was filed in response to extra record evidence raised by plaintiffs in their brief in opposition to defendants' motion for summary judgment, (docket #85) and their counterstatement of material facts (docket #84). The extra-record evidence raised by plaintiffs was the alleged increased impacts to productive agricultural lands (from 6.5 acres to 22 acres) based on the sale of the White Farm to PennDOT. That sale occurred on October 17, 2001 after the issuance of the Record of

Decision ("ROD") (AR-82 dated March 1999) and the completion of the 2001 reevaluation (AR-83 dated June 2001). (Pls. Answer in Opp'n to Joint Mot. for Summ. J., docket #85 at 30.)

Plaintiffs contend that these declarations, and the deed, are outside the administrative record and must be stricken.

**III. ARGUMENT**

**Defendants' Affidavits are Properly Before the Court as an Explanation of a Highly Technical Process (Traffic Analysis) and in Response to Extra-Record Evidence Raised by Plaintiffs.**

The submission of declarations or affidavits in support of or in opposition to a motion for summary judgment is specifically authorized and, in fact, anticipated by Rule 56 of the Federal Rules of Civil Procedure. For example, the Rule provides that a party may move for summary judgment "with or without supporting affidavits..." (Rule 56(a)). The Rule also provides that "the court may permit affidavits to be supplemented or opposed by deposition, answers to interrogatories, or further affidavits." Rule 56(e) (emphasis added).

Moreover, the use of affidavits does not run afoul of the law regarding the content of administrative records. It is well settled that declarations may be considered by the court as explanation when the record does not "disclose the factors that were considered". Overton Park, Inc. v. Volpe, 401 U.S. 402, 420(1971). The Supreme Court has held: "[S]ince the bare record may not disclose the factors that were considered or the Secretary's [decision-maker's] construction of the evidence it may be necessary for the District Court to require some

explanation in order to determine if the Secretary acted within the scope of his authority and if the Secretary's action was justifiable under the applicable standard." Id. Courts have applied this ruling and permitted the consideration of extra record documents when necessary to explain the agency's action and if supplementation of the record is necessary to explain technical terms or complex subject matter involved in the agency action. Animal Defense Council v. Hodel, 867 F.2d 1244, 1436-37 (9th Cir. 1988); Airport Impact Relief v. Wykle, 192 F.3d 197, 208 (1st Cir. 1992); Sierra Club v. Marsh, 976 F.2d 763, (1st Cir. 1992).

The affidavits submitted for the present case address issues raised by plaintiffs that are not fully explained in the record. For example, plaintiffs attempt to discredit defendants' traffic studies by claiming that the extended local road system should have been evaluated in the 1998 traffic analysis (AR-72.) and by claiming for the 2000 traffic analysis (AR-83 at 8.), in addition to taking traffic counts, the traffic model should have been re-run. The Declaration of Jeffery Greene, P.E., simply explains the decisions that were made at the time that these traffic studies were conducted. The affidavit is not, as plaintiffs suggest, a post-hoc rationalization. With respect to the second declaration, plaintiffs' reply brief misrepresented the agricultural impacts caused by the project. Plaintiffs claimed that based on the sale of the entire White parcel to PennDOT, the project will now impact 22 acres of farmlands rather

than 6.5 acres as considered in the ROD for the project. To correct this misrepresentation, defendants filed the deed transferring the property to PennDOT which contains a covenant providing that any land not directly impacted by the project could be used only as open space or farmlands.[1]

The present case is analogous to the holdings in Airport Impact Relief, 192 F.3d at 208, and Sierra Club v. Marsh, 976 F.2d at 774. In Airport Impact Relief, 192 F.3d at 208, a declaration was submitted to explain the actions taken by FHWA to conduct an independent review of MHD's data, analysis, and conclusions. The court accepted and considered this declaration in rendering its decision. Id. In Sierra Club v. Marsh, 976 F.2d at 774, several affidavits were offered to explain: (1) why a special report that was referred to in several documents was not included in the administrative record; and (2) why secondary impacts were considered for only four light-dry industries. The court held that these affidavits were admissible.

Plaintiffs cannot have it both ways. They cannot raise an issue regarding agricultural impacts, knowing full well that the simplest answer is a document outside of the administrative record, and then object to its introduction. In a similar vein, they cannot cast their own interpretation on traffic reports

[1]The indignation of plaintiffs' counsel over the introduction of this deed is particularly puzzling. Plaintiffs' counsel has personal knowledge of the existence and the terms of this covenant because he was one of the attorneys representing the landowners in the sale of this property. He also knew that the deed was not part of the administrative record at the time he made this argument.

contained in the record and then deny the agency the opportunity to explain the study.

The defendants have not attempted to buttress their motion with new evidence. Rather, they have simply responded to the arguments proffered in opposition to their motion. In deed, which the local Rules do not address the timing of supplemental declarations. They do address the purpose of the reply brief: "to reply to matters in respondent's brief." LR 7.7 Plaintiffs' motion, if granted, would tie the hands of the moving party and require the moving party to anticipate every possible argument that could be made in opposition, no matter how remote or innovative, and include documents responsive to those imagined or anticipated arguments at the time of its initial filing. The Rules do not require this approach. Plaintiffs' motion is without merit and should be denied.

**III. CONCLUSION**

Defendants' declarations are properly before this court as an explanation of a highly technical matter (traffic analysis) and in response to extra-record facts presented by plaintiffs. Therefore, defendants respectfully request that this court deny plaintiffs' motion to strike.

**Respectfully submitted,**

THOMAS A. MARINO
United States Attorney

ANNE K. FIORENZA
Assistant United States Attorney
Federal Building - 2nd Floor
228 Walnut Street
P.O. Box 11754
Harrisburg, PA 17108-1754

KENDA JO M. GARDNER
Assistant Counsel
JOHN M. HRUBOVCAK
Assistant Counsel-in Charge
ROBERT J. SHEA
Assistant Chief Counsel

ANDREW S. GORDON
Chief Counsel
Pennsylvania Department of Transportation
Office of Chief Counsel
P.O. Box 8212
Harrisburg, PA 17105

**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

GREENE/GUILFORD ENVIRONMENTAL ASSOCIATION, a non-profit corporation incorporated under the laws of the Commonwealth of Pennsylvania, CITIZENS FOR PLANNED COMMUNITY GROWTH, an unincorporated association organized under the laws of the Commonwealth of Pennsylvania, PAUL B. AMBROSE, JOHN G. ENDERS, CHARLES F. RAHAUSER, BETSY RAHAUSER, DOUGLAS A. WARNOCK, U.X. VAGNERINI, THOMAS W. BUNDY, STEPHEN P. BUCHER, ROGER J. ROBERTSON, JAMES A. STRITE, JR., DAVID A. GUTHRIE,
Plaintiffs

v.

KEN WYKLE, Administrator, Federal Highway Administration, ROBERT GATZ, Federal Highway Administration,
Defendants

and

BRADLEY L. MALLORY, Secretary for The Department of Transportation, Commonwealth of Pennsylvania,
Intervenor.

CIVIL ACTION NO. 1:CV-01-0910

(Judge Conner)

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

On this 13th day of September, 2002, she served a copy of the foregoing document by placing said copy in a postpaid envelope addressed to the persons hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania to:

Thomas Alan Linzey, Esquire
Community Environmental Legal Defense Fund
2859 Scotland Road
Chambersburg, PA 17201

Kenda Jo M. Gardner, Assistant Counsel
Pennsylvania Department of Transportation
Office of Chief Counsel
P.O. Box 8212
Harrisburg, PA 17105

CHYENNA GOWDY
Legal Assistant