

106
9-16-02
sc



## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREENE/GUILFORD ENVIRONMENTAL ASSOCIATION, a non-profit corporation incorporated under the laws of the Commonwealth of Pennsylvania, CITIZENS FOR PLANNED COMMUNITY GROWTH, an unincorporated association organized under the laws of the Commonwealth of Pennsylvania, PAUL B. AMBROSE, JOHN G. ENDERS, CHARLES F. RAHAUSER, BETSY RAHAUSER, DOUGLAS A. WARNOCK, U.X. VAGNERINI, THOMAS W. BUNDY, STEPHEN P. BUCHER, ROGER J. ROBERTSON, JAMES A. STRITE, JR., and DAVID A. GUTHRIE,<br>　　　　　　Plaintiffs,<br><br>　　　　v.<br><br>KEN WYKLE, Administrator, Federal Highway Administration, ROBERT GATZ, Federal Highway Administration,<br>　　　　　　Defendants,<br><br>　　　　And<br><br>BRADLEY L. MALLORY, Secretary for The Department of Transportation, Commonwealth of Pennsylvania,<br>　　　　　　Intervenor. | CIVIL NO. 1:CV-01-0910<br>(Judge Conner)<br><br>**FILED**<br>HARRISBURG, PA<br><br>SEP 1 3 2002<br><br>MARY E. D'ANDREA, CLERK<br>Per _____<br>　　Deputy Clerk |

### SECOND MOTION TO STRIKE EXTRA-RECORD AFFIDAVITS FROM AGENCY FILINGS AND FOR SANCTIONS AGAINST ATTORNEYS FIORENZA AND GARDNER UNDER LOCAL RULE 83.3

AND NOW, come the Plaintiffs in the above captioned case, and respectfully request that this Court grant this *Second Motion to Strike Extra-Record Affidavits* from the *Joint Answer in Opposition to the Plaintiffs' Motion for Summary Judgment* filed by the agencies, and for sanctions against the attorneys representing the Defendants and the Intervenor under Local Rule 83.3. This is the second Motion filed by the Plaintiffs dealing with the agencies' sanctionable behavior in attempting to supplement the Administrative Record with extra-record Affidavits after this Court has previously determined that the Record constitutes the sole basis of litigation in this proceeding.

1. On August 19, 2002, the agencies filed a *Joint Reply to Plaintiffs' Answer in Opposition to Joint Motion for Summary Judgment*. The agencies proceeded to attach two extra-record Affidavits – prepared exclusively for these proceedings – to that Reply.

2. On August 26, 2002, the Plaintiffs filed a *Motion to Strike* those Affidavits from the Reply and asked this Court to strike the entire Reply because of references within that document to the material within the Affidavits.

3. On September 3, 2002, the Plaintiffs filed a first *Motion for Sanctions* against counsel representing the Defendants and the Intervenor, asking this Court to sanction those attorneys for knowingly filing extra-record documents in direct contravention of this Court's earlier orders governing the scope of the Administrative Record.

4. Both of those Motions recounted the history of this litigation, which has consisted of several cycles of arguments to determine the scope of the Administrative Record. Those cycles concluded with this Court's orders limiting the evidence in this case to the Record originally compiled by the agencies.

5. Both of those Motions recounted the strenuous efforts of the agencies throughout these proceedings to limit the evidence in this case to the Administrative Record.

6. Both of those Motions recounted that the agencies have never requested that this Court enable them to file extra-record Affidavits in addition to the Administrative Record assembled by the agencies.

7. Both of those Motions recounted how the agencies redacted certain documents from the original Record, how the Plaintiffs asked this Court to force the agencies to file a complete Record, and how this Court proceeded to order the agencies to supplement the Record with over forty (40) additional documents requested by the Plaintiffs.

8. The first *Motion for Sanctions* recounted those actions by the agencies, and explained how those actions by counsel representing the agencies required the levying of sanctions against those attorneys in response to their attempt to file extra-record Affidavits with their *Reply*.

9. On September 10, 2002, the agencies filed a *Joint Answer in Opposition to the Plaintiffs' Motion for Summary Judgment*. For that *Answer*, the agencies proceeded to again attempt to attach two extra-record Affidavits to the filing.

10. Again, the extra-record Affidavits filed by the agencies were prepared exclusively for that filing and are not part of the Record.

11. One Affidavit purported to be an affirmation by Robert McClure, confirming that an "Exit 7 Coloring Book", predetermining the location of the interchange at the Walker Road location, had indeed been prepared by the agencies, but had not been distributed to the public.

12. The second Affidavit purported to be an affirmation of Charles Babcock, attempting to explain how "pre-final" design of the Walker Road interchange prior to the completion of federally-mandated environmental studies did not violate federal law prohibiting the agencies from beginning design work prior to the issuance of a Record of Decision (ROD).

13. Both the *Joint Answer*, and the *Response to Plaintiffs' Statement of Material Facts*, filed by the agencies on September 10th, 2002, incorporated the text of these Affidavits.

14. As recounted by the agencies in previous filings in this case, the Administrative Procedure Act (APA) and relevant caselaw clearly confines the evidence in this case to the Administrative Record containing documents and materials prepared prior to the final decision issued on the construction of the interchange. Materials not contained within the Record, but prepared afterwards, constitute "post-hoc rationalizations" and are inadmissible in these proceedings.

