ORIGINAL

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GREENE/GUILFORD ENVIRONMENTAL
ASSOCIATION, a non-profit corporation
incorporated under the laws of the
Commonwealth of Pennsylvania, CITIZENS
FOR PLANNED COMMUNITY GROWTH,
an unincorporated association organized under
the laws of the Commonwealth of Pennsylvania,
PAUL B. AMBROSE, JOHN G. ENDERS,
CHARLES F. RAHAUSER, BETSY
RAHAUSER, DOUGLAS A. WARNOCK,
U.X. VAGNERINI, THOMAS W. BUNDY,
STEPHEN P. BUCHER, ROGER J.
ROBERTSON, JAMES A. STRITE, JR.,
and DAVID A. GUTHRIE,
          Plaintiffs,

    v.

KEN WYKLE, Administrator, Federal
Highway Administration, ROBERT GATZ,
Federal Highway Administration,
          Defendants,

    and

BRADLEY L. MALLORY, Secretary for
The Department of Transportation,
Commonwealth of Pennsylvania,
          Intervenor.

: CIVIL NO. 1:CV-01-0910
: (Judge Conner)

FILED
HARRISBURG, PA

SEP 1 7 2002

MARY E. D'ANDREA, CLERK
Per _____
    Deputy Clerk

## MOTION TO SUSPEND FILING OF PLAINTIFFS' REPLY BRIEF UNTIL PENDING MOTIONS TO STRIKE AGENCY EXTRA-RECORD AFFIDAVITS ARE RESOLVED AND AGENCY BRIEFS ARE RE-FILED; AND FOR WAIVER OF LOCAL RULE 7.8 TO FILE A REPLY BRIEF IN EXCESS OF FIFTEEN PAGES

AND NOW, come the Plaintiffs in the above captioned case, and respectfully request that this Court (1) Stay the deadline for the filing of Plaintiffs' *Reply Brief* pending the striking of extra-record Affidavits attached to the Agencies' *Joint Answer to Plaintiffs' Motion for Summary Judgment*, and the agencies' subsequent re-filing of that *Answer* and supporting documents, (2) Waive Local Rule 7.8 and authorize the Plaintiffs to file a *Reply Brief* no longer than twenty-five (25) pages in length, and (3) Establish a deadline for the filing of the Plaintiffs' *Reply Brief* as twenty-five (25) days after this Court's resolution of the Plaintiffs' *Motions to Strike* and the re-filing of the agencies' *Answer to the Plaintiffs' Motion for Summary Judgment* and the agencies' *Response to the Plaintiffs' Statement of Material Facts*.

1. On September 10th, 2002, the agencies filed a *Joint Answer in Opposition to the Plaintiffs' Motion for Summary Judgment*. The agencies attempted to attach two extra-record Affidavits to that filing.

2. Earlier, the agencies attempted to file two extra-record Affidavits to their *Reply to the Plaintiffs' Answer in Opposition to the Agencies' Motion for Summary Judgment*.

3. All of the extra-record Affidavits attached by the agencies to their Briefs were prepared exclusively for these proceedings, are not part of the Administrative Record, and were not before the agencies at the time decisions were made on the project challenged by this suit.

4. Both the *Joint Answer* and the *Response to Plaintiffs' Statement of Material Facts*, filed by the agencies on September 10th, 2002, incorporated the text of the extra-record Affidavits attached to them.

5. On September 12th, 2002, the Plaintiffs asked this Court to strike the extra-record Affidavits from the *Joint Answer* filed by the Agencies, and to strike the entire *Joint Answer* and the *Response to Plaintiffs' Statement of Material Facts* because those documents incorporated the text of those Affidavits into arguments in those documents.

6. In that September 12th Motion, Plaintiffs asked this Court to strike those documents because this Court has plainly and repeatedly ruled that the Administrative Record – compiled by the agencies themselves – constituted the sole evidentiary record in this case.

7. In that same September 12th *Motion*, the Plaintiffs asked this Court to assess sanctions against attorneys for the Defendants and the Intervenor, because those attorneys knowingly and willfully violated the orders of this Court which limited evidence to the Administrative Record.

8. The Plaintiffs have previously asked this Court to strike other extra-record Affidavits ("First Motion to Strike") and assess sanctions against legal counsel for

3

the agencies, in response to their attempt to attach two other Affidavits to their *Reply to the Plaintiffs' Answer to the Agencies' Motion for Summary Judgment.*

9. In a September 13th response to Plaintiffs' *First Motion to Strike*, the agencies failed to offer a shred of authority to support their repeated attempts to force extra-Record Affidavits into these proceedings.

