UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GREENE/GUILFORD ENVIRONMENTAL :
ASSOCIATION, a non-profit :
Corporation incorporated under the :
laws of the Commonwealth of :
Pennsylvania, CITIZENS FOR PLANNED :
COMMUNITY GROWTH, an unincorporated :
association organized under the :
laws of the Commonwealth of : CIVIL ACTION NO.
Pennsylvania, PAUL B. AMBROSE, : 1:CV-01-0910
JOHN G. ENDERS, CHARLES F. :
RAHAUSER, BETSY RAHAUSER, DOUGLAS : (Judge Connor)
A. WARNOCK, U.X. VAGNERINI, THOMAS :
W. BUNDY, STEPHEN P. BUCHER, :
ROGER J. ROBERTSON, JAMES A. :
STRITE, JR., DAVID A. GUTHRIE, :
        Plaintiffs, :
 :
v. :
 :
KEN WYKLE, Administrator, Federal :
Highway Administration, ROBERT :
GATZ, Federal Highway :
Administration, :
        Defendants, :
 :
        and :
 :
BRADLEY L. MALLORY, Secretary for :
the Department of Transportation, :
Commonwealth of Pennsylvania, :
        Intervenor :

**FEDERAL DEFENDANTS' AND INTERVENOR'S MEMORANDUM
OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR SANCTIONS**

## I. PROCEDURAL HISTORY

On August 19, 2002, defendants and the intervenor (hereinafter, collectively "defendants") filed a reply brief (docket #95) in support of their motion for summary judgment. On or about August 26, 2002, plaintiffs filed a Motion to Strike Agencies' Reply Brief and Extra-Record Affidavits (docket #98) and a brief in support thereof (docket #99). On or about September 5, 2002, plaintiffs filed a Motion for Sanctions Against Attorneys Fiorenza and Gardner Under Local Rule 83.3 (docket #100) and a brief in support thereof (docket #101). This brief is filed in opposition to the motion for sanctions.

## II. STATEMENT OF FACTS

As plaintiffs suggest, the docket in this case reflects that plaintiffs vigorously sought extra-record discovery in this matter and that the defendants and the intervenor opposed that request. The substance of those arguments are a matter of record and the issue was resolved by Judge Rambo in her opinions dated October 17, 2001 and March 1, 2002.

When the defendants filed their motion for summary judgment, it was supported by citations to the administrative record. In plaintiffs' July 25, 2002 brief in opposition to that motion, however, plaintiffs raised

2

sanctions, plaintiffs also contend that sanctions in the form of attorneys fees should be issued against defendants for the time spent on the motion to strike these explanatory declarations.

### III. ARGUMENT

**A. Defendants' declarations are properly before the Court as an explanation of a highly technical process (traffic analysis) and in response to extra record evidence raised by plaintiffs.**

The submission of declarations or affidavits in support of or in opposition to a motion for summary judgment is specifically authorized and, in fact, anticipated by Rule 56 of the Federal Rules of Civil Procedure. For example, the Rule provides that a party may move for summary judgment "with or without supporting affidavits . . ." (Rule 56(a)). The Rule also provides that "the court may permit affidavits to be supplemented or opposed by deposition, answers to interrogatories, or further affidavits." Rule 56(e) (emphasis added).

Moreover, the use of explanatory declarations/affidavits does not run afoul of the law regarding the content of administrative records. It is well settled that declarations may be considered by the court as explanation when the record does not "disclose the factors that were considered". <u>Citizens to Preserve</u>

4

Overton Park, Inc. v. Volpe, 401 U.S. 402, 420 (1971). The Supreme Court has held: "[S]ince the bare record may not disclose the factors that were considered or the Secretary's [decision-maker's] construction of the evidence it may be necessary for the District Court to require some explanation in order to determine if the Secretary acted within the scope of his authority and if the Secretary's action was justifiable under the applicable standard." Id. Courts have applied this ruling and permitted the consideration of extra record documents when necessary to explain the agency's action and if supplementation of the record is necessary to explain technical terms or complex subject matter involved in the agency action. Animal Defense Council v. Hodel, 867 F.2d 1244, 1436-37 (9th Cir. 1988); Airport Impact Relief v. Wykle, 192 F.3d 197, 208 (1st Cir. 1992); Sierra Club v. Marsh, 976 F.2d 763, (1st Cir. 1992).

