UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREENE/GUILFORD ENVIRONMENTAL ASSOCIATION, a non-profit Corporation incorporated under the laws of the Commonwealth of Pennsylvania, CITIZENS FOR PLANNED COMMUNITY GROWTH, an unincorporated association organized under the laws of the Commonwealth of Pennsylvania, PAUL B. AMBROSE, JOHN G. ENDERS, CHARLES F. RAHAUSER, BETSY RAHAUSER, DOUGLAS A. WARNOCK, U.X. VAGNERINI, THOMAS W. BUNDY, STEPHEN P. BUCHER, ROGER J. ROBERTSON, JAMES A. STRITE, JR., DAVID A. GUTHRIE,<br>     Plaintiffs,<br><br>v.<br><br>KEN WYKLE, Administrator, Federal Highway Administration, ROBERT GATZ, Federal Highway Administration,<br>     Defendants,<br><br>and<br><br>BRADLEY L. MALLORY, Secretary for the Department of Transportation, Commonwealth of Pennsylvania,<br>     Intervenor | CIVIL ACTION NO.<br>1:CV-01-0910<br><br>(Judge Connor) |

FEDERAL DEFENDANTS' and INTERVENOR'S RESPONSE TO
PLAINTIFFS MOTION FOR SANCTIONS

1. Admitted.

2. Admitted. By way of further explanation, plaintiffs were requesting discovery based on allegations of bad faith. (Mem. Of Law in Supp. of Pls.' Mot. for Limited Disc. in Addition to the Administrative R., docket #16 at 5.) A strong showing of bad faith is one of the exceptions to the administrative record rule. Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 420 (1971).

3. Denied as stated. By way of further explanation, defendants' memorandum of law in opposition to plaintiffs' motion also recognized an exception to the administrative record rule. This exception involves the need for explanation if the bare record does not disclose the factors considered by the decision-maker. (Defs.' Mem. Of Law in Opp'n to Pls.' Mot. for Limited Disc. in Addition to the Administrative R., docket #19 at 6, see also Overton Park, 401 U.S. at 420.) Defendants' memorandum of law also stated that the need for additional explanation is usually invoked to explain technical matters. (Defs.' Mem. Of Law in Opp'n to Pls.' Mot. for Limited Disc. in Addition to the Administrative R., docket #19 at 7.)

4. Denied as stated. Defendants' memorandum of law stated: "These documents, in addition to technical support data and a voluminous correspondence file, are a part of the administrative record, which forms the basis of review by this Court." (Defs.' Mem. Of Law in Opp'n to Pls.' Mot. for Limited Disc. in Addition to the Administrative R., docket #19 at 2.) The response to paragraph 3 is incorporated herein by reference.

5. Denied as stated. By way of further explanation, the response to paragraph 3 is incorporated herein by reference.

6. Denied as stated. By way of further explanation, the response to paragraph 3 is incorporated herein by reference.

7. Denied as stated. None of these cases involved the need for additional explanation.

8. Admitted. By way of further explanation, the issue before the Court was whether plaintiffs made a strong showing of bad faith, thus, justifying the requested discovery under the bad faith exception to the administrative record rule. (Oct. 17, 2001 Mem. Decision, Judge Rambo, docket #35 at 8-14.) The Declaration of Jeffery Greene, P.E., the consultant that performed the traffic studies, was filed to explain technical issues

raised by plaintiffs and the Declaration of David Reynolds was filed in response to extra record evidence raised by plaintiffs in their answer in opposition to defendants' motion for summary judgment, (docket #85) and plaintiffs' answer to defendants' statement of material facts (docket #84). The extra-record evidence that was raised by plaintiffs was the alleged increased impacts to productive agricultural lands (from 6.5 acres to 22 acres) based on the sale of the White property which occurred on October 17, 2001 after the issuance of ROD (AR-82 dated March 1999) and the completion of the 2001 reevaluation (AR-83 dated June 2001). (Pls. Answer in Opp'n to Joint Mot. for Summ. J., docket #85 at 30.)

    9.    Admitted.

    10.  Admitted in part, denied in part. It is admitted that on October 17, 2001, this Court denied plaintiffs' motion for limited discovery. The remainder of the paragraph is denied. In the October 17, 2001 memorandum decision, Judge Rambo concluded:

> The general rule for judicial review of administrative action is that the court should limit its focus to the administrative record, absent a strong showing of bad faith or reliance upon extra-record considerations. Plaintiffs have indicated to the court that the administrative record is replete with evidence of predetermination in support of their claim. However, evidence of predetermination or even preference for a certain outcome on the part of an agency alone does

>not constitute a strong showing of bad faith that
>warrants allowing discovery outside the administrative
>record. Therefore, the court will deny Plaintiffs'
>motion for extra-record discovery.

