ORIGINAL

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GREENE/GUILFORD ENVIRONMENTAL :
ASSOCIATION, a non-profit :
Corporation incorporated under the :
laws of the Commonwealth of :
Pennsylvania, CITIZENS FOR PLANNED :
COMMUNITY GROWTH, an unincorporated :
association organized under the :
laws of the Commonwealth of : CIVIL ACTION NO.
Pennsylvania, PAUL B. AMBROSE, : 1:CV-01-0910
JOHN G. ENDERS, CHARLES F. :
RAHAUSER, BETSY RAHAUSER, DOUGLAS : (Judge Connor)
A. WARNOCK, U.X. VAGNERINI, THOMAS :
W. BUNDY, STEPHEN P. BUCHER, :
ROGER J. ROBERTSON, JAMES A. :
STRITE, JR., DAVID A. GUTHRIE, :
          Plaintiffs, :
           :
          v. :
           :
KEN WYKLE, Administrator, Federal :
Highway Administration, ROBERT :
GATZ, Federal Highway :
Administration, :
          Defendants, :
           :
          and :
           :
BRADLEY L. MALLORY, Secretary for :
the Department of Transportation, :
Commonwealth of Pennsylvania, :
          Intervenor :

FILED
HARRISBURG, PA
SEP 2 0 2002
MARY E. D'ANDREA, CLERK
Per _____
      Deputy Clerk

**FEDERAL DEFENDANTS' AND INTERVENOR'S MEMORANDUM
OF LAW IN OPPOSITION TO PLAINTIFFS'
SECOND MOTION TO STRIKE AND FOR SANCTIONS**

I. **PROCEDURAL HISTORY**

On August 19, 2002, defendants and the intervenor (hereinafter, collectively "defendants") filed a reply brief (docket #95) in support of their motion for summary judgment. On or about August 26, 2002, plaintiffs filed a Motion to Strike Agencies' Reply Brief and Extra-Record Affidavits (docket #98) and a brief in support thereof (docket #99). On or about September 5, 2002, plaintiffs filed a Motion for Sanctions Against Attorneys Fiorenza and Gardner Under Local Rule 83.3 (docket #100) and a brief in support thereof (docket #101). On September 13, 2002, defendants filed a brief in opposition to plaintiffs' motion to strike. On September 19, 2002, defendants filed a response to plaintiffs' motion for sanctions and a memorandum of law in opposition to said motion.

On or about September 12, 2002, plaintiffs filed a second motion to strike and for sanctions regarding defendants' response to plaintiffs' statement of material facts and defendants' brief in opposition to plaintiffs motion for summary judgment. This brief is in response to this motion.

2

## II. STATEMENT OF FACTS

As plaintiffs suggest, the docket in this case reflects that plaintiffs vigorously sought extra-record discovery in this matter and that the defendants and the intervenor opposed that request. The substance of those arguments are a matter of record and the issue was resolved by Judge Rambo in her opinions dated October 17, 2001 and March 1, 2002.

When the defendants filed their motion for summary judgment, it was supported by citations to the administrative record. In plaintiffs' July 25, 2002 summary judgment brief (docket #83) and statement of material facts in support of their motion for summary judgment (docket #82), however, plaintiffs raised arguments which could not be adequately addressed by defendants solely by reference to the record. Defendants therefore filed two explanatory declarations with their response to plaintiffs' statement of material facts.

Plaintiffs contend that these explanatory declarations are outside the administrative record and must be stricken. In their motion for sanctions, plaintiffs also contend that sanctions in the form of attorneys fees should be issued against defendants for the time spent on the motion to strike these explanatory declarations.

## III. ARGUMENT

**A.   Defendants' declarations are properly before the Court as an explanation of a highly technical process (traffic analysis) and as explanation when the record does not disclose the factors considered.**

The submission of declarations or affidavits in support of or in opposition to a motion for summary judgment is specifically authorized and, in fact, anticipated by Rule 56 of the Federal Rules of Civil Procedure. The Rule provides that the adverse party "may serve <u>opposing affidavits</u>." Rule 56(c)(emphasis added). The Rule also provides for the content of opposing affidavits in that "the court may permit affidavits to be supplemented or opposed by deposition, answers to interrogatories, or <u>further affidavits</u>." Rule 56(e) (emphasis added). The Local Rules also provide for opposing affidavits in responding to motions for summary judgment. L.R. 7.6. The defendants have not attempted to buttress their motion for summary judgment with new evidence. Rather, they have simply responded to the arguments proffered in plaintiffs motion for summary judgment as permitted by the procedural rules.

