

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREENE/GUILFORD ENVIRONMENTAL ASSOCIATION, a non-profit Corporation incorporated under the laws of the Commonwealth of Pennsylvania, CITIZENS FOR PLANNED COMMUNITY GROWTH, an unincorporated association organized under the laws of the Commonwealth of Pennsylvania, PAUL B. AMBROSE, JOHN G. ENDERS, CHARLES F. RAHAUSER, BETSY RAHAUSER, DOUGLAS A. WARNOCK, U.X. VAGNERINI, THOMAS W. BUNDY, STEPHEN P. BUCHER, ROGER J. ROBERTSON, JAMES A. STRITE, JR., DAVID A. GUTHRIE, Plaintiffs, v. KEN WYKLE, Administrator, Federal Highway Administration, ROBERT GATZ, Federal Highway Administration, Defendants, and BRADLEY L. MALLORY, Secretary for the Department of Transportation, Commonwealth of Pennsylvania, Intervenor | CIVIL ACTION NO. 1:CV-01-0910 (Judge Connor) FILED HARRISBURG, PA SEP 23 2002 MARY E. D'ANDREA, CLERK Per _____ Deputy Clerk |

<u>FEDERAL DEFENDANTS' AND INTERVENOR'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' TO SUSUPEND FILING OF PLAINTIFFS' REPLY BRIEF</u>

I. **PROCEDURAL HISTORY**

On August 19, 2002, defendants and the intervenor (hereinafter, collectively "defendants") filed a reply brief (docket #95) in support of their motion for summary judgment. On or about August 26, 2002, plaintiffs filed a Motion to Strike Agencies' Reply Brief and Extra-Record Affidavits (docket #98) and a brief in support thereof (docket #99). On or about September 5, 2002, plaintiffs filed a Motion for Sanctions Against Attorneys Fiorenza and Gardner Under Local Rule 83.3 (docket #100) and a brief in support thereof (docket #101). On September 13, 2002, defendants filed a brief in opposition to plaintiffs' motion to strike. On September 19, 2002, defendants filed a response to plaintiffs' motion for sanctions and a memorandum of law in opposition to said motion.

On or about September 12, 2002, plaintiffs filed a second motion to strike and for sanctions regarding defendants' response to plaintiffs' statement of material facts and defendants' brief in opposition to plaintiffs motion for summary judgment. On September 20, 2002, Defendants filed a response in opposition to plaintiffs' second motion to strike and for sanctions.

On September 16, 2002, plaintiffs filed a motion to suspend the filing of plaintiffs' reply brief until the pending motions to strike are resolved and to file their reply brief in excess

2

of fifteen (15) pages but not to exceed twenty-five (25) pages.[1] This brief is in response to the motion to suspend.

II. **STATEMENT OF FACTS**

When the defendants filed their motion for summary judgment, it was supported by citations to the administrative record. In plaintiffs' July 25, 2002 summary judgment brief (docket #83) and statement of material facts in support of their motion for summary judgment (docket #82), however, plaintiffs raised arguments which could not be adequately addressed by defendants solely by reference to the record. Defendants therefore filed two explanatory declarations with their response to plaintiffs' statement of material facts.

Plaintiffs contend that the filing of their reply brief should be suspended until the Court's disposition of their motion to strike these explanatory declarations.

III. **ARGUMENT**

**Defendants oppose the suspension of plaintiffs' filing of his reply brief because both of their motions to strike are without merit.**

Defendants have addressed the merits of the motions to strike and for sanctions in detail in their responses to these motions dated September 13 and 19, 2002, respectively, and will not repeat those arguments here. In short, however, these

---

[1] On August 20, 2002, this Court previously ordered that that plaintiffs may submit a reply brief not to exceed 25 pages. (Docket #97.) Therefore, this issue is moot.

3

responses show that the affidavits are properly before this Court under one of the exceptions to the administrative record rule and that defendants have not violated the Court's October 17, 2001 and March 1, 2002 orders. Defendants therefore contend that the motions to strike are without merit and should not be used to delay final briefing in the dispositive motions now pending.

Moreover, during the course of this litigation, defendants were in the same position as plaintiffs are now, that is, defendants filed a motion to strike plaintiffs' brief which was ripe for disposition. Nonetheless, their reply brief was due prior to receipt of a ruling on that motion. Defendants were prepared to file the reply brief if a ruling was not made on their motion to strike. In fact, defendants did file their reply brief prior to this Court's disposition of their motion to strike. The declarations at issue, which are relevant to the reply brief, attest to six (6) short paragraphs of facts. Given the length of the defendants' opposition brief (40 pages) and defendants' response to plaintiffs' statement of material facts (98 pages), plaintiffs would not be prejudiced by filing their reply brief prior to this Court's rulings on the motions to strike. Moreover, if the Court were to decide to grant the motion to strike and order defendants to re-file these documents, according to the Local Rules, plaintiffs would be

4

provided the opportunity to supplement their reply should the Court deem that to be appropriate.

**IV. CONCLUSION**

Defendants have not violated the administrative record rule or this Court's previous orders by filing the explanatory declarations as exhibits. The explanatory declarations are properly before this Court when the record does not "disclose the factors that were considered", as an explanation of a highly technical matter (traffic analysis and preliminary verses final design activities), and in response to extra-record facts presented by plaintiffs. Moreover, the declarations are directed to narrow and discrete issues. It is simply unnecessary to delay filing a reply brief while awaiting a ruling on the motion to strike. Therefore, defendants respectfully request that this Court deny plaintiffs' motion to suspend filing of plaintiffs' reply brief.

Respectfully submitted,

THOMAS A. MARINO
United States Attorney

_____
ANNE K. FIORENZA
Assistant United States Attorney
Federal Building – 2nd Floor
228 Walnut Street
P.O. Box 11754
Harrisburg, PA  17108-1754

_____
KENDA JO M. GARDNER
Assistant Counsel
Pennsylvania Department of Transportation
Office of Chief Counsel
P.O. Box 8212
Harrisburg, PA  17105

5

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

On this 23 day of September, 2002, she served a copy of the foregoing documents by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by deposition said envelope and contents in the United States Mail at Harrisburg, Pennsylvania to:

Thomas Alan Linzey, Esquire
Community Environmental Legal Defense Fund
2859 Scotland Road
Chambersburg, PA  17201

Kenda Jo M Gardner, Assistant Counsel
Pennsylvania Department of Transportation
Office of Chief Counsel
P.O. Box 8212
Harrisburg, PA  17105

*[signature: Chyenna Gowdy]*
CHYENNA GOWDY
Legal Assistant