UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GREENE/GUILFORD ENVIRONMENTAL
ASSOCIATION, a non-profit corporation
incorporated under the laws of the
Commonwealth of Pennsylvania, CITIZENS
FOR PLANNED COMMUNITY GROWTH,
an unincorporated association organized under
the laws of the Commonwealth of Pennsylvania,
PAUL B. AMBROSE, JOHN G. ENDERS,
CHARLES F. RAHAUSER, BETSY
RAHAUSER, DOUGLAS A. WARNOCK,
U.X. VAGNERINI, THOMAS W. BUNDY,
STEPHEN P. BUCHER, ROGER J.
ROBERTSON, JAMES A. STRITE, JR.,
and DAVID A. GUTHRIE,
          Plaintiffs,

      v.

KEN WYKLE, Administrator, Federal
Highway Administration, ROBERT GATZ,
Federal Highway Administration,
          Defendants,

      and

BRADLEY L. MALLORY, Secretary for
The Department of Transportation,
Commonwealth of Pennsylvania,
          Intervenor.

CIVIL NO. 1:CV-01-0910
(Judge Conner)

**PLAINTIFFS' REPLY IN SUPPORT OF
PLAINTIFFS' SECOND MOTION TO STRIKE AND FOR
SANCTIONS AGAINST
ATTORNEYS FIORENZA AND GARDNER**

AND NOW, come the Plaintiffs in the above captioned case and file this *Reply* to the Agencies' *Memorandum of Law in Opposition to Plaintiffs' Second Motion to Strike and for Sanctions* [hereinafter "Memorandum"], for the following reasons:

### I. The Agencies Have Failed to Produce Any Legal Authority to Support Their Attempt to Force Extra-Record Affidavits into These Proceedings Without Authorization from this Court. Therefore, the Affidavits Must be Stricken and the Brief and Response to Statement of Material Facts Re-Filed.

Following the agencies' first attempt to force extra-record materials into these proceedings via a *Reply Brief*, the Plaintiffs filed a *Motion to Strike* followed by a *Motion for Sanctions* against agency counsel. After being warned by the Plaintiffs that their actions were without legal support and sanctionable, the agency counsel then proceeded to attach two additional extra-record Affidavits to their *Brief in Opposition to Plaintiffs' Motion for Summary Judgment*. See *Declarations of Robert McClure and Charles Babcock*, attached to Brief as Exhibits A and B.

As recounted in this *Reply* and the Plaintiffs' two Motions to Strike and for Sanctions, counsel for the agencies have (1) violated this Court's Orders that limited all evidence in this case to the Administrative Record compiled by the agencies, (2) attempted to use an exception to the well-settled Administrative Record rule that they previously acknowledged did not apply to this case, (3) overrode this Court's discretion to request extra-record materials, and (4) ignored this Court's procedure for motioning to supplement the Administrative Record with additional materials. In addition, attorneys Fiorenza and Gardner have failed to produce a shred of legal support that defends their actions.

At the outset of their *Memorandum*, the agencies again advance a nonsensical argument: that Federal Rule of Civil Procedure 56 somehow authorized the agencies to file the extra-record Affidavits. *Id.* at 4. As the agencies are well aware, Rule 56 establishes a general litigation rule dealing with materials to be appended to Summary Judgment Briefs as extra evidence to be considered by a Court. In this case, this Court has decreed that the Administrative Record itself constitutes the sole body of evidence. As such, the general language of Rule 56 and Local Rule 7.6 simply do not apply.

Further in the agencies' *Memorandum*, the agencies again cite to several cases that fail to support their attempt to force extra-record Affidavits into the Administrative Record. Indeed, the cases cited by the agencies actually support the Plaintiffs' contention – that the agencies, knowing that the introduction of extra-record materials had been foreclosed by this Court's October 17, 2001 and March 1, 2002 Orders – circumvented the authority of this Court by attempting to introduce two additional Affidavits.

