ORIGINAL

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GREENE/GUILFORD ENVIRONMENTAL
ASSOCIATION, a non-profit corporation
incorporated under the laws of the
Commonwealth of Pennsylvania, CITIZENS
FOR PLANNED COMMUNITY GROWTH,
an unincorporated association organized under
the laws of the Commonwealth of Pennsylvania,
PAUL B. AMBROSE, JOHN G. ENDERS,
CHARLES F. RAHAUSER, BETSY
RAHAUSER, DOUGLAS A. WARNOCK,
U.X. VAGNERINI, THOMAS W. BUNDY,
STEPHEN P. BUCHER, ROGER J.
ROBERTSON, JAMES A. STRITE, JR.,
and DAVID A. GUTHRIE,
      Plaintiffs,

v.

KEN WYKLE, Administrator, Federal
Highway Administration, ROBERT GATZ,
Federal Highway Administration,
      Defendants,

and

BRADLEY L. MALLORY, Secretary for
The Department of Transportation,
Commonwealth of Pennsylvania,
      Intervenor.

CIVIL NO. 1:CV-01-0910
(Judge Conner)

FILED
HARRISBURG, PA

OCT 0 1 2002

MARY E. D'ANDREA, CLERK
Per _____
  Deputy Clerk

## PLAINTIFFS' REPLY TO AGENCIES' ANSWER IN OPPOSITION TO MOTION TO SUSPEND FILING OF PLAINTIFFS' REPLY BRIEF

AND NOW, come the Plaintiffs in the above captioned case and file this *Reply* to the Agencies' *Memorandum of Law in Opposition to Plaintiffs' Motion to Suspend Filing of Plaintiffs' Reply Brief*.

## I. Plaintiffs Have Shown that Affidavits Attached to the Agencies' *Answer Brief* Must be Stricken, that the Agencies' *Answer Brief* and *Response to Plaintiffs' Statement of Material Facts* Must be Re-Filed, and That the Actions of Agency Attorneys are Sanctionable. Accordingly, the Filing of Plaintiffs' *Reply Brief* Should be Suspended Until These Matters are Resolved.

On September 16th, the Plaintiffs' filed a *Motion to Suspend Filing of Plaintiffs' Reply Brief* until a key issue concerning the agencies' attempts to force extra-record Affidavits into these proceedings was resolved. Through that *Motion,* and the multiple *Motions to Strike* and *Motions for Sanctions* filed by the Plaintiffs with this Court, the Plaintiffs have shown that the agencies (1) violated this Court's Orders limiting evidence to the Administrative Record, (2) claimed to be acting under an exception to the Record review rule that they earlier acknowledged didn't apply to this case, (3) overrode this Court's discretion to determine whether additional explanation to the Record should be requested, (4) attempted to force extra-record materials in the form of rationalizations and arguments into these proceedings, and (5) failed to support their actions with a shred of legal authority. *See Plaintiffs' Second Motion to Strike Extra-Record Affidavits from Agency Filings and for Sanctions Against Attorneys Fiorenza and Gardner Under Local Rule 83.3*; Plaintiffs' *Reply in Support of Plaintiffs' Second Motion to Strike and for Sanctions Against Attorneys Fiorenza and Gardner.*

It is clear from even a cursory review of those filings that the Plaintiffs have conclusively shown that the Affidavits that the agencies have attempted to submit must be stricken from the agencies' *Answer Brief*. In addition, because of the extensive incorporation of those Affidavits - and other extra-record materials that were appended to the agencies' *Reply Brief* - into the agencies' *Answer Brief* and *Response to the Plaintiffs' Statement of Material Facts*, those documents must be re-filed by the agencies without reference to the extra-record materials.

These issues must be resolved prior to the filing of Plaintiffs' *Reply Brief*. If the agencies continue to rely upon extra-record rationalizations – prepared exclusively for this case - to bolster their arguments, the Plaintiffs must be given a full opportunity to respond to those materials. As such, the filing of Plaintiffs' *Reply Brief* must be suspended until these issues are resolved.

## II. The Agencies' Filing of Their *Joint Reply to Plaintiffs' Answer in Opposition to Summary Judgment*, Prior to This Court's Resolution of an Earlier Motion, is Not Analogous to the Situation Currently Faced by the Plaintiffs.

In their *Answer in Opposition* to the Plaintiffs' *Motion to Suspend*, the agencies contend that they were previously "in the same position as plaintiffs" when the agencies submitted a *Motion to Strike the Plaintiffs' Answer Brief*, and that they chose to file their *Reply Brief* without waiting for this Court's resolution of their Motion. *Agencies' Answer in Opposition to Motion to Suspend* at 4. The agencies argue that the Plaintiffs should also file their *Reply Brief* without waiting for this issue to be resolved.

