#118
2/6/03

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREENE/GUILFORD ENVIRONMENTAL ASSOCIATION, a non-profit Corporation incorporated under the laws of the Commonwealth of Pennsylvania, CITIZENS FOR PLANNED COMMUNITY GROWTH, an unincorporated association organized under the laws of the Commonwealth of Pennsylvania, PAUL B. AMBROSE, JOHN G. ENDERS, CHARLES F. RAHAUSER, BETSY RAHAUSER, DOUGLAS A. WARNOCK, U.X. VAGNERINI, THOMAS W. BUNDY, STEPHEN P. BUCHER, ROGER J. ROBERTSON, JAMES A. STRITE, JR., DAVID A. GUTHRIE,<br>             Plaintiffs<br><br>      v.<br><br>KEN WYKLE, Administrator, Federal Highway Administration, ROBERT GATZ, Federal Highway Administration,<br>             Defendants<br><br>      v.<br><br>BRADLEY L. MALLORY, Secretary for The Department of Transportation, Commonwealth of Pennsylvania,<br>             Intervenor | CIVIL ACTION NO.<br>1:CV-01-0910<br><br>(Judge Conner)<br><br>**FILED**<br>HARRISBURG, PA<br><br>FEB 0 6 2003<br><br>MARY E. D'ANDREA, CLERK<br>Per _____<br>      Deputy Clerk |

## **ORDER**

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Before the court are plaintiffs' motion to strike (Doc. 98),[1] motion for sanctions against attorneys Fiorenza and Gardner (Doc. 100), second motion to strike and for sanctions (Doc. 106),[2] and motion to suspend briefing.[3] (Doc. 107).[4] In an Order dated October 17, 2001, Judge Sylvia H. Rambo[5] laid out the factual background of this case, therefore the court will not do so again here other than to note that this case arises under the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321 et seq., and the National Historic Preservation Act ("NHPA"), 16

---

[1] In this motion, plaintiffs request that the court strike defendants' joint reply brief in support of summary judgment (Doc. 95) and two extra-record affidavits (Doc. 96) supplemental thereto.

[2] In this motion, plaintiffs request that the court strike defendants' brief in opposition to summary judgment (Doc. 102), two extra-record affidavits (Doc. 103) supplemental thereto, and response to plaintiffs' statement of facts. (Doc. 104).

[3] In this motion, plaintiffs request that the court stay the briefing schedule regarding plaintiffs' motion for summary judgment (specifically the requirement that plaintiffs file a reply brief by September 21, 2002) until after the court rules on the above mentioned motions to strike, allow plaintiff to file a twenty-five (25) page reply brief, and set a deadline for plaintiffs' submission of their reply brief subsequent to the court's ruling on the outstanding motions to strike. The court notes, however, that plaintiffs' filed a reply brief in support of summary judgment on October 7, 2002 (Doc. 117), therefore the court will dismiss this motion as moot. Plaintiffs' reply brief will be deemed timely filed.

[4] The parties also have outstanding cross-motions for summary judgment, to which each of plaintiffs' current motions are related. (See Docs. 71 & 81). The court will address these cross-motions at a later date.

[5] This case was transferred to the undersigned by Order dated August 15, 2002. (Doc. 94).

U.S.C. § 470 et seq. However, the following procedural history is helpful to understand the context of the current controversy.

On September 28, 2001, defendants filed the administrative record for this case. (See Docs. 21-33). Prior to that date, plaintiff filed a motion for limited discovery in addition to the administrative record. (Doc. 14). That motion resulted in a Memorandum and Order dated October 17, 2001, in which Judge Rambo denied plaintiffs' motion for limited discovery. (Docs. 35-36). See also 5 U.S.C. § 706; Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402, 420 (1971) (holding that the district court's review of an administrative agency's decision except in certain situations is limited to a review of the record that was before the deciding agency) (subsequently overruled on other grounds); Don't Ruin Our Park v. Stone, 749 F.Supp. 1388, 1391-92 (M.D.Pa. 1990) (same).