15. The Affidavits attached to the *Joint Answer* constitute "post-hoc rationalizations" inadmissible as "extra-record" materials.

16. As with the Affidavits filed by the agencies with their *Reply Brief*, the Babcock Affidavit filed by the agencies is an express admission that the Record supports the Plaintiffs' contention that the agencies illegally entered into design work on a Walker Road interchange prior to the issuance of the Record of Decision (ROD). Indeed, the only reason to attempt to file Affidavits is if the Record does not support the agencies' defense of that issue.

17. The agencies, and the lawyers representing the agencies, submitted these Affidavits without requesting the authorization of this Court to supplement the Record, and with the knowledge that the scope of the Administrative Record had already been established by this Court.

18. In their first *Motion for Sanctions*, the Plaintiffs explained that the Defendants and the Intervenor lacked any foundation or basis for attempting to submit extra-record documents into the Record at this stage of the proceedings.

19. In their first *Motion for Sanctions*, the Plaintiffs also explained that the Defendants and the Intervenor had failed, at any point in these proceedings, to ask the Court for permission to supplement the Administrative Record with additional materials, even while they knew that the issue of the scope of the Record had been a contentious one throughout the first phase of these proceedings.

20. In their first *Motion for Sanctions*, the Plaintiffs also explained that this Court had previously defined the scope of the Administrative Record, and the attempt to submit extra-record Affidavits by the agencies knowingly violated the Orders of this Court.

21. In their first *Motion for Sanctions*, the Plaintiffs even alerted this Court and counsel for the highway agencies of the potential for the agencies' continued violation of this Court's orders and the scope of the Record, through continued attempts to submit Affidavits attached to their *Answer*.

22. The actions of Attorneys Fiorenza, on behalf of the Defendants, and Gardner, on behalf of the Intervenor, in ignoring this Court's Orders dealing with the Administrative Record, and their submission of extra-record documents attached

6

to their *Reply* and *Answer*, have obstructed the effective administration of this Court's business and have caused delays in the resolution of this case.

23. The efforts by these attorneys to attach two additional Affidavits to their *Answer to the Plaintiffs' Motion for Summary Judgment*, after being warned by the first *Motion for Sanctions* filed by the Plaintiffs, constitutes an intentional and willful disregard of this Court's earlier orders and the Plaintiffs' request to this Court.

24. Local Rule 83.3 authorizes this Court to impose reasonable costs and fees directly against counsel whose action has obstructed the effective administration of the court's business.

25. Plaintiffs have incurred costs and attorneys' fees in preparing this Second *Motion to Strike* and for Sanctions against counsel representing the agencies.

26. Plaintiffs request that this Court impose attorneys' fees and costs against Attorneys Fiorenza and Gardner as a sanction for their actions in attempting to file extra-record documents with their *Answer to the Plaintiffs' Motion for Summary Judgment*.

27. The agencies have previously non-concurred with any Motion seeking sanctions against the agencies in response to their attempt to submit extra-record documents to the Court in this case.

28. Due to the nature of this Motion as a *Second Motion* requesting a striking of extra-record documents and sanctions against counsel; and the similarity of this Motion with the First *Motion* filed by the Plaintiffs, no Brief is being filed with this Motion.

Accordingly, for those reasons and the reasons previously advanced in the Plaintiffs' first *Motion to Strike* and *Motion for Sanctions*, the Plaintiffs respectfully request that this Court Strike the Affidavits attached by the agencies to their *Joint Answer* filed on September 10th, 2002; Strike the *Answer* due to its references to material within the Affidavits; and Strike the agencies' *Response to the Plaintiffs' Statement of Material Facts*, because of its references to material within the Affidavits. The Plaintiffs respectfully request that this Court order the attorneys for the Defendants and the Intervenor to pay the costs and fees associated with the Plaintiffs' Second *Motion to Strike* and for Sanctions against counsel.

Respectfully Submitted this **12th** Day of **September**, 2002

_____
Thomas Alan Linzey, Esq.
Community Environmental Legal Defense Fund (CELDF)
2859 Scotland Road
Chambersburg, Pennsylvania 17201
(717) 709-0457
(717) 709-0263 (fax)

## Certificate of Service of Process

I, Thomas Alan Linzey, Esq., hereby swear and affirm that I have served the Plaintiffs' *Motion to Strike and for Sanctions* on the Parties identified below by the following method:

FIRST CLASS MAIL PRE-PAID

The following individuals were served with the above mentioned document:

Anne Fiorenza, Esq.
Assistant U.S. Attorney
United States Attorneys Office
Federal Building, Suite 217
228 Walnut Street
P.O. Box 11754
Harrisburg, Pennsylvania 17108-1754

Kenda Jo Gardner, Esq.
Assistant Counsel
Pennsylvania Department of Transportation
P.O. Box 8212
Harrisburg, Pennsylvania 17105-8212

I swear and affirm that service of the documents was completed this **12th** Day of **September**, 2002.

Signed,

_____
Thomas Alan Linzey, Esq.
Community Environmental Legal Defense Fund (CELDF)
2859 Scotland Road
Chambersburg, Pennsylvania 17201

*Counsel for the Plaintiffs*