10. In that September 13th response to the Plaintiffs' *First Motion to Strike*, the agencies admitted that the Plaintiffs' arguments against the agencies "could not be adequately addressed . . . solely by reference to the record", and therefore, that the agencies felt compelled to attempt to attach extra-record Affidavits without seeking the permission of this Court. *See Agencies' Brief in Opposition to Plaintiffs' Motion to Strike* at 2.

11. The agencies' September 13th response leaves no doubt that the Affidavits must be stricken, and that counsel for the agencies knowingly, and in willful disregard of this Court's earlier orders, attempted to prejudice this court with "post-hoc rationalizations" of agency personnel and consultants.

12. The agencies have therefore admitted that several arguments advanced by the Plaintiffs cannot be defended by the agencies on the basis of the Administrative Record.

4

13. Currently, a Reply to the Agencies' *Answer in Opposition to the Plaintiffs' Motion for Summary Judgment* is due no later than September 21st, 2002.

14. Pending resolution of the *Second Motion to Strike*, filed on September 12th, 2002 by the Plaintiffs, the Plaintiffs are unable to fully respond to the Agencies' *Answer in Opposition to the Plaintiffs' Motion for Summary Judgment*, until the Affidavits are stricken, and the agencies re-file their *Answer Brief* and their *Response to the Plaintiffs' Statement of Material Facts*.

15. The Agencies were earlier granted a waiver of Local Rule 7.8, and allowed to file a twenty-five (25) page *Reply* to the Plaintiffs' *Answer in Opposition to the Agencies' Motion for Summary Judgment*. See August 13th, 2002 *Order* of this Court (docket #93-1).

16. The Agencies were granted a period of twenty-five (25) days to file a *Reply* to the Plaintiffs' *Answer in Opposition to the Agencies' Motion for Summary Judgment*. See July 30th, 2002 *Order* of this Court (docket #87).

17. For those reasons, and due to the complexity of this case, the Plaintiffs request that this Court waive the application of Local Rule 7.8, and authorize the Plaintiffs to file a *Reply Brief* in excess of fifteen (15) pages, but not exceeding twenty-five (25) pages in length.

18. For those reasons, and due to the complexity of this case, the Plaintiffs request that this Court suspend the Plaintiffs' September 21st filing deadline, and enable the Plaintiffs to file their *Reply Brief* twenty-five (25) days after this Court's resolution of the *Motions to Strike* filed by the Plaintiffs, and the re-filing of the Agencies' *Answer* and *Response to the Plaintiffs' Statement of Material Facts*.

Accordingly, for those reasons, the Plaintiffs respectfully request that this Court (1) Stay the September 21st deadline for the filing of the Plaintiffs' *Reply Brief*, (2) Waive Local Rule 7.8 as it applies to the *Reply Brief*, and authorize the Plaintiffs to file a *Reply Brief* in excess of fifteen pages, but not exceeding twenty-five (25) pages in length, and (3) Establish a deadline for the filing of the *Reply Brief* twenty-five (25) days following the resolution of the pending *Motions to Strike* filed by the Plaintiffs, and the re-filing of the Agencies' *Answer* and *Response to the Plaintiffs' Statement of Material Facts*.

Respectfully Submitted this **16th** Day of **September**, 2002

_____
Thomas Alan Linzey, Esq.
Community Environmental Legal Defense Fund (CELDF)
2859 Scotland Road
Chambersburg, Pennsylvania 17201
(717) 709-0457
(717) 709-0263 (fax)

## Certificate of Non-Concurrence

In accordance with Local Rule 7.1, Plaintiffs' counsel contacted counsel for the agencies by telephone on September 13th, 2002. Agency counsel does not concur with the filing of this Motion.

Dated this **16th** Day of **September**, 2002.

_____
Thomas Alan Linzey, Esq.
Community Environmental Legal Defense Fund (CELDF)

*Counsel for the Plaintiffs*

## Certificate of Service of Process

I, Thomas Alan Linzey, Esq., hereby swear and affirm that I have served the Plaintiffs' *Motion* on the Parties identified below by the following method:

FIRST CLASS MAIL PRE-PAID

The following individuals were served with the above mentioned document:

Anne Fiorenza, Esq.
Assistant U.S. Attorney
United States Attorneys Office
Federal Building, Suite 217
228 Walnut Street
P.O. Box 11754
Harrisburg, Pennsylvania 17108-1754

Kenda Jo Gardner, Esq.
Assistant Counsel
Pennsylvania Department of Transportation
P.O. Box 8212
Harrisburg, Pennsylvania 17105-8212

I swear and affirm that service of the documents was completed this **16th** Day of **September**, 2002.

Signed,

_____
Thomas Alan Linzey, Esq.
Community Environmental Legal Defense Fund (CELDF)
2859 Scotland Road
Chambersburg, Pennsylvania 17201

*Counsel for the Plaintiffs*