The declaration/affidavits submitted for the present case address issues raised by plaintiffs that are not fully explained in the record. For example, plaintiffs attempt to discredit defendants' traffic studies by claiming that the extended local road system should have been evaluated in the 1998 traffic analysis (AR-72.) and by claiming for the 2000 traffic analysis (AR-83 at 8.), in addition to

5

taking traffic counts, the traffic model should have been re-run. The Declaration of Jeffery Greene, P.E., simply explains the decisions that were made at the time that these traffic studies were conducted. The declaration is not, as plaintiffs suggest, a post-hoc rationalization.

With respect to the second declaration, plaintiffs' reply brief misrepresented the agricultural impacts caused by the project. Plaintiffs claimed that based on the sale of the entire White parcel to PennDOT, the project will now impact 22 acres of farmland rather than 6.5 acres as considered in the ROD for the project. To correct this misrepresentation, defendants filed the deed transferring the property to PennDOT which contains a covenant providing that any land not directly impacted by the project could be used only as open space or farmlands.

The present case is analogous to the holdings in Airport Impact Relief, 192 F.3d at 208, and Sierra Club v. Marsh, 976 F.2d at 774. In Airport Impact Relief, 192 F.3d at 208, a declaration was submitted to explain the actions taken by FHWA to conduct an independent review of MHD's data, analysis, and conclusions. The court accepted and considered this declaration in rendering its decision. Id. In Sierra Club v. Marsh, 976 F.2d at 774, several affidavits were offered to explain: (1) why a special

report that was referred to in several documents was not included in the administrative record; and (2) why secondary impacts was considered for only four light-dry industries. The court held that these affidavits were admissible.

Plaintiffs cannot have it both ways. They cannot raise an issue regarding agricultural impacts, knowing full well that the simplest answer is a document outside of the administrative record, and then object to its introduction. In a similar vein, they cannot cast their own interpretation on traffic reports contained in the record and then deny the agency the opportunity to explain the study.

The defendants have not attempted to buttress their motion with new evidence. Rather, they have simply responded to the arguments proffered in opposition to their motion. In deed, the Local Rules do not address the timing of supplemental declarations. They do address the purpose of the reply brief "to reply to matters in respondent's brief." LR 7.7. Plaintiffs' motion, if granted, would tie the hands of the moving party and require the moving party to anticipate every possible argument that could be made in opposition, no matter how remote or innovative, and include documents responsive to those imagined or anticipated

arguments at the time of its initial filing. The Rules do not require this approach. Plaintiffs' motion is without merit and should be denied.

**B.  Defendants' have not violated any of the Court's orders in filing the explanatory declarations.**

Plaintiffs erroneously claim that defendants have violated this Court's orders that were issued in response to plaintiffs' motion for limited discovery and plaintiffs' motion to supplement the record.[1]

In their motion for limited discovery, plaintiffs were requesting discovery in the form of depositions based on allegations of bad faith. (Mem. Of Law in Supp. of Pls.' Mot. for Limited Disc. in Addition to the Administrative R., Docket # 16 at 5.) A strong showing of bad faith is one of the exceptions to the administrative record rule.

---

[1] Plaintiffs also erroneously claim that defendants are acting contrary to defendants' previous arguments. In all of defendants' memorandum of law regarding discovery and/or administrative record issues, defendants recognized an exception to the administrative record rule. This exception involves the need for explanation if the bare record does not disclose the factors considered by the decision-maker. (Defs.' Mem. Of Law in Opp'n to Pls.' Mot. for Limited Disc. in Addition to the Administrative R., Docket # 19 at 6, see also Overton Park, 401 U.S. at 420.) Defendants' memoranda of law also stated that the need for additional explanation is usually invoked to explain technical matters. (Defs.' Mem. Of Law in Opp'n to Pls.' Mot. for Limited Disc. in Addition to the Administrative R., Docket # 19 at 7; Defs.' Mem. of Law in Opp. to Pls.' Mot. to Supplement the Administrative R., docket #43 at 11.)

8

Overton Park, 401 U.S. at 420. The issue before the Court was whether plaintiffs made a strong showing of bad faith, thus, justifying the requested discovery under the bad faith exception to the administrative record rule. (Oct. 17, 2001 Mem. Decision, docket #35 at 8-14.) In the October 17, 2001 memorandum decision, Judge Rambo concluded:

> The general rule for judicial review of administrative action is that the court should limit its focus to the administrative record, absent a strong showing of bad faith or reliance upon extra-record considerations. Plaintiffs have indicated to the court that the administrative record is replete with evidence of predetermination in support of their claim. However, evidence of predetermination or even preference for a certain outcome on the part of an agency alone does not constitute a strong showing of bad faith that warrants allowing discovery outside the administrative record. Therefore, the court will deny Plaintiffs' motion for extra-record discovery.