(Oct. 17, 2001 Mem. Decision at 14-15.) This Court stated that absent a reliance upon extra-record considerations, the Court should limit its focus to the administrative record. The response to paragraph 8 is incorporated herein by reference.

    11. Admitted in part, denied in part. It is admitted that on February 18, 2002, plaintiffs filed a motion to supplement the administrative record seeking the addition of sixty-one (61) documents to the administrative record. The remainder of the paragraph is denied. By letter dated November 20, 2001, FHWA agreed to add five (5) items to the administrative record. Moreover, the same letter informed plaintiffs that fourteen (14) of the items were actually located in the administrative record or did not exist. (Defs.' Mem. of Law in Opp. to Pls.' Mot. to Supplement the Administrative R., docket #43 at 4-5 and Exhibit A.)

    12. Denied as stated. Defendants opposed the supplementing the record with the remaining items "because the documents were not before FHWA at the time the decision was made . . . or because they are agency work product an not normally made a part of the record." (Defs.' Mem. of

Law in Opp. to Pls.' Mot. to Supplement the Administrative R., docket #43 at 6.)  Defendants again recognized an exception to the administrative record rule involving the need for explanation if the bare record does not disclose the factors considered by the decision-maker.  (Defs.' Mem. of Law in Opp. to Pls.' Mot. to Supplement the Administrative R., docket #43 at 11.)

13.  Denied as stated.  The responses to paragraphs 4 and 12 are incorporated herein by reference.

14.  Denied as stated.  Defendants stated that the documents, which were the subject of plaintiffs' motion to supplement, "were not before FHWA at the time the decision was made".  (Defs.' Mem. of Law in Opp. to Pls.' Mot. to Supplement the Administrative R., docket #43 at 6.)  The response to paragraph 12 is incorporated herein by reference.

15.  Denied as stated.  The response to paragraph 12 is incorporated herein by reference.

16.  Admitted.

17.  Denied as stated.  Defendants concluded: "Accordingly, review of agency action is limited to an examination of the record compiled by FHWA at the time it made its decision and excludes evidence that was not presented to FHWA."  (Defs.' Mem. of Law in Opp. to Pls.'

Mot. to Supplement the Administrative R., docket #43 at 15.)

18. Admitted. By way of further explanation, the issue was not presented at that time. The Declaration of Jeffery Greene, P.E., the consultant that performed the traffic studies, was filed to explain technical issues raised by plaintiffs and the Declaration of David Reynolds was filed in response to extra record evidence raised by plaintiffs in their answer in opposition to defendants' motion for summary judgment, (docket #85) and plaintiffs' answer to defendants' statement of material facts (docket #84). The extra-record evidence that was raised by plaintiffs was the alleged increased impacts to productive agricultural lands (from 6.5 acres to 22 acres) based on the sale of the White property which occurred on October 17, 2001 after the issuance of ROD (AR-82 dated March 1999) and the completion of the 2001 reevaluation (AR-83 dated June 2001). (Pls. Answer in Opp'n to Joint Mot. for Summ. J., docket #85 at 30.)

19. Denied as stated. The Court ordered that the motion to supplement was granted in part and denied in part. Seventee (17) items were denied. Three (3) items were denied as moot because these items were already in the administrative record. Five (5) items defendants agreed to

supplement. Four (4) items the Court asked defendants to recheck their location in the administrative record.

20. Admitted.

21. Admitted. By way of further explanation, approximately sixteen of these volumes were either handbooks/manuals, contracts/proposals, and draft materials. One volume was a map and another volume was the Franklin County Comprehensive Plan.

22. Admitted in part, denied in part. Admitted that Defendants filed a motion for summary judgment. The date that the motion was filed was June 7, 2002.

23. Admitted.

24. Admitted in part, denied in part. Admitted that on August 19, 2002, defendants filed a reply brief (docket #95) to plaintiffs' opposition brief (docket #85) which included two declarations as exhibits. The remainder of the paragraph is denied as stated. The Declaration of Jeffery Greene, P.E., the consultant that performed the traffic studies, (Exhibit B to defendants' reply brief) was filed to explain technical issues raised by plaintiffs and the Declaration of David Reynolds was filed in response to extra-record evidence raised by plaintiffs in their answer in opposition to defendants' motion for summary judgment, (docket #85) and plaintiffs' answer to defendants'

statement of material facts (docket #84) (Exhibit A to defendants' reply brief. The extra-record evidence that was raised by plaintiffs was the alleged increased impacts to productive agricultural lands (from 6.5 acres to 22 acres) based on the sale of the White property which occurred on October 17, 2001 after the issuance of ROD (AR-82 dated March 1999) and the completion of the 2001 reevaluation (AR-83 dated June 2001). (Pls. Answer in Opp'n to Joint Mot. for Summ. J., docket #85 at 30.)