Moreover, the use of explanatory declarations and/or affidavits does not run afoul of the law regarding the content of administrative records. It is well settled that

4

declarations may be considered by the court as explanation when the record does not "disclose the factors that were considered". Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 420 (1971). The Supreme Court has held: "[S]ince the bare record may not disclose the factors that were considered or the Secretary's [decision-maker's] construction of the evidence it may be necessary for the District Court to require some explanation in order to determine if the Secretary acted within the scope of his authority and if the Secretary's action was justifiable under the applicable standard." Id. Courts have applied this ruling and permitted the consideration of extra-record documents when necessary to explain the agency's action and if supplementation of the record is necessary to explain technical terms or complex subject matter involved in the agency action. Animal Defense Council v. Hodel, 867 F.2d 1244, 1436-37 (9th Cir. 1988); Airport Impact Relief v. Wykle, 192 F.3d 197, 208 (1st Cir. 1992); Sierra Club v. Marsh, 976 F.2d 763, (1st Cir. 1992).

The declarations submitted with defendants' brief in opposition to plaintiffs' summary judgment and response to plaintiffs' statement of material facts address issues raised by plaintiffs that were not fully explained in the record. On pages 11 and 12 of their summary judgment brief

5

(docket #83), plaintiffs devote a paragraph to a coloring book that was contained in the administrative record claiming that the coloring book indicates pre-determination. First, plaintiffs' claims that a coloring book could have any impact on the decision-making process of this project is specious and outlandish. Second, this coloring book was never used. The administrative record does not state whether or not the coloring book was ever provided to the public. Therefore, the Declaration of Robert McClure was submitted to attest that the coloring book was not provided to the public.

On pages 17, 18, 23, and 24 of their summary judgment brief (docket #83), plaintiffs claim that final design activities were completed for the project. On pages 17 and 18 of their summary judgment brief, plaintiffs claim that these activities were completed by Sheladia Associates, Inc. No final design activities were completed for the project. Which activities are considered to be preliminary design and final design is a technical issue that warranted explanation. The Declaration of Charles Babcock, P.E., was submitted to attest to the work actually performed by Sheladia for the I-81 Interchange project and whether or not that work was considered preliminary design or final design.

6

The present case is analogous to the holdings in Airport Impact Relief, 192 F.3d at 208, and Sierra Club v. Marsh, 976 F.2d at 774. In Airport Impact Relief, 192 F.3d at 208, a declaration was submitted to explain the actions taken by FHWA to conduct an independent review of MHD's data, analysis, and conclusions. The court accepted and considered this declaration in rendering its decision. Id. In Sierra Club v. Marsh, 976 F.2d at 774, several affidavits were offered to explain: (1) why a special report that was referred to in several documents was not included in the administrative record; and (2) why secondary impacts was considered for only four light-dry industries. The court held that these affidavits were admissible.

Based upon the above discussion, plaintiffs' motion is without merit and should be denied.

**B.   Defendants' have not violated any of the Court's orders in filing the explanatory declarations**

Plaintiffs erroneously claim that defendants have violated this Court's orders that were issued in response to plaintiffs' motion for limited discovery and plaintiffs' motion to supplement the record.[1]

---

[1] Plaintiffs also erroneously claim that defendants are acting contrary to defendants' previous arguments. In all of defendants' memoranda of law regarding discovery and/or

7

In their motion for limited discovery, plaintiffs were requesting discovery in the form of depositions based on allegations of bad faith. (Mem. Of Law in Supp. of Pls.' Mot. for Limited Disc. in Addition to the Administrative R., Docket # 16 at 5.) A strong showing of bad faith is one of the exceptions to the administrative record rule. Overton Park, 401 U.S. at 420. The issue before the Court was whether plaintiffs made a strong showing of bad faith, thus, justifying the requested discovery under the bad faith exception to the administrative record rule. (Oct. 17, 2001 Mem. Decision, Judge Rambo, docket #35 at 8-14.) In the October 17, 2001 memorandum decision, Judge Rambo concluded:

> The general rule for judicial review of administrative action is that the court should limit its focus to the administrative record, absent a strong showing of bad faith or reliance upon extra-record considerations. Plaintiffs have indicated to the court that the administrative record is replete with evidence of

---

administrative record issues, defendants recognized an exception to the administrative record rule. This exception involves the need for explanation if the bare record does not disclose the factors considered by the decision-maker. (Defs.' Mem. Of Law in Opp'n to Pls.' Mot. for Limited Disc. in Addition to the Administrative R., Docket # 19 at 6, see also Overton Park, 401 U.S. at 420.) Defendants' memoranda of law also stated that the need for additional explanation is usually invoked to explain technical matters. (Defs.' Mem. Of Law in Opp'n to Pls.' Mot. for Limited Disc. in Addition to the Administrative R., Docket # 19 at 7; Defs.' Mem. of Law in Opp. to Pls.' Mot. to Supplement the Administrative R., docket #43 at 11.)