Amazingly, the agencies continue to cite to *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402 (1971) as support for their actions, when that case states the opposite – that Affidavits serving as "post-hoc rationalizations" are only admissible when an Administrative Record is unavailable. In *Overton Park*, the Supreme Court reviewed the FHWA's determination that no "feasible and prudent" alternative existed to building a highway through Overton Park. To support their decision, the highway agency did not produce an Administrative Record, but a series of Affidavits, "prepared specifically for [the] litigation", which argued that the decision made by the agency was supportable. *Id.* at 419. The Court declared that the Affidavits were "merely 'post-hoc' rationalizations" and thus, not a proper basis for any type of judicial review. *Id.* Accordingly, the Court

remanded the case to the District Court for a review "based on the full administrative record that was before the Secretary at the time he made his decision." *Id.* at 420. The Court then declared that the initial attempt by the agency to explain their decision solely with Affidavits might require the District Court to specifically *request* additional information from the agencies, because a formal Record was seemingly unavailable. *Id.*

Here, the agencies themselves have compiled a voluminous Administrative Record (of over fourteen years' worth of materials) that purports to support the agencies' decision to build an interstate interchange. Following the Plaintiffs' *Motion to Supplement the Administrative Record* with over forty (40) documents initially removed by the agency from the Record – and this Court's Order that the agencies add those documents to the Record – the Administrative Record became complete. This is not a case, therefore – as in *Overton Park* – in which no Administrative Record was produced for the Court's review, nor is it a case in which this Court has specifically *requested* that the agencies provide the Court with Affidavits.

The agencies cite to several other cases, which hold that the Administrative Record may be supplemented with extra-record Affidavits, but only if the District Court finds that the bareness of the Record itself "frustrates effective judicial review", and only if the Court *asks* the agencies to provide "additional explanation of the reasons for the agency decision." *Sierra Club v. Marsh*, 976 F.2d 763, 772 (1st Cir. 1992); *Animal Defense Council v. Hodel*. 840 F.2d 1432, 1436 (9th Cir. 1988). Those cases are inapplicable because this Court has never *requested* that the agencies provide the Court with any extra-record materials to explain deficiencies in the Record, and because the

4

comprehensive scope of the Record in this case is – beyond doubt - sufficient for the exercise of effective judicial review.

Indeed, the proper method to deal with supplementation of the Record with Affidavits would have been for the agencies to request that this Court authorize them to supplement the Administrative Record. The agencies refused to make such a request, even with ample opportunity to do so. Another proper method to address the agencies' attempts to force extra-record Affidavits into these proceedings would have been for the agencies to raise that issue during the Plaintiffs' attempts to expand the Record. The agencies refused to make such a request.

Instead of disposing of this procedural issue early in the proceedings, the agencies chose to attempt to slide these two Affidavits into the Record via their *Memorandum*, in knowing and willful disregard of this Court's orders, and in contravention of all judicial authority dealing with the supplementation of the Administrative Record with extra-record materials. *See Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971); *Camp v. Pitts*, 411 U.S. 138, 142 (1973); *Don't Ruin Our Park v. Stone*, 749 F. Supp. 1388 (M.D. PA 1990), *aff'd*, 931 F.2d 49 (3rd Cir. 1990); *Dry Color Manufacturers' Ass'n v. Dep't of Labor*, 486 F.2d 98 (3rd Cir. 1973); *Society Hill Towers Owners' Ass'n v. Rendell*, 20 F. Supp. 2d 855, 862-63 (E.D. PA 1999); *William Cronin v. United States Dep't of Agric.*, 919 F.2d 439, 443 (7th Cir. 1990).

As such, the agencies have obstructed this case and caused delay – all in an attempt to salvage their arguments by ignoring this Court's orders and the well-settled principles of record review cases - at the expense of this Court and the Plaintiffs.

Through the Plaintiffs' *First Motion for Sanctions* and this *Reply*, the Plaintiffs have shown that attorneys Fiorenza and Gardner, through their actions of attempting to force extra-record materials into the Record by appending materials to their Summary Judgment *Answer* and *Reply Brief,* have (1) violated this Court's Orders limiting evidence to the Administrative Record already compiled by the agencies, (2) claimed to be acting under an exception to the Record rule that they earlier acknowledged didn't apply to this case, (3) overrode this Court's discretion to determine whether additional explanation was required by the agencies, (4) attempted to provide extra-record materials that are filled with rationalizations and arguments, not technical explanations, and (5) failed to support their actions with any legal authority.

Accordingly, the extra-record Affidavits appended to agency Briefs must be stricken, and both the *Answer* and *Reply Briefs* re-filed without reference to any extra-record materials.