The agencies' argument is undermined by the nature of their earlier *Motion to Strike*. In that *Motion*, the agencies contended that the Plaintiffs had incorporated materials from another Brief into the Brief that was filed. In addition, the agencies argued that the footnotes were too small and that one of the Briefs was two (2) pages over the page limitation established by this Court. *See Brief in Support of Joint Motion to Strike* at 4-5. Their objections, therefore, were not to new matter introduced by the Plaintiffs to the proceedings.

In this case, the agencies have attempted to introduce two extra-record Affidavits into the Record via their *Answer Brief*. In addition to those two-extra record Affidavits, the agencies refer to other extra-record materials that were appended to the agencies' earlier filed *Reply Brief*. In addition, extensive text and conclusions from all of the extra-record materials have been liberally used throughout the *Brief* and the agencies' *Response to the Plaintiffs' Statement of Material Facts* in an attempt to salvage the agencies' arguments in this case.

As a result, the Plaintiffs' cannot reply to the agencies' *Answer* until these issues are resolved and the agencies re-file their *Reply Brief*, their *Answer Brief*, and their *Response to Plaintiffs' Statement of Material Facts* without reference to, or incorporation of, the extra-record materials which the agencies have attempted to force into these proceedings.

4

### III. Suspending the Filing of the *Reply Brief* Would Not Prejudice the Agencies.

The Plaintiffs have asked this Court to suspend the filing deadline for their *Reply Brief* until the extra-record issues are resolved, and to provide the Plaintiffs with sufficient time to respond to a re-filed *Answer Brief* and *Response to Plaintiffs' Statement of Material Facts*.

The agencies will suffer no prejudice from the granting of the Plaintiffs' *Motion* because the Plaintiffs' *Reply Brief* represents the final substantive document to be filed in this case. As such, the agencies are under no deadlines for submitting additional documents, nor will the agencies be delayed in assembling arguments for the final portion of this case. Nor would the filing hamper the agencies' preparation for additional proceedings in this case, as a date for oral argument has not been set by this Court. Finally, granting the Plaintiffs' *Motion to Suspend* allows this Court to establish an orderly process to remedy the agencies' sanctionable behavior in this case.

Accordingly, the agencies would suffer no prejudice from the granting of this *Motion* by this Court.

### IV. Conclusion

Accordingly, the Plaintiffs respectfully request that this Court grant the Plaintiffs' Motion, (1) Suspend the filing of the Plaintiffs' *Reply Brief*; and (2) Establish a deadline for the filing of the *Reply Brief* twenty-five (25) days after the re-filing of agency Briefs

that do not reference or incorporate text or rationalizations from the extra-record materials that have been filed by the agencies.[1]

Respectfully Submitted this **30th** Day of **September**, 2002

_____
Thomas Alan Linzey, Esq.
Community Environmental Legal Defense Fund (CELDF)
2859 Scotland Road
Chambersburg, Pennsylvania 17201
(717) 709-0457
(717) 709-0263 (fax)

*Counsel for the Plaintiffs*

---

[1] The agencies are correct that this Court has previously authorized the Plaintiffs to file a *Reply Brief* in excess of fifteen pages, but not more than twenty-five pages. *See August 20, 2002 Order of this Court* at 2. Accordingly, the Plaintiffs have withdrawn that request from their Motion.

## **Certificate of Service of Process**

I, Thomas Alan Linzey, Esq., hereby swear and affirm that I have served the Plaintiffs' *Reply* on the Parties identified below by the following method:

FIRST CLASS MAIL PRE-PAID

The following individuals were served with the above mentioned document:

Anne Fiorenza, Esq.
Assistant U.S. Attorney
United States Attorneys Office
Federal Building, Suite 217
228 Walnut Street
P.O. Box 11754
Harrisburg, Pennsylvania 17108-1754

Kenda Jo Gardner, Esq.
Assistant Counsel
Pennsylvania Department of Transportation
P.O. Box 8212
Harrisburg, Pennsylvania 17105-8212

I swear and affirm that service of the documents was completed this **30th** Day of **September**, 2002.

Signed,

_____
Thomas Alan Linzey, Esq.
Community Environmental Legal Defense Fund (CELDF)
2859 Scotland Road
Chambersburg, Pennsylvania 17201

*Counsel for the Plaintiffs*