On December 14, 2001, plaintiffs filed a motion to supplement the administrative record, requesting that the court direct defendants to add sixty-one (61) items to the administrative record. (Doc. 38). Judge Rambo stated:

> [W]hile there is some overlap of issues [between the present motion and plaintiffs' earlier motion for limited discovery], the two motions are not identical. In Plaintiffs' previous motion, they sought to subject sixteen different individuals to document requests and oral depositions, essentially asking the court to allow them to seek new evidence. The court determined that such discovery was improper, and review is to be limited to "the full administrative record that was before the [agency] at the time" a decision was made. Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402, 420 (1971).
> In contrast, Plaintiffs now assert that certain documents have been "eliminated from the Administrative Record by the agencies...."

3

(Doc. 54, pg. 2 n.1). The court granted plaintiffs' motion to supplement the administrative record in part and denied it in part. See id. (See also Docs. 63-65).

The parties each subsequently filed motions for summary judgment based on the administrative record. (See Docs. 71 & 81). On August 19, 2002, defendants submitted a joint reply brief in support of summary judgment (Doc. 95) ("the joint reply"), which refers to an exhibit which includes two extra-record affidavits[6] submitted in support of the joint reply. (Doc. 96). Based on the joint reply's supporting exhibit and reference in the joint-reply to that exhibit, plaintiffs filed their first motion to strike (Doc. 98) and motion for sanctions. (Doc. 100).

On September 9, 2002, defendants filed a brief in opposition to plaintiffs' motion for summary judgment (Doc. 102), an exhibit in support thereof (Doc. 103),[7] and a response to plaintiffs' statement of facts. (Doc. 104). These documents form the basis of plaintiffs' second motion to strike and for sanctions. (Doc. 106). Based

---

[6] The exhibit submitted in support of defendants' joint reply brief includes the declaration of David B. Reynolds, employee of the Pennsylvania Department of Transportation ("PennDot"), see Doc. 96, pp. 2-3; the deed to a property located in Chambersburg, Pennsylvania, see id. at 4; the declaration of Jeffery L. Greene, employee of Orth, Rodgers & Associates, see id. at 5-10; and Mr. Greene's résumé. See id. at 11-13.

[7] Defendants exhibit in support of their brief in opposition includes the declaration of Robert McClure, employee of Skelly & Loy, (Doc. 103, pp. 2-3); Mr. McClure's résumé, see id. at 4; the declaration of Charles Babcock, see id. at 5-8; and Mr. Babcock's résumé. See id. at 9.

4

on both motions to strike, plaintiff filed a motion to suspend briefing for its motion for summary judgment. (Doc. 107).

### A.   Plaintiffs' Motions to Strike

Plaintiffs move to strike defendants' extra-record exhibits (Docs. 96 & 103) and each brief and response that references either of the extra-record exhibits. (Docs. 95, 102, & 104). When reviewing an agency decision, "the court shall review the whole record or those parts of it cited by the party . . . ." 5 U.S.C. § 706. Although this review must be "searching and careful," it is a deferential review and "the court may not 'substitute its judgment for that of the [decisionmaker].' " Moats v. United Mine Workers of America Health and Retirement Funds, 981 F.2d 685, 687 (3d Cir. 1992) (quoting Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402, 416 (1971)).

The Supreme Court held that judicial review of an agency action under NEPA and/or NHPA, generally, must be based solely on the administrative record before the court. See Overton Park, 401 U.S. at 420 (finding that review of an administrative decision "is to be based on the full administrative record that was before the secretary at the time he made his decision"); Don't Ruin Our Park v. Stone, 749 F.Supp. 1388, 1391-92 (M.D.Pa. 1990) (finding that administrative review must be limited "to the administrative record prepared in connection with the FEIS under attack").

However, the court may review extra-record evidence where (1) "the bare record may not disclose the factors that were considered or the [decisionmaker's] construction of the evidence," and (2) where there is a "strong showing of bad faith or improper behavior." Overton Park, 401 U.S. at 420 (hereinafter referred to as the "explanation" and "bad faith" exceptions, respectively). See also Animal Defense Council v. Hodel, 840 F.2d 1432, 1436 (9th Cir. 1988), as amended, 867 F.2d 1244 (9th Cir. 1989) ("discovery may be permitted if supplementation of the record is necessary to explain technical terms or complex subject matter involved in the agency action.").