(Oct. 17, 2001 Mem. Decision by Judge Rambo, Docket # 35 at 14-15.)

On February 18, 2002, plaintiffs filed a motion to supplement the administrative record seeking the addition of sixty-one (61) documents to the administrative record. By letter dated November 20, 2001, FHWA agreed to add five to the administrative record. Moreover, the same letter informed plaintiffs that fourteen (14) of the items were actually located in the administrative record or did not exist. (Defs.' Mem. of Law in Opp. to Pls.' Mot. to

9

Supplement the Administrative R., Docket #43 at 4-5 and Exhibit A.)  Defendants opposed the supplementing the record with the remaining items "because the documents were not before FHWA at the time the decision was made . . . or because they are agency work product and not normally made a part of the record."  (Defs.' Mem. of Law in Opp. to Pls.' Mot. to Supplement the Administrative R., docket #43 at 6.)  The Court ordered that the motion to supplement was granted in part and denied in part.  Seventeen (17) items were denied.  Three (3) items were denied as moot because these items were already in the administrative record.  Five (5) items defendants agreed to supplement.  Four (4) items the Court asked defendants to recheck their location in the administrative record.  (March 1, 2002 Order by Judge Rambo, Docket #54.)

In the Court's previous order regarding the content of the administrative record, the Court decided that discovery was improper because there was no strong showing of bad faith and the Court granted plaintiffs' request to supplement the record with regard to approximately 32 items.  In issuing either of these orders, the Court never held that the exception to the administrative record rule providing explanation of the agency's actions or studies did not apply to this case.  This issue has never been

10

before this Court until the filing of plaintiffs' motion to strike.

Based upon the above discussion, defendants have not violated any of this Court's orders.

C. **In filing the declarations at issue, defendants were in compliance with the administrative record rule and the Court's orders; therefore, plaintiffs' motion for sanctions lacks merit and should be denied.**

Plaintiffs request that this Court impose sanctions (in the form of attorney's fees) on defendants based on Local Rule 83.3. This Local Rule allows the court to impose sanctions for failure to comply with any rule or order of the court. L.R. 83.3.1. In their motion for sanctions, plaintiffs do not allege that defendants violated any court rules.[2] Plaintiffs do erroneously allege that defendants violated this Court's orders. As discussed in detail above, defendants have not failed to comply with a rule of this Court or order of this Court. Therefore, sanctions are improper.

---

[2] Plaintiffs have alleged that defendants have violated the administrative record rule in submitting affidavits. This is not a procedural rule of the court. Regardless, as detailed above, defendants properly submitted the declarations under one of the exceptions to the administrative record rule – the need for additional explanation when the record does not disclose the factors that were considered. Overton Park, 401 U.S. at 420.

11

## IV. CONCLUSION

Defendants have not violated the administrative record rule or this Courts' previous orders by filing the declarations as exhibits to their reply brief. The declarations are properly before this Court as an explanation of a highly technical matter (traffic analysis) and in response to extra-record facts presented by plaintiffs. Therefore, defendants respectfully request that this Court deny plaintiffs' motion to strike and motion for sanctions.

Respectfully submitted,

THOMAS A. MARINO
United States Attorney

_____
ANNE K. FIORENZA
Assistant United States Attorney
Federal Building – 2nd Floor
228 Walnut Street
P.O. Box 11754
Harrisburg, PA  17108-1754

_____
KENDA JO M. GARDNER
Assistant Counsel
JOHN M. HRUBOVCAK
Assistant Counsel-in Charge
ROBERT J. SHEA
Assistant Chief Counsel
ANDREW S. GORDON
Chief Counsel
Pennsylvania Department of Transportation
Office of Chief Counsel
P.O. Box 8212
Harrisburg, PA  17105

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

On this 19 day of September, 2002, she served a copy of the foregoing documents by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by deposition said envelope and contents in the United States Mail at Harrisburg, Pennsylvania to:

Thomas Alan Linzey, Esquire
Community Environmental Legal Defense Fund
2859 Scotland Road
Chambersburg, PA  17201

Kenda Jo M Gardner, Assistant Counsel
Pennsylvania Department of Transportation
Office of Chief Counsel
P.O. Box 8212
Harrisburg, PA  17105

CHYENNA GOWDY
Legal Assistant