25. Paragraph 25 contains conclusions of law to which no response is required. To the extent that paragraph 25 is deemed to contain any allegations of fact, they are denied. By way of further answer, the Declarations of Jeff Greene, P.E., is being offered to explain to the Court the traffic analysis that was conducted by Orth Rodgers & Associates for the I-81 Interchange project. The declaration is not post-hoc rationalizations. It is well settled that declarations may be considered by the court as explanation when the record does not "disclose the factors that were considered". Overton Park, 401 U.S. at 420.

The declarations submitted for the present case address issues raised by plaintiffs that are not fully explained in the record. For example, plaintiffs attempt to discredit defendants traffic studies by claiming that

the extended local road system should have been evaluated in the 1998 traffic analysis (AR-72.) and by claiming for the 2000 traffic analysis (AR-83 at 8.), in addition to taking traffic counts, the traffic model should have been re-run. The Declaration of Jeffery Greene, P.E., simply explains the decisions that were made at the time that these traffic studies were conducted.

26. Denied as stated. The Court decided that discovery was improper because there was no strong showing of bad faith and the Court granted plaintiffs request to supplement the record with regard to approximately 32 items.

27. Paragraph 27 contains conclusions of law to which no response is required. To the extent that paragraph 27 is deemed to contain any allegations of fact, they are denied. By way of further explanation, the response to paragraph 25 is incorporated herein by reference.

28. Admitted that plaintiffs made this allegation in their Motion to Strike.

29. Admitted in part, denied in part. Admitted that plaintiffs' motion to strike makes this conclusion of law. Denied that this conclusion of law is proper. The response to paragraph 25 is incorporated herein by reference.

30. Admitted in part, denied in part. Admitted that plaintiffs' motion to strike makes this conclusion of law. Denied that this conclusion of law is proper. Defendants have not violated the administrative record rule or this Courts' previous orders by filing the declarations as exhibits to their reply brief. The declarations are properly before this court as an explanation as an explanation of a highly technical matter (traffic analysis) and in response to extra-record facts presented by plaintiffs. The response to paragraph 25 is incorporated herein by reference.

31. Paragraph 31 contains conclusions of law to which no response is required. To the extent that paragraph 31 is deemed to contain any allegations of fact, they are denied. The responses to paragraphs 10 and 19 are incorporated herein by reference.

32. Paragraph 32 contains conclusions of law to which no response is required. To the extent that paragraph 32 is deemed to contain any allegations of fact, they are denied. By way of further explanation, the responses to paragraphs 25 and 30 are incorporated herein by reference.

33. Paragraph 33 contains conclusions of law to which no response is required. To the extent that paragraph 33

is deemed to contain any allegations of fact, they are denied.

34.  After reasonable investigation, defendants are without knowledge or information sufficient to form a belief as to the truth or accuracy of paragraph 34.  The averments of said paragraph are therefore denied.

35.  Paragraph 35 contains conclusions of law to which no response is required.  To the extent that paragraph 35 is deemed to contain any allegations of fact, they are denied.  Defendants acted properly.  The responses to paragraphs 18, 25, and 30 are incorporated herein by reference.

36.  Paragraph 36 contains conclusions of law to which no response is required.  To the extent that paragraph 36 is deemed to contain any allegations of fact, they are denied.  Defendants acted properly.  The responses to paragraphs 18, 25, and 30 are incorporated herein by reference.

37.  Admitted that defendants do not concur with this motion.  However, plaintiffs' counsel never attempted to contact either party to seek concurrence as required by local rule 7.1.

**WHEREFORE**, defendants and intervenor respectfully request the Court to deny plaintiffs' motion for sanctions.

Respectfully submitted,

THOMAS A. MARINO
United States Attorney

*/s/ Anne K. Fiorenza*
ANNE K. FIORENZA
Assistant United States Attorney
Federal Building - 2nd Floor
228 Walnut Street
P.O. Box 11754
Harrisburg, PA  17108-1754

*/s/ Kenda Jo M. Gardner*
KENDA JO M. GARDNER
Assistant Counsel
JOHN M. HRUBOVCAK
Assistant Counsel-in Charge
ROBERT J. SHEA
Assistant Chief Counsel
ANDREW S. GORDON
Chief Counsel
Pennsylvania Department of Transportation
Office of Chief Counsel
P.O. Box 8212
Harrisburg, PA  17105

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

On this 19 day of September, 2002, she served a copy of the foregoing documents by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by deposition said envelope and contents in the United States Mail at Harrisburg, Pennsylvania to:

Thomas Alan Linzey, Esquire
Community Environmental Legal Defense Fund
2859 Scotland Road
Chambersburg, PA  17201

Kenda Jo M Gardner, Assistant Counsel
Pennsylvania Department of Transportation
Office of Chief Counsel
P.O. Box 8212
Harrisburg, PA  17105

CHYENNA GOWDY
Legal Assistant