8

> predetermination in support of their claim. However, evidence of predetermination or even preference for a certain outcome on the part of an agency alone does not constitute a strong showing of bad faith that warrants allowing discovery outside the administrative record. Therefore, the court will deny Plaintiffs' motion for extra-record discovery.

(Oct. 17, 2001 Mem. Decision by Judge Rambo, Docket # 35 at 14-15.)

On February 18, 2002, plaintiffs filed a motion to supplement the administrative record seeking the addition of sixty-one (61) documents to the administrative record. By letter dated November 20, 2001, FHWA agreed to add five to the administrative record. Moreover, the same letter informed plaintiffs that fourteen (14) of the items were actually located in the administrative record or did not exist. (Defs.' Mem. of Law in Opp. to Pls.' Mot. to Supplement the Administrative R., Docket #43 at 4-5 and Exhibit A.) Defendants opposed the supplementing the record with the remaining items "because the documents were not before FHWA at the time the decision was made . . . or because they are agency work product and not normally made a part of the record." (Defs.' Mem. of Law in Opp. to Pls.' Mot. to Supplement the Administrative R., docket #43 at 6.) The Court ordered that the motion to supplement was granted in part and denied in part. Seventeen (17) items were denied. Three (3) items were denied as moot because

9

these items were already in the administrative record. Five (5) items defendants agreed to supplement. Four (4) items the Court asked defendants to recheck their location in the administrative record. (March 1, 2002 Order by Judge Rambo, Docket #54.)

In the Court's previous orders regarding the content of the administrative record, the Court decided that discovery was improper because there was no strong showing of bad faith and the Court granted plaintiffs' request to supplement the record with regard to approximately 32 items. In issuing either of these orders, the Court never held that the exception to the administrative record rule providing explanation of the agency's actions or studies did not apply to this case. This issue has never been before this Court until the filing of plaintiffs' motion to strike.

Based upon the above discussion, defendants have not violated any of this Court's orders.

C.  **In filing the declarations at issue, defendants were in compliance with the administrative record rule and the Court's orders; therefore, plaintiffs' motion for sanctions lacks merit and should be denied.**

Plaintiffs request that this Court impose sanctions (in the form of attorney's fees) on defendants based on Local Rule 83.3. This Local Rule allows the court to

impose sanctions for failure to comply with any rule or order of the court. L.R. 83.3.1. In their motion for sanctions, plaintiffs do not allege that defendants violated any court rules.[2] Plaintiffs do erroneously allege that defendants violated this Court's orders. As discussed in detail above, defendants have not failed to comply with a rule of this Court or order of this Court. Therefore, sanctions are improper.

## IV. CONCLUSION

Defendants have not violated the administrative record rule or this Courts' previous orders by filing the explanatory declarations as exhibits. The explanatory declarations are properly before this Court when the record does not "disclose the factors that were considered", as an explanation of a highly technical matter (traffic analysis and preliminary verses final design activities), and in response to extra-record facts presented by plaintiffs.

---

[2] Plaintiffs have alleged that defendants have violated the administrative record rule in submitting affidavits. This is not a procedural rule of the court. Regardless, as detailed above, defendants properly submitted the declarations under one of the exceptions to the administrative record rule - the need for additional explanation when the record does not disclose the factors that were considered. Overton Park, 401 U.S. at 420.

11

Therefore, defendants respectfully request that this Court deny plaintiffs' motion to strike and for sanctions.

Respectfully submitted,

THOMAS A. MARINO
United States Attorney

*/s/ Anne K. Fiorenza*
ANNE K. FIORENZA
Assistant United States Attorney
Federal Building – 2nd Floor
228 Walnut Street
P.O. Box 11754
Harrisburg, PA  17108-1754

*/s/ Kenda Jo Gardner*
KENDA JO M. GARDNER
Assistant Counsel
JOHN M. HRUBOVCAK
Assistant Counsel-in Charge
ROBERT J. SHEA
Assistant Chief Counsel
ANDREW S. GORDON
Chief Counsel
Pennsylvania Department of Transportation
Office of Chief Counsel
P.O. Box 8212
Harrisburg, PA  17105

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

On this 20 day of September, 2002, she served a copy of the foregoing documents by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by deposition said envelope and contents in the United States Mail at Harrisburg, Pennsylvania to:

Thomas Alan Linzey, Esquire
Community Environmental Legal Defense Fund
2859 Scotland Road
Chambersburg, PA  17201

Kenda Jo M Gardner, Assistant Counsel
Pennsylvania Department of Transportation
Office of Chief Counsel
P.O. Box 8212
Harrisburg, PA  17105

*Chyenna Gowdy*
CHYENNA GOWDY
Legal Assistant