Although sanctions against attorneys are not to be assessed lightly by any Court, attorneys Fiorenza and Gardner have attempted to use these proceedings in bad faith to prejudice this Court in an attempt to salvage their case. Their mis-use of these proceedings, which has forced the Plaintiffs to prepare and file several *Motions to Strike* and *Motions for Sanctions* - with supporting Briefs - must be remedied by the assessment of attorneys' fees against attorneys Fiorenza and Gardner to compensate the Plaintiffs for resources expended to remedy this sanctionable behavior of counsel.

## II. Attorneys Fiorenza and Gardner Continue to Disingenuously Argue That Their Prior Representations to this Court Were Consistent with Their Current Attempt to Force Extra Record Affidavits into this Litigation.

In their *Memorandum*, the agencies claim that all of their "memorandum of law regarding discovery and/or administrative record issues" during these proceedings "recognized an exception to the administrative record rule." *Memorandum* at 7-8.

That argument is, quite simply, absurd. As a matter of Record in prior filings with this Court, the agencies have not only recognized that evidence in this case is limited to the Administrative Record, *but that the exception that they are currently claiming did not apply to this case.*

In the agencies' *Memorandum of Law in Opposition to Plaintiffs' Motion to Supplement the Administrative Record*, attorneys Fiorenza and Gardner quite plainly stated that:

> [t]he Supreme Court has recognized only two exceptions to the well-settled administrative record rule: (1) a federal district court may require some explanation if the bare record does not disclose the factors considered by the agency or the decisionmaker's construction of the evidence, and (2) where there is a strong showing of bad faith or improper behavior.
>
> **This Court has held that neither of these exceptions apply to the present case.** *See* October 21, 2001 Memorandum Decision by Judge Rambo at 14-15.

*Memorandum of Law in Opposition to Plaintiffs' Motion to Supplement the Administrative Record* at 11 (emphasis added); *See also Agencies' Memorandum of Law in Opposition to Plaintiffs' Motion for Limited Discovery in Addition to the Administrative Record* at 6 (stating that "[n]either of these exceptions" applied to the case).

7

In yet another filing, attorneys Fiorenza and Gardner declared that:

> [e]xtra record items may be considered by the Court under limited circumstances such as (1) when an administrative action was not explained which would frustrate effective judicial review; (2) to explain technical terms or complex subject matter; or (3) a strong showing of agency bad faith... The burden is on the party seeking to introduce the extra record materials... **None of these exceptions are present in this litigation**. *Agencies' Reply to Plaintiffs' Answer in Opposition to the Motion for Reconsideration* at 4.

In still another filing, attorneys Fiorenza and Gardner plainly stated that the "technical records" exception is "limited to instances where the court finds that the failure to explain the administrative action frustrates effective judicial review... There is no basis for this exemption in this case." *See Memorandum of Law in Opposition to Plaintiffs' Motion for Limited Discovery in Addition to the Administrative Record* at 7.

In addition to previously acknowledging that those exceptions did not apply to this case, the agencies' prior filings are replete with representations by agency counsel that the evidence in this case should be limited to those documents that were before the decisionmaker at the time of the various decisions challenged in this case. In the agencies' *Motion for Reconsideration* of this Court's Order dealing with the production of electronic mails by PennDOT, the agencies again argued that those "messages were not before the decision-maker at any time during the decision making process, and therefore, could not have played any part in the decision at issue in this litigation." *Motion for Reconsideration of the Court's March 1, 2002 Order* at 6.

Again, in the Defendants' *Response to the Motion for Reconsideration*, agency counsel argued that any documents "not before the federal decisionmaker at the time of that agency's decision... are outside of the... administrative record." *Id.* at 3. In quoting with approval the holding in *Society Hill Towers Owners' Ass'n v. Rendell*, 20 F. Supp.

2d 855 (E.D. PA 1999), agency counsel declared that "[t]o review more than the information before the Secretary at the time he made his decision risks our *requiring administrators to be prescient or allowing post hoc rationalizations.*" *Id.* at 3-4 (emphasis added).

This Court, in its March 1, 2002 Order, perhaps explained the situation the best when it declared that "[e]ssentially, the parties agree that the court's review is limited to the administrative record." *See March 1, 2001 Order of this Court* at 2.

Even a cursory review of prior representations made by the agencies to this Court supports the Plaintiffs' contention that the actions of attorneys Fiorenza and Gardner – in knowingly submitting extra-record materials in violation of this Court's prior orders and the well-settled Administrative Record rule – are sanctionable. If there was no good faith basis for submitting those materials, it must be acknowledged that agency counsel have simply used the litigation process in a bad faith attempt to salvage their case, and prejudice this Court with after-the-fact rationalizations made by agency personnel. As such, agency counsel must be assessed with sanctions to compensate the Plaintiffs for being forced to remedy these bad faith actions.