Defendants contend that the affidavits properly fit within the explanation exception. In support of their argument, Defendants point to other federal courts which have allowed similar extra-record submissions. See, e.g., Sierra Club v. Marsh, 976 F.2d 763, 774 (1st Cir. 1992) ("We are satisfied that the affidavits explain the agencies' decision in the manner contemplated by Camp v. Pitts[, 411 U.S. 138 (1973)]. The affidavits do not contain any 'facts' about the proposed project that are not also included in the EIS and administrative record . . . [they] simply explain why . . . the agencies concluded that the four light-dry industries were the only reasonably foreseeable secondary industrial effects of the proposed port project); Airport Impact Relief, Inc. v. Wykle, 45 F.Supp.2d 89, 99 (D.Mass. 1999) (accepting defendants' affidavits because they "(1) explain what impacts of the changes FHWA considered and (2) explain why FHWA considered

6

those impacts to be insubstantial"), affirmed, 192 F.3d 197 (1st Cir. 1999). Contra Animal Defense Council v. Hodel, 840 F.2d 1432 (9th Cir. 1988), as amended, 867 F.2d 1244 (9th Cir. 1989) (excluding proposed extra-record evidence because "the administrative record and EIS contain adequate information to respond to the allegations. The Council makes no showing that the district court needed to go outside the administrative record . . . .").

Defendants claim that these affidavits are necessary to respond completely to plaintiffs' arguments in support of summary judgment. Specifically, defendants contend:

(1) "[P]laintiffs attempt to discredit defendants' traffic studies by claiming that the extended local road system should have been evaluated in the 1998 traffic analysis (AR-72.) and by claiming for the 2000 traffic analysis (AR-83 at 8.) . . . the traffic model should have been re-run. The Declaration of Jeffery Greene, P.E., simply explains the decisions that were made at the time that these traffic studies were conducted. The affidavit is not, as plaintiffs suggest, a post-hoc rationalization." (Doc. 105, pg. 4).

(2) "Plaintiffs claimed that based on the sale of the entire White parcel to PennDOT, the project will now impact 22 acres of farmlands rather than 6.5 acres as considered in the ROD for the project. To correct this misrepresentation, defendants filed the deed transferring the property to PennDOT which contains a covenant providing that any land not directly impacted by the project could be used only as open space or farmlands." (Doc. 105, pp. 4-5).

(3) "On pages 11 and 12 of their summary judgment brief (docket # 83), plaintiffs devote a paragraph to a coloring book that was contained in the administrative record . . . . [T]he Declaration of Robert McClure is submitted to attest that the coloring book was not provided to the public. (Doc. 110, pp. 5-6).

    (4)    "On pages 17, 18, 23, and 24 of their summary judgment brief (docket # 83), plaintiffs claim that final design activities were completed for the project . . . . Which activities are considered to be preliminary design and final design is a technical issue that warranted explanation. The Declaration of Charles Babcock, P.E., was submitted to attest to the work actually performed by Sheladia for the I-81 interchange project and whether or not that work was considered preliminary design or final design." (Doc. 110, pg. 6).

Plaintiffs have not disputed defendants' assertion that the above referenced explanations and rebuttal evidence contained in the contested affidavits are not addressed in the administrative record. Instead, plaintiffs primarily argue that the affidavits are inadmissible because the court previously ruled that the Overton Park exceptions do not apply to this case.[8] Plaintiffs contend that on October 17, 2001, the court ruled "that extra-record evidence from agency personnel could not be supplemented to the Administrative Record, and that the Record would be limited solely to those documents before the decisionmakers at the time that the decisions were made by the agencies." (Doc. 99, pg. 3). However, plaintiffs mischaracterize the court's October 17, 2001 Order. At that time, the issue before the court was

---

[8] Plaintiffs also make the creative argument that to the extent that the affidavits cite the administrative record they constitute part of defendants' legal briefs and, therefore, defendants have exceeded the page limits imposed by the court and, thus, the affidavits must be stricken. This argument lacks merit. Interestingly, the court notes that substantial portions of plaintiffs' briefs in support of the motions to strike are dedicated to argument in support of their summary judgment motion. See, e.g., Brief in Support of Motion to Strike Agencies' Reply Brief and Extra-Record Affidavits (Doc. 99, pg. 8) ("III. The Attempt to Introduce a Consultant's Affidavit Constitutes and Admission by the Agencies that the Administrative Record Supports the Plaintiffs' Argument That the Impact on Local Roadways from the Interstate Interchange Was Ignored by the Agencies.").