### III. The Agencies' Claim that the "Technical Records" Exception to the Administrative Record Rule Somehow Authorized Their Actions When this Court Did Not Request the Affidavits - and the Extra-Record Affidavits Offer Only Rationalizations and Argument - is Simply an Attempt to Mask Sanctionable Actions by Agency Counsel

In their *Memorandum of Law in Opposition to the Plaintiffs' Second Motion to Strike and for Sanctions*, counsel for the agencies again argue that the submission of extra-record Affidavits was somehow authorized by an exception to the administrative

9

record rule that allows a Court to *request* additional explanation from an agency when the Record is inadequate. *See Memorandum* at 5.

The agencies have attempted to force two extra-record Affidavits into these proceedings as attachments to their *Brief in Opposition to the Plaintiffs' Motion for Summary Judgment*. One Affidavit purports to deal with a coloring book, prepared by the agencies, which depicts the interchange in a predetermined location years before the environmental studies for the project were completed. *See Declaration of Robert McClure*, attached to Memorandum as Exhibit A. The other purports to be a Declaration aimed at buttressing the agencies' claim that final design was not commenced on the interchange prior to the issuance of the Record of Decision (ROD). *See Declaration of Charles Babcock*, attached to Memorandum as Exhibit B.

In the *Plaintiffs' Brief in Support of Summary Judgment*, the Plaintiffs noted the *existence* of the "Exit 7 Coloring Book" in the Administrative Record, and illustrated how the content of the Coloring Book served as additional evidence that the location for the interchange had been predetermined. *Brief in Support* at 11-12. The agencies argue that an Affidavit was necessary to show that the Coloring Book was never distributed. *Memorandum* at 6. The Plaintiffs, however, never advanced that contention, or claimed that the coloring book itself had any impact on the decisionmaking process. The Plaintiffs did argue that the preparation and content of the coloring book revealed that the agencies had already predetermined the location of the interchange at least nine years prior to the issuance of the Record of Decision. The Affidavit of Robert McClure, besides representing a bad faith attempt to force rationalizations and additional arguments into these proceedings, is thus irrelevant to the arguments asserted by the Plaintiffs.

The agencies have also struggled to rebut the Plaintiffs' argument that final design was commenced on the interchange prior to the issuance of the Record of Decision, in violation of 23 U.S.C. §112(b)(3) and NEPA regulations. *See Plaintiffs' Brief in Support of Motion for Summary Judgment* at 17-19. Again, as in other Briefs, the agencies carefully proclaim in a revealing declaration that "no final design activities were *completed* for the project." *See Memorandum* at 6 (emphasis added). The statutory prohibition, of course, prohibits the "commencing" of final design activities prior to the issuance of the Record of Decision. *See* 23 U.S.C. §112(b)(3).

The Affidavit of Charles Babcock was submitted by the agencies in an attempt to salvage their argument that final design was not commenced on this interchange project. Instead of offering technical explanation on the subject, the Affidavit attempts to draw legal conclusions and simply reads as an extension of the agencies' own *Brief*. In the Affidavit, Babcock proclaims that "[n]o pre-final design was completed" for the interchange. *Affidavit of Charles Babcock* at 2. That determination, of course, is a legal determination to be made by this Court - not an agency consultant working for the agencies - and the Record itself is replete with instances in which the agencies contracted with consultants to commence final design. (AR-162 at 651; AR-162 at 550; AR-113 at 200; AR-103 at 369, 384; AR-165 at 1664, 1681, 1707).

Leaving aside the fact that the Affidavits submitted by agency counsel do not explain technical or complex issues[1], but instead merely argue and rationalize specific

---

[1] It is difficult to imagine any reasonable argument that actually supports counsels' contention that extra-record Affidavits are needed to explain "technical issues" related to the legal determination of whether the agencies "commenced" final design under 23 U.S.C. §112(b)(3) and NEPA regulations. As per an earlier Order of this Court, the agencies were forced to produce agency Contracts and Work Orders for each phase of the project. Accordingly, the agencies have produced those materials for the Administrative Record, and those documents reveal that the agencies commenced final design with respect to a Walker Road

points in an attempt to salvage this case, a pre-requisite to the introduction of extra-record Affidavits within the agencies' claimed exception requires the Court to first *request* additional explanation from the agencies. *See Plaintiffs' Reply in Support of Plaintiffs' First Motion to Strike* at 6-10.