8

whether <u>plaintiffs could supplement</u> the administrative record <u>based on a strong showing of bad faith by the defendant agencies</u> (the bad faith exception). The court did not address other arguments to supplement the record and did not make an overarching conclusion that no extra-record evidence would ever be admissible in this action.[9]

After reviewing the administrative record (which comprises fourteen (14) boxes of evidence), the court finds that the affidavits fit within the explanation exception. See <u>Overton Park</u>, 401 U.S. at 420. Accord <u>Sierra Club v. Marsh</u>, 976 F.2d at 774 (1st Cir. 1992); <u>Airport Impact Relief, Inc. v. Wykle</u>, 45 F.Supp.2d at 99. The court will deny plaintiffs' motions to strike.

### B.   Plaintiffs' Motions for Sanctions

Plaintiffs argue that the court should sanction opposing counsel for submitting the extra-record affidavits of Mr. Babcock, Mr. Greene, Mr. McClure, and Mr. Reynolds. Specifically, plaintiffs argue that the court should assess plaintiffs' attorneys' fees and costs related to the preparation of the instant motions to strike against opposing counsel.

---

[9] Plaintiffs also argue that defendants are foreclosed from submitting explanatory affidavits now because they did not request to do so before the court ruled on plaintiffs' motion for limited discovery. However, the court finds this argument to be unpersuasive. To hold otherwise would require defendants to anticipate every possible argument that plaintiffs may make on summary judgment and move to supplement the record to respond to those arguments before they are made.

The court has discretion to impose sanctions against an attorney who fails to comply with an order of the court. See LR 83.3. Specifically, "If counsel acts in a dilatory manner ... or fails to comply with any rule or order of the court ... the judge may ... assess reasonable costs directly against counsel whose action has obstructed the effective administration of the court's business ...." LR 83.3.1(b).

Plaintiffs argue that by submitting extra-record affidavits, defendants directly violated the court's orders of October 17, 2001 (Doc. 36) and March 1, 2002.[10] (Doc. 54). As discussed infra at § A, the basic premise of this argument is faulty. Plaintiffs characterize those orders as establishing a binding rule of the case that no extra-record evidence is admissible. Plaintiffs contend that opposing counsel violated this rule by submitting the contested extra-record affidavits. The court disagrees.

In the October 17, 2001 Order, the court stated that "[i]t is the second exception, a showing of bad faith, that the parties dispute." (Doc. 35, pg. 6) (emphasis supplied). The court held that plaintiffs had failed to establish "a strong showing of bad faith that warrants allowing discovery outside of the administrative

---

[10] Plaintiffs also advance an argument for sanctions based on the fact that defendants submitted the affidavits without the court first requesting the same. There is a dearth of case law regarding the question of whether the Overton Park exceptions only apply after the court requests further documentation. What case law exists is ambiguous. Although the defendants previously advocated that the court must request such extra-record evidence, the question is sufficiently gray that the court does not believe defendants' conduct warrants sanctions, particularly in light of the court's finding on admissibility of the extra-record affidavits.

record. Therefore, the court will deny Plaintiffs' motion for extra-record discovery." (Doc. 35, pp. 14-15). In that Order, the court mentioned the explanation exception only to note that the parties did not dispute its applicability to plaintiffs' motion for limited discovery. The court did not prohibit the parties from subsequently attempting to produce extra-record evidence based on Overton Park's explanation exception. Defendants have not violated either of the court's previous discovery related orders. The court will deny both of plaintiffs' motions to sanction opposing counsel.

AND NOW, this 6th day of February, 2003, it is hereby ORDERED that:

1. Plaintiffs' motion to strike (Doc. 98) is DENIED;

2. Plaintiffs' motion for sanctions (Doc. 100) is DENIED;

3. Plaintiffs' second motion to strike and for sanctions (Doc. 106) is DENIED; and

4. Plaintiffs' motion to suspend briefing (Doc. 107) is DISMISSED as moot.

CHRISTOPHER C. CONNER
United States District Judge