In previous filings, attorneys Fiorenza and Gardner have explicitly admitted to this Court that extra-record materials must be *requested* by this Court as a pre-requisite to their consideration. In an earlier filing aimed at stopping the Plaintiffs from deposing key agency officials, the agencies proclaimed that "after reviewing the record <u>the court – not the parties</u> – decides if it requires further explanation." *See Agencies' Memorandum of Law in Opposition to Plaintiffs' Motion for Limited Discovery in Addition to the Administrative Record* at 7 (emphasis added).

Amazingly, in their latest *Memorandum*, attorneys Fiorenza and Gardner again explicitly admit that a request by this Court – directed to the agencies - was a necessary pre-requisite for their actions, but that they decided to attempt to introduce extra-record materials without waiting for this Court to authorize them to do so. In their *Response*, counsel for the agencies again state that "it may be necessary for the District Court to <u>*require*</u> some explanation in order to determine if" the actions of agency officials were justifiable. Agencies' *Memorandum of Law in Opposition to Plaintiffs' Second Motion to Strike and for Sanctions* at 5 (emphasis added) (*quoting Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971)).

Thus, in addition to attempting to submit extra-record Affidavits after previously representing to this Court that there was no basis to do so, attorneys Fiorenza and

---

interchange years before a Record of Decision (ROD) was issued. The agencies' argument - that additional testimony is necessary to make that legal determination - is simply absurd.

Gardner have (1) attempted to submit those Affidavits in the absence of a court request for the materials, (2) submitted Affidavits filled with rationalizations and arguments – instead of explanations of technical issues, (3) submitted Affidavits without regard to the Contracts, Work Orders, and consultant documents already included in the Record, and (4) submitted those Affidavits without any legal support for doing so.

Clearly, the Affidavits appended to the agencies' *Joint Response in Opposition to Plaintiffs' Motion for Summary Judgment* must be stricken, and the agencies must be ordered to re-file their *Joint Response* and their *Response to Plaintiffs' Statement of Material Facts* without reference to, or incorporation of, the text of those extra-record materials.

The egregious actions of counsel – in attempting to circumvent this Court knowing that they were violating this Court's orders and the orderly processes of this Court - also clearly require that Attorneys Fiorenza and Gardner be sanctioned under Local Rule 83.3 because they have obstructed the effective administration of this court's business. *See* Local Rule 83.3.

### IV. Conclusion.

For the above reasons, the Plaintiffs respectfully request that this Court grant the Plaintiffs' *Second Motion to Strike and for Sanctions,* find that attorneys Fiorenza and Gardner's actions are sanctionable under Local Rule 83.3, and award reasonable attorneys' fees and costs to the Plaintiffs for their preparation of materials necessary to remedy the sanctionable actions of Attorneys Fiorenza and Gardner.

Respectfully Submitted this **26th** Day of **September**, 2002

_____
Thomas Alan Linzey, Esq.
Community Environmental Legal Defense Fund (CELDF)
2859 Scotland Road
Chambersburg, Pennsylvania 17201
(717) 709-0457
(717) 709-0263 (fax)

*Counsel for the Plaintiffs*

## Certificate of Service of Process

I, Thomas Alan Linzey, Esq., hereby swear and affirm that I have served the Plaintiffs' *Reply* on the Parties identified below by the following method:

FIRST CLASS MAIL PRE-PAID

The following individuals were served with the above mentioned document:

Anne Fiorenza, Esq.
Assistant U.S. Attorney
United States Attorneys Office
Federal Building, Suite 217
228 Walnut Street
P.O. Box 11754
Harrisburg, Pennsylvania 17108-1754

Kenda Jo Gardner, Esq.
Assistant Counsel
Pennsylvania Department of Transportation
P.O. Box 8212
Harrisburg, Pennsylvania 17105-8212

I swear and affirm that service of the documents was completed this **26th** Day of **September**, 2002.

Signed,

_____
Thomas Alan Linzey, Esq.
Community Environmental Legal Defense Fund (CELDF)
2859 Scotland Road
Chambersburg, Pennsylvania 17201

*Counsel for the Plaintiffs*